## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all the MDL actions.

---

Civil Action No. **09-cv-00386-JLK-KMT**

**RONALD J. JANSSEN, Individually and on Behalf of all Others Similarly Situated,**

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.,**

    Defendants.

---

Civil Action No. **09-cv-00525-JLK-KMT**

**HELGA PETERS, Individually and on Behalf of all Others Similarly Situated,**

    Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.,**

    Defendants.

---

Civil Action No. **09-cv-01186-JLK-KMT**

**JULIAN FERGUSON, Individually and on Behalf of all Others Similarly Situated,**

    Plaintiff**,**

v.

**OPPENHEIMERFUNDS, INC., et al.,**

    Defendants.

---

## DEFENDANTS' JOINT STATUS REPORT

Pursuant to the Court's Order of June 10, 2009, Defendants[1] in thirty-two putative class action lawsuits (collectively, the "Actions" and each an "Action") originally pending in seven Federal District Courts submit this Joint Status Report.

## INTRODUCTION

Defendants set forth herein the current status of the twenty-nine Actions filed against seven different Oppenheimer Municipal Bond Funds (collectively, the "Municipal Funds" and each a "Municipal Fund") that are the subject of the June 17, 2009 Order from the Judicial Panel on Multidistrict Litigation ("JPML") creating *In re: Oppenheimer Rochester Funds Group Securities Litigation*, MDL No. 2063 (collectively, the "Municipal Fund Actions").

In addition, Defendants address the status of the three putative class actions pending in this Court against two Oppenheimer fixed income funds: the Oppenheimer Champion Income Fund ("Champion Fund") and the Oppenheimer Core Bond Fund ("Core Fund") (respectively the "Champion Fund Actions" and "Core Fund Action").

---

[1] Defendants include OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., Oppenheimer AMT-Free Municipals, Oppenheimer AMT-Free New York Municipals, Oppenheimer California Municipal Fund, Oppenheimer Multi-State Municipal Trust, Oppenheimer Rochester National Municipals, Oppenheimer New Jersey Municipal Fund, Oppenheimer Pennsylvania Municipal Fund, Rochester Fund Municipals, Scott S. Cottier, Ronald H. Fielding, Daniel G. Loughran, Angelo Manioudakis, John V. Murphy, Brian Petersen, Richard Stein, Brian Szilagyi, Mark S. Vandehey, Troy E. Willis, and Brian W. Wixted (collectively, the "Oppenheimer Defendants") and Oppenheimer Integrity Funds, Oppenheimer Core Bond Fund, John Cannon, Paul Y. Clinton, Thomas W. Courtney, David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Lacy B. Herrmann, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds Jr., Mary Ann Tynan, Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, John S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, and F. William Marshall, Jr. (with the Oppenheimer Defendants, the "Defendants").

As set forth below, Defendants respectfully submit that (i) the Municipal Fund Actions should be maintained as a distinct Multidistrict Litigation ("MDL") proceeding, separate from the Champion Fund Actions and the Core Fund Action; (ii) all of the pending Actions should be consolidated by Fund; (iii) lead plaintiffs and lead counsel should then be selected for each consolidated action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iv) a schedule thereafter devised for filing of consolidated amended complaints and motions to dismiss.

Pursuant to the Court's Second Amended Order of June 25, 2009, Defendants will submit their Joint Position Statement regarding the specifics of a plan for coordination and consolidation of the Actions on July 13, 2009.

## OVERVIEW OF PENDING ACTIONS

OppenheimerFunds, Inc. ("OFI"), OppenheimerFunds Distributor, Inc. ("OFDI"), Oppenheimer AMT-Free Municipals ("AMT-Free Fund"), Oppenheimer AMT-Free New York Municipals ("AMT-Free NY Fund"), Oppenheimer California Municipal Fund ("California Fund"), Oppenheimer Rochester National Municipals ("National Fund"), Oppenheimer New Jersey Municipal Fund ("New Jersey Fund"), Oppenheimer Pennsylvania Municipal Fund ("Pennsylvania Fund"), Rochester Fund Municipals ("Rochester Fund"), two parent entities[2] and a total of thirty-eight individuals are defendants in the Actions that relate to nine distinct mutual funds managed by OFI (collectively, the "Funds" and each a "Fund").

---

[2] Oppenheimer Rochester National Municipals, Oppenheimer New Jersey Municipal Fund and Oppenheimer Pennsylvania Municipal Fund comprise the complete series within the Oppenheimer Multi-State Municipal Trust.  The Core Fund is a series within Oppenheimer Integrity Funds.

Consolidation of the Actions into nine separate consolidated class actions – one per Fund – will promote efficiency while avoiding the standing issues, complexities, potential confusion and extra expense that would result from consolidating Actions against more than one Fund into a single consolidated action.  Substantial additional efficiencies can be achieved through coordination of what likely will be seven related Municipal Fund Actions. Substantive consolidation among any of these Actions, however, would not achieve any greater efficiency but could introduce new complexities and issues.

As an initial matter, the Municipal Fund Actions should be maintained in their current form as a distinct MDL proceeding, separated from the Champion Fund Actions and the Core Fund Action.  Among other things, the fundamental investment objectives, the portfolio managers, and the trustees of the Municipal Funds differ from those of the Champion and Core Funds.  The objective of each Municipal Fund is to generate a high level of tax-exempt interest income by investing in municipal securities.  The objective of the Champion Fund, by contrast, is to invest primarily in high-yield, fixed-income securities and related instruments, while the Core Fund seeks to invest primarily in investment-grade fixed-income securities.  The Municipal Funds are managed by the Rochester Investment Team and overseen by a common group of Trustees.  The Champion and Core Funds, however, are and were managed by a different team of portfolio managers and overseen by a different set of Trustees.  Thus, the Municipal Fund Actions, the Champion Fund Actions, and the Core Fund Action will concern substantially different parties, different investments and investment strategies, different public filings and disclosures, different

portfolio managers, and different legal and factual questions.  Given these significant differences, the Municipal Fund Actions, the Champion Fund Actions, and the Core Fund Actions should not be consolidated.

Within the Municipal Fund Actions, separate consolidated actions should be established with respect to each individual Fund.  Each of the seven different Funds at issue in the Municipal Fund Actions is a separate legal entity, has its own investment portfolio and public filings, was purchased by substantially different groups of investors and performed differently in the marketplace over the varying periods placed at issue by the complaints.  Consistent with these distinctions, all plaintiffs have filed separate Actions, proposed separate lead plaintiffs to represent unique classes of investors, and had begun the process of consolidating actions against the seven individual Funds.  These fundamental distinctions require that, however coordinated for pretrial purposes pursuant to the June 17, 2009 Order issued by the JPML (the "MDL Order"), the Municipal Fund Actions should remain as seven separate cases.   Similar treatment with respect to the Champion Fund and Core Fund Actions is also sensible for the same reasons. Consolidation in this manner will not only avoid the confusion and prejudice that could result if facts and classes relating to one Fund were blurred with another, it will best prepare those Actions that are not terminated before this Court for their eventual transfer back to the appropriate jurisdiction for trial.

**STATUS OF THE ACTIONS:  JPML RULING, PSLRA AND COORDINATION**

**I.      Motion to Transfer for Pre-trial Coordination**

On April 7, 2009, the Oppenheimer Defendants filed a motion to transfer twelve

Actions brought on behalf of investors in three separate Municipal Funds pursuant to 28

U.S.C. §1407.  The JPML transferred the twelve Actions and one tag-along Action[3] to this

Court for pretrial coordination pursuant to the MDL Order.  Of the sixteen remaining Actions,

eight were filed in the District of Colorado.  For the Actions filed outside of this jurisdiction,[4]

the Oppenheimer Defendants have filed or will file Notices of Tag-along Action with the

JPML (a "Tag-Along Notice") requesting that such Actions be considered related and

transferred for pre-trial coordination.  *See* J.P.M.L. Rules 7.4, 7.5.  On June 19, 2009, the

clerk of the JPML issued a Conditional Transfer Order ("MDL CTO") to transfer six of the

eight Actions not currently pending in the District of Colorado to this Court.  Plaintiffs in

those Actions have until July 6, 2009 to oppose the MDL CTO.  If no opposition is filed, the

six Actions will be transferred to the District of Colorado.  According to the clerk of the

JPML, a MDL CTO will be filed for one Action within the next two weeks, triggering the

same transfer process.  Defendants also intend to file a Tag-Along Notice for:  *Lariviere v.*

*Oppenheimer Rochester National Municipals*, No. 09-cv-0228-WS-WCS (N.D. Fla. filed Jun.

26, 2009) (*"Lariviere"*).  When combined with the Actions already pending in this District,

---

[3] The JPML included the *Woods v. Oppenheimer Pennsylvania Municipal Fund* action in the Transfer Order because "all parties to this action . . . stated their position on the matter" in writing and at oral argument.  *See* MDL Order, Doc. # 1.

[4] There is no need to file Tag-Along Notices if the related subsequent Action is filed in the Transferee district. *See* J.P.M.L. Rule 7.5 (a).

Defendants anticipate that all twenty-nine Municipal Fund Actions will be before the Court in a single MDL proceeding within the next forty-five days.

## II.     Implications of the Private Securities Litigation Reform Act

The PSLRA provides for the appointment of a lead plaintiff and lead counsel to prosecute each class action pursuant to a consolidated amended complaint.  Here, all of the Actions are in the early stages of the process contemplated by the PSLRA – no lead plaintiff or lead counsel has been appointed and no consolidated amended complaints have been filed.[5]

The PSLRA provides that the Court should not appoint a lead plaintiff until it has resolved any motions to consolidate pursuant to Federal Rule of Civil Procedure 42(a). *See* 15 U. S. C. § 77z-1(a)(3)(B)(ii); 15 U. S. C. § 78u-4(a)(3)(B)(ii).  Consolidation of complaints is proper "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a).  In securities class actions, consolidation is appropriate where the complaints are based on the same "public statements and reports," there are common questions of law and fact, and the defendants will not be prejudiced.  *Skaggs v. Level 3 Commc'ns, Inc.,* No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 14226, at *3 (D. Colo.

---

[5] Actions brought against five of the Funds (the Core, California, National, New Jersey and Rochester Funds) have a common law firm vying to be appointed lead counsel:  Cohen Milstein Seller & Toll PLLC ("Cohen Milstein").  Although the Oppenheimer Defendants have taken no position as to appointment of lead plaintiff in any of the Actions, the Oppenheimer Defendants oppose Cohen Milstein's appointment as lead counsel for the reasons enumerated in the Oppenheimer Defendants' Response to the Motion of the Rochester National Investor Group for Appointment as Lead Plaintiff and Appointment of Lead Counsel filed with this Court, June 1, 2009. *See* Doc. # 71 in case 09-cv-00550-JLK, also filed as Doc. # 32 in case 09-cv-00706-JLK-KMT, Doc. # 25 in case 09-cv-00927-JLK-KMT, Doc. # 17 in case 09-cv-01042-JLK-KMT, and Doc. # 14 in case 09-cv-01060-JLK.

Feb. 24, 2009); *Mitchell v. Complete Mgmt., Inc.*, No. 99 CIV. 1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999).

> A.   *The Court Should Consolidate The Actions Into Nine Consolidated Actions – One Per Fund*

The Court should consolidate the Actions into nine separate cases – one per Fund. Consolidation in this manner would enable the pleadings, motions, and discovery in each case to focus on the allegations, public filings, investments, witnesses, and investors that are specific to each Fund while still permitting appropriate coordination across Actions to achieve efficiency.  The fact that each Fund was a separate legal entity with its own public statements and investment portfolio,[6] was purchased by a different putative class of investors, and is alleged to have suffered different declines in net asset value, leading to different alleged losses at different times, warrants separate consolidated Actions by Fund to avoid confusion, delay, and possible prejudice.  *See Quade v. Milyard*, No. 07-cv-00229-WYD-MJW, 2009 U.S. Dist. LEXIS 34899, at *5 (D. Colo. Apr. 6, 2009) (vacating previous consolidation order that failed to benefit judicial economy and created "potential for increased confusion, delay and possible prejudice").  For these reasons other courts have consistently found it appropriate to consolidate according to Fund.  *See In re Initial Pub. Offering (IPO) Sec. Lit.*, 277 F.Supp.2d 1375, 1376 (J.P.M.L., 2003) (consolidating more than 1,100 actions into 309 actions according to initial public offering issuer); *Stauth v. National Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1261 (10th Cir. 2001)

---

[6] Although each of the Municipal Funds invests in municipal securities, there is minimal overlap in each Fund's investments in individual securities or bonds, due to each Fund's goal of earning state-specific or locale-specific tax free interest.  In addition, specific investment restrictions vary across Funds.

(consolidating ten securities class actions into two actions, one by defendant's shareholders and one by the noteholders).

Given these differences, consolidation of all Municipal Fund Actions into one case would not promote judicial efficiency and could lead to confusion and added expense. For example, a motion to dismiss in an action involving the California Fund will focus on the allegations and public filings specific to that Fund, while a motion in a Pennsylvania Fund case will focus on the allegations and public disclosures relevant to that Fund. Similarly, expert testimony regarding the alleged losses that the California Fund investors incurred will focus on that fund's performance and not merely replicate testimony regarding the Pennsylvania Fund. Merging the cases involving these two Funds – let alone all seven Municipal Funds – would only lead to more confusion, not less, and possibly prejudice both plaintiffs and defendants. Accordingly, it would be far more efficient for each Municipal Fund to be associated with its own consolidated action. *See Iskowitz v. Cessna Aircraft Co.*, No. 07-cv-00968-REB-CBS, 2009 U.S. Dist. LEXIS 40226, at *6 (D. Colo. Apr. 27, 2009) (courts have broad authority under Rule 42(a), to "consolidate cases essentially for all purposes, including trial, or only for certain limited purposes and proceedings.").

Likewise, the Champion Fund Actions should be consolidated into a single class action, and any subsequently filed Actions against the Core Fund should be consolidated into a separate class action. As with the Municipal Funds, the Champion and Core Funds are separate legal entities with distinct investment objectives. The objective of the Champion Income Fund is to invest primarily in high-yield, fixed income securities and

related instruments.  The 2006, 2007 and 2008 Prospectuses quoted by the Champion

Fund plaintiffs each state that "[u]nder normal market conditions, the Fund invests at least

60% of its total assets in high-yield, lower grade, fixed-income securities, commonly called

'junk' bonds."  The objective of the Core Bond Fund, in contrast, is to invest primarily in

investment grade fixed income securities.  The 2007 and 2008 Prospectuses quoted by the

Core Bond Fund plaintiff provide that "under normal market conditions, the Fund invests at

least 80% of its net assets (plus borrowing for investment purposes) in investment grade

debt securities."  Moreover, the Champion Fund Action plaintiffs are different from the Core

Fund Action plaintiffs.  Each putative class makes allegations, and claims losses, that are

specific to each Fund.

Consolidation by Fund would also simplify the appointment of lead plaintiffs.  Once

the Actions are consolidated, the PSLRA requires the court to appoint the "most adequate

plaintiff" as lead plaintiff for the consolidated actions and provides that "[t]he most adequate

plaintiff shall, subject to the approval of the court, select and retain counsel to represent the

class."  15 U.S.C. § 77z-1(a)(3)(b)(v); 15 U.S.C. § 74u-4(a)(3)(B)(v).  The plaintiffs in the

Actions against each Fund purport to represent only investors in that particular Fund and,

indeed, lack standing to represent shareholders in any other Fund.  *E.g. In re Salomon*

*Smith Barney Mut. Fund Fees Litig.,* 441 F.Supp.2d 579, 604-605 (S.D.N.Y. 2006).  Thus,

combining different Funds into one case would raise difficult issues of standing and of the

need for Fund-specific subclasses.  It also could raise conflicts of interest among plaintiffs

possessing claims against one Fund, but not against others.  Consolidating the Actions by Fund, by contrast, avoids these issues entirely.

Finally, consolidation by Fund will best prepare these Actions, in the event that they are not terminated, for their eventual transfer back to the districts from which they were transferred.  28 U.S.C. § 1407 requires that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 36 (1998) (holding that a transferee court is prohibited from retaining § 1407 cases for trial through a self-transfer under § 1404).  Pursuant to the MDL Panel's order, the Municipal Fund Actions were sent to this Court for pretrial purposes only.  Once pretrial proceedings have been completed, any Actions not previously terminated will be sent back to the district from which they were initially transferred.  28 U.S.C. § 1407.  By respecting the significant differences among the Funds, consolidation by Fund will enable those district courts to best handle the Actions going forward.

B.     *The Municipal Fund Actions Should Not Be Consolidated With The Champion and Core Actions*

The Court should not consolidate the Municipal Fund Actions with the Champion and Core Fund Actions.  These Actions concern Funds with very different objectives, strategies and investments.  Moreover, the individuals responsible for managing the Municipal Funds are different than the individuals responsible for the Core Fund and Champion Fund.  The Municipal Funds are managed on a day-to-day basis by the Rochester Investment Team,

while the Champion and Core funds were and are managed by an entirely separate team of portfolio managers.  Furthermore, the Trustees overseeing the Municipal Funds were and are not the same as the Trustees overseeing the Champion and Core Funds.  Accordingly, both fact and expert discovery will be largely distinct and it would be inappropriate to consolidate cases involving the Municipal Funds, the Champion Fund, and the Core Fund.  *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (consolidation is inappropriate if it leads to inefficiency, inconvenience or unfair prejudice to a party).

## III.    Coordination and Streamlining the Litigation

Defendants support the Court's early efforts to coordinate Actions and streamline the process.  *See* Initial Case Administration Order June 24, 2009.  Once consolidated, the Court will be in a position to appoint lead plaintiffs and lead counsel for each case.  The lead plaintiffs should then file a single consolidated, amended complaint for each Fund that is the subject of each of the consolidated cases.  Defendants currently plan to file motions to dismiss in each of these cases, which will trigger the automatic stay of discovery mandated by the PSLRA.  *See* 15 U.S.C. §§ 77z-1(b)(1).  Defendants submit that if any of the claims survive the motions to dismiss, discovery as to the remaining claims and parties should then be coordinated according to the contours of the cases as they then exist, especially across the Municipal Fund Actions.

Following consolidation and the filing of amended complaints, the parties and the Court will be in a better position to identify efficiencies from coordination across cases.  Initially, it may be possible to achieve efficiencies in the anticipated motion practice, based

on commonalities that emerge in the amended complaints.  Motions focused in part on issues that cut across Funds, perhaps with some form of staggered schedule, may be the most efficient and convenient for the Court and the parties.  The precise nature and timing of that schedule can be best assessed with the operative pleadings at hand.  Defendants' Joint Position Statement will also address potential coordination and efficiency opportunities.

## STATUS OF THE ACTIONS BY FUND

**I.     Municipal Fund Actions**

 *A.     AMT-Free Fund*

There are currently four putative class actions pending against the AMT-Free Fund and affiliated or independent defendants:  *Furman v. Oppenheimer AMT-Free Municipals Fund*, No. 09-cv-02279-WJM-MF (D.N.J. filed May 13, 2009); *Prince v. Oppenheimer AMT-Free Municipals*, No. 09-cv-1243-JLK-KMT (D. Colo. filed May 28, 2009); *Connel v. Oppenheimer AMT-Free Municipals Fund*, No. 09-cv-1447-JLK-KMT (D. Colo. filed June 19, 2009) and *Amato v. OppenheimerFunds Inc.*, No. 09-cv-1510-JLK-KMT (D. Colo. filed June 26, 2009).  The Actions are pending before this Court and the District of New Jersey.  None of the four Actions was included in the original MDL Motion; however, the Oppenheimer Defendants have filed Tag-Along Notices and expect the Action pending in the District of New Jersey to be transferred shortly to the District of Colorado pursuant to the MDL CTO. No lead plaintiff motions have been filed for this Fund in either jurisdiction.

*B.      AMT-Free NY Fund*

There is currently one putative class action pending against the AMT-Free NY Fund and related defendants: *Isaac v. Oppenheimer AMT-Free New York Municipals*, No. 09-cv-4744 (S.D.N.Y. filed May 20, 2009).  The Action is pending before the Southern District of New York.  While not included in the original MDL Motion, the Oppenheimer Defendants have filed a Tag-Along Notice as to this Action and expect it to be transferred shortly to the District of Colorado pursuant to the MDL CTO.  No lead plaintiff motions have been filed for this Fund.

*C.      California Fund*

The four previously consolidated class actions against the California Fund have now been transferred to this Court:  *Rivera v. Oppenheimer California Municipal Fund*, No. 09-cv-1485; *Lowe v. Oppenheimer California Municipal Fund*, No. 09-cv-1484; *Milhem v. Oppenheimer California Municipal Fund*, No. 09-cv-1487; *Tackmann v. OppenheimerFunds, Inc.*, No. 09-cv-1486)).  Lead plaintiff motions were filed in the California Fund Actions.[7]

*D.      National Fund*

There are currently seven putative class actions pending against the National Fund and related defendants:  *Bock v. Oppenheimer Rochester National Municipals*, No. 09-cv-0550-JLK (D. Colo. filed Mar. 13, 2009); *Laufer v. Rochester National Municipals Fund*, No. 09-cv-2433-MGC (S.D.N.Y. filed Mar. 17, 2009); *Stokar v. Oppenheimer Rochester*

---

[7] Pursuant to the Initial Case Administration Order, the fully briefed Lead Plaintiff Motions for the California, National and Rochester Funds have been denied without prejudice and re-filing will await specific instructions to be set forth in the follow-up Case Management Order.  *See* Doc. # 2.

*National Municipals Fund*, No. 09-cv-0706-JLK-KMT (D. Colo. filed Mar. 31, 2009);

*Tackmann v. OppenheimerFunds, Inc.,* No. 09-cv-0927-JLK-KMT (D. Colo. filed Apr. 22,

2009); *Krim v. Oppenheimer Rochester National Municipals Fund*, No. 09-cv-1042-JLK-

KMT (D. Colo. filed May 5, 2009); and *Trueman v. Oppenheimer Rochester National*

*Municipals Fund*, No. 09-cv-1060-JLK-KMT (D. Colo. filed May 6, 2009) and *Lariviere*.  Five

of the seven Actions were filed in the District of Colorado and are pending in this Court.

The sixth case – *Laufer* – was filed in the Southern District of New York, but was included

in the original MDL motion and will be transferred to this Court shortly.  The seventh case –

*Lariviere* – was recently filed in the Northern District of Florida and the Oppenheimer

Defendants intend to file a Tag-Along Notice.

  E.  *New Jersey Fund*

  There are currently four putative class actions pending against the New Jersey Fund

and related defendants:  *Baladi v. Oppenheimer New Jersey Municipal Fund*, No. 09-cv-

1959-WJM-MF (D.N.J. filed Apr. 24, 2009); *Seybold v. Oppenheimer New Jersey Municipal*

*Fund*, No. 09-cv-02144 WJM-MF (D.N.J. filed May 5, 2009); *Trooskin v. The Oppenheimer*

*New Jersey Fund*, No. 09-cv-02418-WJM-MF (D.N.J. filed May 20, 2009); and *Unuane v.*

*Oppenheimer New Jersey Municipal Fund*, No. 09-cv-1406-JLK-KMT (D. Colo. filed June

16, 2009).  The Actions are pending before this Court and the District of New Jersey.

Although not included in the original MDL Motion, the Oppenheimer Defendants have filed

Tag-Along Notices relating to the three Actions in the District of New Jersey and anticipate

that they will be transferred here shortly pursuant to the MDL CTO.  Three lead plaintiff

motions have recently been filed for this Fund in the District of New Jersey.[8]

     *F.    Pennsylvania Fund*

There are currently three putative class actions pending against the Pennsylvania

Fund and related defendants:  *Woods v. Oppenheimer Pennsylvania Municipal Fund*, No.

09-cv-0514-JFC (W.D. Pa. filed Apr. 28, 2009); *Egts v. OppenheimerFunds*, Inc., No. 09-

cv-1368-JLK (D. Colo. filed Jun. 12, 2009); and *Wunderly v. Oppenheimer Pennsylvania*

*Municipal Fund*, No. 09-cv-0772-JFC (W.D. Pa. filed Jun. 15, 2009).  One of these Actions

was filed in this Court, while the other two were filed in federal court in Pennsylvania.

*Woods* is being transferred pursuant to the MDL Order.  Defendants expect the other

Pennsylvania Action – *Wunderly* – to be transferred to this Court shortly pursuant to a MDL

CTO.  No lead plaintiff motions have been filed for this Fund in either jurisdiction.

     *G.    Rochester Fund*

There are currently six putative class actions pending against the Rochester Fund

and related defendants:  *Bernstein v. Rochester Fund Municipals*, No. 09-cv-1479-JLK-

KMT; *Vladimir v. Rochester Fund Municipals*, No. 09-cv-1478-JLK-KMT; *Mershon v.*

*Rochester Fund Municipals*, No. 09-cv-1481-JLK-KMT; *Weiner v. Rochester Fund*

*Municipals*, No. 09-cv-1480-JLK-KMT; *Begley v. Rochester Fund Municipals*, No. 09-cv-

0703-JLK (D. Colo. filed Mar. 30, 2009); and *Stern v. Rochester Fund Municipals*, No. 09-

---

[8] Currently, the date to decide Lead Plaintiff Motions in *Trooskin* has been set for July 20, 2009.  *See Trooskin* Doc. # 5 in D.N.J. case 09-cv-02418-WJM-MF.  The Oppenheimer Defendants presently intend to ask the District of New Jersey to adjourn that date in deference to the MDL Order.

cv-1475-RJD-RML (E.D.N.Y. filed Apr. 9, 2009).  All the Actions except *Stern* have been

transferred to this Court.  The Oppenheimer Defendants have filed a Tag-Along Notice and

expect *Stern* to be transferred shortly to the District of Colorado pursuant to the MDL CTO.

## II.    Fixed Income Fund Actions

### A.    Champion Fund

There are currently two putative class actions pending before this Court involving the

Champion Fund:  *Janssen v. Oppenheimer Funds, Inc.*, No. 09-cv-386 JLK (D. Colo. filed

Feb. 24, 2009); and *Peters v. Oppenheimer Funds, Inc.*, No. 09 -cv-0525-JLK (D. Colo.

filed Mar. 11, 2009).  Lead plaintiff motions have been filed for this Fund.  *See* Doc. # 27 in

case 09-cv-00386-JLK-KMT and Doc. # 24 in case 09-cv-00525-JLK-MEH.

### B.    Core Fund

There is currently one putative class action pending against the Core Fund and

related defendants, *Ferguson v. OppenheimerFunds, Inc.,* No. 09-cv-1186-JLK-KMT (D.

Colo. filed May 22, 2009).  Two lead plaintiff motions have been filed in this Action.  *See*

Doc. # 14 and Doc. # 19 in case 09-cv-01186-JLK-KMT.

## CONCLUSION

Defendants respectfully submit that the twenty-nine Municipal Fund Actions should

be maintained as a distinct MDL and consolidated into seven separate consolidated class

actions before this Court, captioned as the following:

*In Re AMT-Free Municipal Fund*;

*In Re AMT-Free New York Municipal Fund*;

*In Re California Municipal Fund*;

*In Re National Municipal Fund*;

*In Re New Jersey Municipal Fund*;

*In Re Pennsylvania Municipal Fund*; and

*In Re Rochester Fund Municipals*.

Defendants respectfully submit that the two Champion Fund Actions be consolidated and captioned as:  *In Re Champion Fixed Income Fund*.

Additionally, Defendants respectfully submit that any additional complaints filed against the Core Fund be consolidated with the existing complaint in the Core Fund Action and captioned as: *In Re Core Bond Fund.*

DATED this 1st day of July, 2009.

<div style="margin-left:40%">

Respectfully submitted,

*s/ Robert N. Miller*
Robert N. Miller
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO  80202
303-291-2300
303-291-2400 (fax)
rmiller@perkinscoie.com


*s/ William Dodds*
William K. Dodds
Dechert, LLP-New York
1095 Avenue of the Americas
New York, NY 10036
212-698-3500
215-698-3599 (fax)
william.dodds@dechert.com

</div>

Attorneys for Defendants OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., Oppenheimer AMT-Free Municipals, Oppenheimer AMT-Free New York Municipals, Oppenheimer California Municipal Fund, Oppenheimer Multi-State Municipal Trust , Oppenheimer Rochester National Municipals, Oppenheimer New Jersey Municipal Fund, Oppenheimer Pennsylvania Municipal Fund, Rochester Fund Municipals, Scott S. Cottier, Ronald H. Fielding, Daniel G. Loughran, Angelo Manioudakis, John V. Murphy, Brian Petersen, Richard Stein, Brian Szilagyi, Mark S. Vandehey, Troy E. Willis, Brian W. Wixted

*s/ Arthur Aufses*
Arthur H. Aufses, III
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
212-715-9100
212-715-8000 (fax)
aaufses@KRAMERLEVIN.com

Attorneys for Defendants Brian F. Wruble, Clayton K. Yeutter, David K. Downes, Edward V. Regan, Joel W. Motley, John Cannon, Joseph M. Wikler, Kenneth A. Randall, Lacy B. Herrmann, Mary F. Miller, Mary Ann Tynan, Matthew P. Fink, Paul Y. Clinton, Peter I. Wold, Phillip A. Griffiths, Robert G. Galli, Russell S. Reynolds, Jr., Thomas W. Courtney

_s/ Peter Rush_

Peter G. Rush
K&L Gates LLP-Chicago
70 West Madison Street, #3100
Chicago, IL 60602-4207
312-372-1121
312-827-8005 (fax)
peter.rush@klgates.com

Attorneys for Defendants
Oppenheimer Core Bond Fund and Oppenheimer
Integrity Funds, Beverly L. Hamilton, Edward L.
Cameron, F. William Marshall, Jr., George C.
Bowen, Robert G. Avis, Robert J. Malone, Sam
Freedman, William L. Armstrong, Jon S. Fossel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July, 2009, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' JOINT STATUS REPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net

- **Timothy R. Beyer**
  tbeyer@bhfs.com,breinhardt@bhfs.com,rbower@bhfs.com

- **Michael W. Byrne**
  mbyrne@bhfs.com,rbower@bhfs.com,mpincock@bhfs.com

- **Karen Jean Cody-Hopkins**
  kjch@lilleylaw.com,cwilliams@lilleylaw.com

- **Lionel Z. Glancy**
  lglancy@glancylaw.com,info@glancylaw.com

- **Jonathan Krasne Levine**
  jkl@girardgibbs.com,amv@girardgibbs.com

- **Peter George Koclanes**
  pkoclanes@shermanhoward.com

- **Gordon W. Netzorg**
  gnetzorg@shermanhoward.com

- **Robert Bruce Carey**
  rcarey@careylaw.com

- **Charles Walter Lilley**
  clilley@lilleylaw.com

- **Kristin A. Martinez**
  kristin@dyerberens.com

- **Darren A. Natvig**
  dnatvig@irwin-boesen.com

- **Andrei V. Rado**
  arado@milberg.com,MAOffice@milberg.com

- **Christina H.C. Sharp**
  chc@girardgibbs.com,sfs@girardgibbs.com,amv@girardgibbs.com

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com,lisa@shumanlawfirm.com

- **Olimpio Lee Squitieri**
  Lee@sfclasslaw.com

- **Kirk Douglas Tresemer**
  ktresemer@irwin-boesen.com

- **Regina Ames Sandler**
  ras@girardgibbs.com

- **Reed R. Kathrein**
  reed@hbsslaw.com

- **Christopher J. Keller**
  ckeller@labaton.com

| • **Rusty Evan Glenn**<br>  rusty@shumanlawfirm.com | • **Dale R. Harris**<br>  dale.harris@dgslaw.com |
| --- | --- |

I have also served courtesy copies of the foregoing via email or United States Mail, first class postage prepaid, addressed to the following:

**Matthew Lloyd Larrabee:** matthew.larrabee@dechert.com
**Alan Sparer**:  asparer@sparerlaw.com
**Catherine Kowalewski**:  katek@csgrr.com
**Catherine Torell**:  ctorell@cohenmilstein.com
**Daniel Girard**:  deg@girardgibbs.com
**Frank Bottini**:  fbottini@johnsonbottini.com
**Gary Graifman**:  ggraifman@kgglaw.com
**John Grant**:  JohnKG@csgrr.com
**Joseph Kravee**:  jnk@ssem.com
**Nicole Lavallee**:  nlavallee@bermandevalerio.com
**Samuel H. Rudman**:  srudman@csgrr.com
**Steven Toll**:  stoll@cohenmilstein.com

**Jack G. Fruchter**
Abraham, Fruchter & Twersky, LLP
One Penn Plaza
#2805
New York, NY 10119

**Marc Haber**
Sparer Law Group
100 Pine Street
33rd Floor
San Francisco, CA 94111

**Lawrence D. Levit**
Abraham, Fruchter & Twersky, LLP
One Penn Plaza
#2805
New York, NY 10119

**Kevin Harvey Lewis**
Sparer Law Group
100 Pine Street
33rd Floor
San Francisco, CA 94111

**James Shimenga Nabwangu**
Sparer Law Group
100 Pine Street
33rd Floor
San Francisco, CA 94111

**Darren J. Robbins**
Coughlin Stoia Geller Rudman & Robbins, LLP-San Diego
655 West Broadway
#1900
San Diego, CA 92101

**Aaron Michael Sheanin**
Girard Gibbs, LLP
601 California Street
#1400
San Francisco, CA 94108

**David C. Walton**
Coughlin Stoia Geller Rudman & Robbins, LLP-San Diego
655 West Broadway
#1900
San Diego, CA 92101

**Shawn A. Williams**
Coughlin Stoia Geller Rudman & Robbins, LLP-San Francisco
100 Pine Street
#2600
San Francisco, CA 94111

_s/ Robert N. Miller_
Robert N. Miller
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO  80202-1043
Tel:  303.291.2300
Fax:  303.291.2400
Email:  rmiller@perkinscoie.com

Attorneys for Defendants
Attorneys for OppenheimerFunds, Inc.,
OppenheimerFunds Distributor, Inc., Oppenheimer
AMT-Free Municipals, Oppenheimer AMT-Free
New York Municipals, Oppenheimer California
Municipal Fund, Oppenheimer Multi-State
Municipal Trust , Oppenheimer Rochester National
Municipals, Oppenheimer New Jersey Municipal
Fund, Oppenheimer Pennsylvania Municipal Fund,
Rochester Fund Municipals, Scott S. Cottier,
Ronald H. Fielding, Daniel G. Loughran, Angelo
Manioudakis, John V. Murphy, Brian Petersen,
Richard Stein, Brian Szilagyi, Mark S. Vandehey,
Troy E. Willis, Brian W. Wixted