**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This document relates to all the MDL actions.

---

Civil Action No. **09-cv-00386-JLK-KMT**

**RONALD J. JANSSEN, Individually and on Behalf of all Others Similarly Situated,**

     Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.,**

     Defendants.

---

Civil Action No. **09-cv-00525-JLK-KMT**

**HELGA PETERS, Individually and on Behalf of all Others Similarly Situated,**

     Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.,**

     Defendants.

---

Civil Action No. **09-cv-01186-JLK-KMT**

**JULIAN FERGUSON, Individually and on Behalf of all Others Similarly Situated,**

     Plaintiff**,**

v.

**OPPENHEIMERFUNDS, INC., et al.,**

     Defendants.

---

## DEFENDANTS' JOINT POSITION STATEMENT

In advance of the Initial Combined Status and Case Management Conference scheduled for July 15, 2009 in the above-referenced cases, Defendants[1] in 32 putative class action lawsuits (collectively, the "Actions" and each, an "Action") that are or will be pending before this Court have met and conferred and submit this Joint Position Statement pursuant to the Court's Second Amended Order of June 25, 2009.

## INTRODUCTION

Defendants submit this Joint Position Statement to address the initial consolidation and case management issues presented by the 29 Actions filed against seven different Oppenheimer Municipal Bond Funds (collectively, the "Municipal Funds" and each a "Municipal Fund" or "Fund") and the three Actions filed against the Oppenheimer Champion Income Fund ("Champion Fund") and the Oppenheimer Core Bond Fund ("Core Fund") (collectively, the "Fixed Income Funds").  To assist consideration of the issues and views referenced in this statement, Defendants also respectfully submit a proposed consolidation matrix for all of the Actions and a draft case management order, attached hereto as Exhibits A and B, respectively.

---

[1] Defendants include OppenheimerFunds, Inc., OppenheimerFunds Distributor, Inc., Oppenheimer AMT-Free Municipals, Oppenheimer AMT-Free New York Municipals, Oppenheimer California Municipal Fund, Oppenheimer Multi-State Municipal Trust, Oppenheimer Rochester National Municipals, Oppenheimer New Jersey Municipal Fund, Oppenheimer Pennsylvania Municipal Fund, Rochester Fund Municipals, Scott S. Cottier, Ronald H. Fielding, Daniel G. Loughran, Angelo Manioudakis, John V. Murphy, Brian Petersen, Richard Stein, Brian Szilagyi, Mark S. Vandehey, Troy E. Willis, and Brian W. Wixted (collectively, the "Oppenheimer Defendants") and Oppenheimer Integrity Funds, Oppenheimer Core Bond Fund, John Cannon, Paul Y. Clinton, Thomas W. Courtney, David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Lacy B. Herrmann, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Edward V. Regan, Russell S. Reynolds Jr., Mary Ann Tynan, Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter, William L. Armstrong, Robert G. Avis, George C. Bowen, Edward L. Cameron, John S. Fossel, Sam Freedman, Beverly L. Hamilton, Robert J. Malone, and F. William Marshall, Jr. (with the Oppenheimer Defendants, the "Defendants").

On July 10, 2009, 34 law firms filed Plaintiffs' Joint Position Statement ("Plaintiffs'

JPS") with three proposals[2] regarding consolidation, organization of counsel and filing

timelines.[3]  Defendants respectfully suggest that the Court adopt a hybrid approach using

elements of the three competing proposals advanced by the plaintiffs as well as the basic

organizational concepts set forth in Defendants' July 1, 2009 status report.  Specifically,

Defendants propose that the Court:

 i)   consolidate all of the Actions into nine class actions, one for each Fund;

 ii)  maintain the Municipal Fund Actions as a distinct multidistrict litigation
      proceeding (the "MDL Actions"), separate from the Actions filed against the Fixed
      Income Funds (collectively, the "Fixed Income Actions");

 iii) exercise its discretion under the Private Securities Litigation Reform Act of 1995
      (the "PSLRA") to appoint a lead plaintiff for each of the consolidated Actions
      against each Fund;

 iv)  select counsel for all Lead Plaintiffs in a manner that produces the most efficient
      representation practicable for the Actions as a whole; and

 v)   appoint one coordinating Lead and Liaison Counsel in the Municipal Fund
      Actions and one coordinating Lead and Liaison Counsel in the Fixed Income
      Fund Actions.

Defendants further respectfully propose that the Court adopt a process, explained in

Section II below, for filing consolidated and amended complaints ("Consolidated Amended

---

[2] The three proposals are attached to the Plaintiffs' JPS as follows:  Doc. # 65-2 Exhibit A: Joint Statement Of
Position On Consolidation, Appointment Of Lead Plaintiff, And Appointment Of Lead Counsel Pursuant To
Second Amended Order (the "Three Group/Four Lead Counsel Proposal"), Doc. # 65-3 Exhibit B: Plaintiffs'
Proposal For One Lead Counsel And One Liaison Counsel To Efficiently Coordinate Pretrial Proceedings And
An Executive Committee To Provide Unconflicted Representation For All Investors In Each Of The Nine
Oppenheimer Funds (the "Nine Lead Counsel Proposal"), and Doc. # 65-4 Exhibit C:  Proposal Of Coughlin
Stoia Geller Rudman & Robbins LLP (the "Coughlin Proposal").

[3] Defendants currently count forty law firms representing plaintiffs in these Actions.  In addition to the thirty-
two law firms which signed Plaintiffs' JPS, two additional law firms signed the exhibits.  Six law firms
apparently did not participate.

Complaints") by Fund and to ensure that motions to dismiss those complaints efficiently address both the common and Fund-specific issues that will be raised by the consolidated complaints.  Finally, Defendants identify some additional administrative and pretrial issues that can be addressed, as discussed in Section III below.[4]

## ISSUES FOR DISCUSSION

**I.  Consolidation And Organization Of Counsel**

  A.  <u>Areas Where All Or Substantially All Parties Agree</u>

All parties agree that the Actions should be consolidated by Fund at a minimum. Plaintiffs' JPS Doc. # 65 at 5.  Defendants and all plaintiffs' counsel save one agree that further consolidation is not appropriate and agree that one lead plaintiff should be appointed per Fund.  *See generally* Plaintiffs' JPS Exhibit A Doc. # 65-2; Exhibit B Doc. # 65-3.  No plaintiffs have disputed Defendants' proposal to keep the MDL Actions distinct from the Fixed Income Actions.  Defendants and most of the plaintiffs also agree that separate Lead Counsel for each Fund are not necessary and would be very inefficient, so that an executive committee comprised of separate counsel for each Action is unwarranted.  *See generally* Plaintiffs' JPS Exhibit A Doc. # 65-2; Exhibit C Doc. # 65-4. Finally, all parties appear to recognize the need for periodic reporting of time by plaintiffs' counsel.  *See* Plaintiffs' JPS Exhibit A Doc. # 65-2 at 4-5; Exhibit B Doc. # 65-3 at 10-11; Exhibit C Doc. # 65-4 at 2.

---

[4] Defendants' suggestions are made in the spirit of the Court's Second Amended Order directing the filing of this Joint Position Statement.  Doc. # 5 ("Any good idea will get a good look.").  We are not currently in a position to meet and confer with plaintiffs on these issues, as a practical matter, due to the large number of plaintiffs' counsel (40 firms representing putative class plaintiffs), the uncertainty of their roles and the shortness of time since receipt of Plaintiffs' JPS on July 10, 2009.  We are prepared to discuss these and other issues with plaintiffs' counsel as soon as that is practicable.

B.  <u>Defendants' Response To Plaintiffs' Three Proposals</u>

All three proposals attached to Plaintiffs' JPS reflect considerable areas of agreement and some important areas of disagreement, as discussed below.

1.  *The Three Group/Four Lead Counsel Proposal Is Inefficient*

The Plaintiffs' first proposal is that the litigation be divided into three groups of cases: (1) all Municipal Funds Actions other than Actions involving the California and Pennsylvania Funds; (2) the California and Pennsylvania Fund Actions; and (3) the Champion and Core Fund Actions.  Under this proposal, plaintiffs in the first group of Actions would be represented by two sets of lead counsel.  Plaintiffs in each of the second and third groups would be represented by one lead counsel.  Thus, this proposal involves three groups of cases and four lead counsel.  In addition, at least one liaison counsel apparently will be appointed for each group.

Defendants agree with those plaintiffs who have observed that the Three Group Proposal reflects an arbitrary breakdown of the Municipal Fund Actions into two groups based on a review of the current complaints.  The underlying registration statements and other disclosures do not suggest this as a logical breakdown of the Municipal Fund Actions.  Nor do Defendants see any need for four Lead Counsel and three Liaison counsel, which would likely add to the complexity and expense of the litigation.  Finally, it is less than clear that the plaintiffs represented by the law firms sponsoring this proposal will be selected by the Court as Lead Plaintiffs or that the Court will approve these law firms as class counsel for each of the seven Funds.  As Defendants note below, the Court has considerable

discretion in adopting a process to appoint Lead Plaintiff Counsel and in structuring these proceedings.

### 2.   The Nine Lead Counsel Proposal Is Also Inefficient

Plaintiffs' second proposal is that one lead plaintiff (or plaintiff group) be appointed for each of the nine Funds at issue.  One law firm would be appointed as Class Counsel for each of the nine Funds.  One "Coordinating Lead Counsel" would be elected by an Executive Committee of Class Counsel (and approved by the Court) and one Liaison Counsel would be appointed to coordinate the litigation.

This Nine Lead Counsel Proposal is inefficient because it is unnecessary to approve selection of nine distinct counsel and an executive committee.  Although Defendants generally agree with many sentiments in this proposal relating to the _Plaintiffs_, those ideas do not translate to counsel and do not warrant such a large and unwieldy attorney structure. Defendants believe that there are many similarities between Funds, and that therefore one law firm could adequately represent the needs of more than one class.  The Nine Lead Counsel Proposal would unnecessarily lead to more complications and additional unwarranted cost.

### 3.   The Coughlin Proposal Is Imprudent And Illogical

Plaintiffs' final proposal is put forward by Coughlin Stoia Gellar Rudman & Robbins LLP ("Coughlin").  Coughlin proposes that one lead plaintiff be appointed to oversee the filing of one omnibus consolidated amended complaint involving all nine Funds.  Coughlin proposes that one lead counsel – Coughlin – be appointed to represent this single lead plaintiff and to prosecute the entire litigation.  Coughlin recognizes, however, that "at some

point down the line" it may be necessary for "multiple class representatives" to be offered; and that such representatives may need to be paired with designated counsel who would be charged with ensuring that the interests of each "sub-group" are fairly represented.  *See* Plaintiffs' JPS Exhibit C Doc. # 65-4 at 3.

All other parties in the litigation, including Defendants, oppose this proposal because it creates a false sense of efficiency and ignores the PSLRA.  *See* Doc. # 65-4 at 2 n. 3. The PSLRA is clear that the lead plaintiff must represent the class.  The PSLRA dictates that a Court shall appoint as lead plaintiff the party who: (1) has filed the action or made a motion to be considered as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  As stated in Defendants' July 1 Status Report, and acknowledged by all other plaintiffs, in these matters, application of those principles requires that a Lead Plaintiff must be appointed for each consolidated Action against each Fund.  While the Coughlin proposal points out that Lead Plaintiffs and class representatives are not synonymous (in the context of subclasses), here the Actions against each Fund are just that:  separate Actions by different classes against different entities based on alleged misrepresentations and omissions in different public disclosures relating to different securities.  In these circumstances, the law requires different Lead Plaintiffs with standing to assert the claims alleged against each Fund.[5]  In fact, Coughlin tacitly admits this, in acknowledging that

---

[5] *See, e.g.,  Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1221 (W.D. Okla. 2008) ("It is fundamental that in order to adequately allege and ultimately prove facts supporting a plaintiff's standing to bring federal claims based on the purchase of MetLife's mutual funds...a plaintiff must have purchased such products"); *In re Eaton Vance Corp. Sec. Litig.,* 219 F.R.D. 38, 41 (D. Mass. 2003) (plaintiffs have no standing to sue two of four mutual funds because they had not purchased shares of those two funds); *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 119 (D. Mass. 2006) (same).

under its proposal additional class representatives, and counsel, would likely have to be added at a later stage of the proceedings, adding complexity, cost and possible delay.  *See* Plaintiffs' JPS Exhibit C Doc. # 65-4 at 3.  Defendants respectfully submit that this will not turn out to be an efficient or effective way to proceed, for the reasons explained in their July 1 Status Report and in the submissions of all other plaintiffs.

C.  Defendants' Proposal

After the 32 Actions are consolidated into nine class actions by Fund (collectively, the "Consolidated Actions" and each, a "Consolidated Action"), Defendants' hybrid proposal, drawing on the strengths of all of the plaintiffs' respective proposals, suggests that the Court consider: (1) approving significantly fewer than nine counsel to represent the nine Lead Plaintiffs and their classes  ("Class Counsel"); and (2) selecting from among the Class Counsel, one law firm to manage the MDL Actions and one law firm to manage the Fixed Income Actions (collectively the "Lead Counsel").

While the PSLRA requires one Lead Plaintiff for each Consolidated Action, to avoid duplication of effort and unnecessary cost, it would be much more efficient for the Court to approve fewer than nine law firms as selected counsel ("Class Counsel"). [6]  As reflected in the Manual for Complex Litigation, the Court has considerable discretion in deciding how to appoint Class Counsel.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 31.31, at 538 (2009); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000) ("The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court.") (citing *In re Milestone Scientific Sec. Litig.*, 187 F.R.D.

---

[6] At this time, Defendants believe that nine law firms have filed motions for appointment of Lead Plaintiff and Class Counsel (the "Lead Plaintiff Motions") in more than one Action.

165, 176 (D.N.J.1999).  "The legislative history of the PSLRA reveals that Congress wished to encourage the exercise of discretion in approving the selection of lead counsel.").[7]

Currently, there are 40 law firms representing putative class plaintiffs in the Actions. Given many of the similarities among the claims asserted as to the seven Municipal Funds and as to the Fixed Income Funds, certainly nine law firms are not needed and a much smaller number could provide appropriate representation in these Actions.  Defendants' primary interest here is ensuring that the end result enables the Court and parties to litigate the Actions as efficiently as possible.  That goal counsels in favor of the Court appointing significantly fewer than nine law firms to represent Lead Plaintiffs appointed for each Fund Action.

To further increase judicial efficiency, Defendants suggest that the Court follow fairly routine practices in multidistrict litigation proceedings and appoint, with respect to each of the two families of Funds (the Municipal Funds and the Fixed Income Funds) (i) one law firm charged with managing the interests of Class Plaintiffs, minimizing legal fees and facilitating counsels' duty to confer pursuant to Local Rule 7.1(a) (the "Lead Counsel");  and (ii) one law firm charged with essentially administrative matters (the "Liaison Counsel") to

---

[7] District Courts frequently exercise this discretion to take whatever steps are appropriate, based on the facts before them, to ensure that appropriate counsel are selected and approved. *See, e.g., Taubenfeld v. Career Educ. Corp.,* (N.D. Ill. 2004) No. 03 C 8884, 2004 WL 554810, at * 5-6 (N.D. Ill. Mar. 19, 2004) (Appointing lead plaintiff and reserving ruling on lead counsel for further information about the firm and the fee structure); *Mayo v. Apropos Tech. Inc.,* No. 01 C 8406, 2002 WL 193393, at * 5-6 (N.D. Ill. Feb. 7, 2002) (Court approved lead plaintiff but required counsel to brief issues relating to copying of complaints for hearing on approval of lead counsel); *Martin v. Atchison Casting Corp.,* 200 F.R.D. 453, 458 (D. Kan. 2001) (Court gave lead plaintiff 30 days to submit evidence of proper search for counsel); *In re Network Assoc., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1033-35 (N.D. Cal. 1999) (Lead plaintiff approved, but required to seek competitive bids for lead counsel due to concerns about proposed counsel); *Wenderhold v. Cylink Corp.,* 188 F.R.D. 577, 587 (N.D. Cal. 1999) (Court approved lead plaintiff, but held "auction" for lead counsel).

represent plaintiffs in coordinated pretrial proceedings.  The net result would be as follows: (1) a small number of Class Counsel as selected by the Lead Plaintiffs and approved by the Court; and (2) separate Lead and Liaison Counsel for the Mutual Fund and Fixed Income Fund Actions respectively.

In general, Defendants take no position with respect to the approval of any particular law firm as Class Counsel, Lead Counsel or Liaison Counsel.  However, Defendants oppose the appointment of Cohen Milstein Seller & Toll PLLC ("Cohen Milstein") in any of these roles because, under the guise of a PSLRA notice, Cohen Milstein has improperly used private and/or proprietary information that could not have been obtained by valid methods to improperly solicit potential plaintiffs by direct mail.[8]  In addition, other law firms, including some that submitted the Three Group/Four Lead Counsel Proposal with Cohen Milstein,[9] have argued that the lead plaintiffs solicited by Cohen Milstein are inadequate. Cohen Milstein's unethical practices have highlighted the problems of lawyer-led litigation that the PSLRA sought to end.  In whatever process the Court adopts, these issues will have to be addressed.

---

[8] The Oppenheimer Defendants have written letters to Cohen Milstein requesting that they cease and desist and have filed the Oppenheimer Defendants' Response to the Motion of the Rochester National Investor Group for Appointment as Lead Plaintiff and Appointment of Lead Counsel which explains why Cohen Milstein's solicitations are unethical, misleading, damaging and contrary to the PSLRA.  See Doc. # 71 in case 09-cv-00550-JLK, also filed as Doc. # 32 in case 09-cv-00706-JLK-KMT, Doc. # 25 in case 09-cv-00927-JLK-KMT, Doc. # 17 in case 09-cv-01042-JLK-KMT, and Doc. # 14 in case 09-cv-01060-JLK. Defendants will brief this issue more completely as part of the motion process related to the selection of Class Counsel.

[9]. Some of these same law firms have now joined the group of law firms supporting the Three Group/Four Lead Proposal, where Cohen Milstein is the lead signatory.  See Doc. # 30 in case 09-cv-00706-JLK; Doc. #65,75,78 in case 09-cv-00550-JLK-KMT.  It is not clear if those law firms have abandoned their position on Cohen Milstein and its clients and, if so, what led to their change in position.

In sum, Defendants propose that the Court: (i) consolidate all Actions into nine class actions; (ii) maintain the distinction between the Municipal Fund Actions and the Fixed Income Fund Actions; (iii) appoint one Lead Plaintiff under the PSLRA for each of the nine Actions; (iv) approve a much smaller number of law firms as Class Counsel, to maximize efficiency; and (v) appoint one Lead Counsel and one Liaison Counsel for the Municipal Fund and Fixed Income Fund Actions, respectively.

## II.  Consolidated Amended Complaints and Motions to Dismiss

### A.  Consolidated Amended Complaints

Once Lead Plaintiffs and Class Counsel have been appointed and approved by the Court, a Consolidated Amended Complaint should be filed promptly in each Action.  The Plaintiffs' JPS proposes time periods ranging from 30 to 45 days after appointment of counsel, and stipulations by the parties and approved by the Court in four Actions currently provide plaintiffs' counsel 60 days after the Court's order appointing Lead Plaintiff and Class Counsel to file such Complaints.  *See* Doc. # 62 in case 09-cv-00550-JLK; Doc. # 30 in case 09-cv-00703-JLK-KMT; Doc. # 18 in case 09-cv-00927-JLK-KMT; Doc. # 5 in case 09-cv-01186-JLK-KMT.  Fourteen days after the filing of the Consolidated Complaints, the original complaints should be deemed withdrawn unless objections are filed demonstrating good cause for maintaining separate complaints or claims.

### B.  Motions To Dismiss

Defendants intend to file motions to dismiss in all of the Actions, but respectfully submit that filing separate motions to dismiss in each of nine consolidated class actions, either simultaneously or seriatim, would likely waste judicial and party resources.

Therefore, rather than hearing nine motions to dismiss with substantial overlap of legal issues, Defendants suggest the Court hear motions to dismiss, aggregated where practicable according to legal issue, to efficiently take advantage of the commonalities among Funds while respecting the differences between Funds.[10]

Defendants anticipate, based on the current complaints, that the allegations in the Consolidated Amended Complaints against each family of Funds (Municipal and Fixed Income Funds) will have a great deal of commonality.  Generally, Defendants postulate that there will be at least two tracks of aggregated motions to dismiss (collectively, the "Aggregated Motions" and each, an "Aggregated Motion"), one for the Fixed Income Fund Actions and one for the MDL Actions.  Accordingly, rather than having nine repetitive motions to dismiss in each Consolidated Action, Defendants suggest filing Aggregated Motions that will focus on common legal issues, but also are structured in such a way as to allow the Court to address differing applications of the law to each Fund and any Fund-specific allegations that remain in the Consolidated Amended Complaints.  To accomplish this goal, in light of the fact that Consolidated Amended Complaints have yet to be filed and there are differences between the two families of Funds and across the individual nine Funds, Defendants respectfully submit that the Court set a status conference twenty-one days after the deadline for filing the Consolidated Complaints.  In advance of the status conference and after conferring with Plaintiffs' Counsel, Defendants will review the

---

[10] There is precedent for aggregated motions for purposes of efficiency.  *See In re Initial Pub. Offering Sec. Litig.,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003) (after consolidating over one thousand cases into 309 consolidated class actions, this opinion ruled on an omnibus motion across all the consolidated actions).

Consolidated Amended Complaints and submit a more detailed proposed plan on how to organize and aggregate the motions to dismiss as well as a proposed briefing schedule.

## III. Other Administrative and Pretrial Issues

### A. Common Interest Doctrine

Cooperation among Counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, Defendants submit that the Court should confirm that communication of information among Plaintiffs' Counsel and among Defendants' Counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine, and no such communication shall be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff.

### B. Later-Filed Actions

Any Orders of pretrial consolidation should apply automatically to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims against the nine Funds.

### C. Remand to Transferor District

Defendants request that the Court acknowledge that, at the appropriate juncture, the parties may request the remand of one or more of the Actions to the transferor court pursuant to *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

### D. Choice of Law

Where jurisdiction is based on a federal question, the court should apply the law of the transferee court.  *In re Independent Serv. Orgs. Antitrust Litig.*, No. MDL-1021,1998 U.S. Dist. LEXIS 20505, at * 7 (D. Kan. Dec. 31, 1998) ("A single interpretation of federal

law, to all cases in this multi-district litigation, will promote the goals of uniformity and judicial efficiency.  Congress surely did not intend that a single judge would apply the case law of every different circuit court, depending on where each plaintiff in multi-district litigation initially filed suit.").

### E.  Stay Of Discovery

Whereas the Actions assert claims under the federal securities laws that are subject to the PSLRA and Defendants have stated their intention to file motions to dismiss, a discovery stay will be triggered under the PSLRA.  15 U.S.C. § 77z-1(b)(1); 15 U.S.C. § 78u-4(b)(3)(B).

### F.  No Waiver of Defenses

Defendants respectfully submit that they do not waive any jurisdictional or other defense nor concede that the Consolidated Amended Complaints will relate back to the filing of any complaint in any action now coordinated before the Court or subsequently transferred to the Court.  Defendants also submit that any follow-up case management order be made without prejudice to the right of any party to seek severance of any claim or Action.

### G.  Proposed Follow-Up Case Management Order

Defendants respectfully submit herewith a draft follow-up case management order (the "Draft Order") for discussion and to expedite the efficient resolution of this litigation, attached as Exhibit B.  The Draft Order is a sample document intended to assist the Court and the Parties in structuring the discussion and expediting the management of all the Actions and Counsel.  Defendants are willing to confer with Plaintiffs on any or all issues

found in the Draft Order.

DATED this 13th day of July, 2009.

Respectfully submitted,

*s/ Robert N. Miller*
Robert N. Miller
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO  80202
303-291-2300
303-291-2400 (fax)
rmiller@perkinscoie.com

*s/ William Dodds*
William K. Dodds
Matthew L. Larrabee
Dechert, LLP-New York
1095 Avenue of the Americas
New York, NY 10036
212-698-3500
215-698-3599 (fax)
william.dodds@dechert.com

Attorneys for Defendants OppenheimerFunds, Inc.,
OppenheimerFunds Distributor, Inc., Oppenheimer
AMT-Free Municipals, Oppenheimer AMT-Free
New York Municipals, Oppenheimer California
Municipal Fund, Oppenheimer Multi-State
Municipal Trust , Oppenheimer Rochester National
Municipals, Oppenheimer New Jersey Municipal
Fund, Oppenheimer Pennsylvania Municipal Fund,
Rochester Fund Municipals, Scott S. Cottier,
Ronald H. Fielding, Daniel G. Loughran, Angelo
Manioudakis, John V. Murphy, Brian Petersen,
Richard Stein, Brian Szilagyi, Mark S. Vandehey,
Troy E. Willis, Brian W. Wixted

_s/ Arthur Aufses_
Arthur H. Aufses, III
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
212-715-9100
212-715-8000 (fax)
aaufses@KRAMERLEVIN.com

Attorneys for Defendants Brian F. Wruble, Clayton K. Yeutter, David K. Downes, Edward V. Regan, Joel W. Motley, John Cannon, Joseph M. Wikler, Kenneth A. Randall, Lacy B. Herrmann, Mary F. Miller, Mary Ann Tynan, Matthew P. Fink, Paul Y. Clinton, Peter I. Wold, Phillip A. Griffiths, Robert G. Galli, Russell S. Reynolds, Jr., Thomas W. Courtney

_s/ Peter Rush_
Peter G. Rush
K&L Gates LLP-Chicago
70 West Madison Street, #3100
Chicago, IL 60602-4207
312-372-1121
312-827-8005 (fax)
peter.rush@klgates.com

Attorneys for Defendants
Oppenheimer Core Bond Fund and Oppenheimer Integrity Funds, Beverly L. Hamilton, Edward L. Cameron, F. William Marshall, Jr., George C. Bowen, Robert G. Avis, Robert J. Malone, Sam Freedman, William L. Armstrong, Jon S. Fossel

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2009, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' JOINT POSITION STATEMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com
- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net
- **Timothy R. Beyer**
  tbeyer@bhfs.com,breinhardt@bhfs.com,rbower@bhfs.com
- **Stephen D. Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com
- **Michael W. Byrne**
  mbyrne@bhfs.com,rbower@bhfs.com,mpincock@bhfs.com
- **Robert Bruce Carey**
  rcarey@hbsslaw.com,agostnell@careylaw.com,rob.carey@att.net
- **Jeffrey A. Chase**
  jchase@jcfkk.com,vlsanders@jcfkk.com
- **Karen Jean Cody-Hopkins**
  kjch@lilleylaw.com,cwilliams@lilleylaw.com
- **William K. Dodds**
  william.dodds@dechert.com,luis.lopez@dechert.com
- **Alan I. Ellman**
  aellman@labaton.com,electroniccasefiling@labaton.com
- **Paul J. Geller**
  pgeller@csgrr.com,e_file_fl@csgrr.com
- **Daniel Charles Girard**
  dcg@girardgibbs.com,sfs@girardgibbs.com
- **Lionel Z. Glancy**
  lglancy@glancylaw.com,info@glancylaw.com
- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com
- **Gary S. Graifman**
  ggraifman@kgglaw.com,ccornfield@kgglaw.com
- **Barbara Ann Grandjean**
  bgrandjean@jcfkk.com,lchandler@jacobschase.com
- **Marc C. Haber**
  mhaber@sparerlaw.com

- **Dale R. Harris**
  dale.harris@dgslaw.com,patricia.henson@dgslaw.com
- **Reed R. Kathrein**
  reed@hbsslaw.com,sf_filings@hbsslaw.com
- **Seth Alan Katz**
  skatz@burgsimpson.com,bgeorge@burgsimpson.com
- **Christopher J. Keller**
  ckeller@labaton.com,ejo@labaton.com,aellman@labaton.com,electroniccasefiling@labaton.com
- **Peter George Koclanes**
  pkoclanes@shermanhoward.com,cgreen@shermanhoward.com,efiling@sah.com,fnejeidi@shermanhoward.com
- **Matthew L. Larrabee**
  matthew.larrabee@dechert.com,will.rehling@dechert.com,reginald.zeigler@dechert.com,alice.jensen@dechert.com,muriel.korol@dechert.com,david.burkhart@dechert.com
- **Jonathan Krasne Levine**
  jkl@girardgibbs.com,amv@girardgibbs.com
- **Lawrence D. Levit**
  llevit@aftlaw.com
- **Kevin Harvey Lewis**
  klewis@sparerlaw.com
- **Charles Walter Lilley**
  clilley@lilleylaw.com
- **Kristin A. Martinez**
  kristin@dyerberens.com
- **James S. Nabwangu**
  jnabwangu@sparerlaw.com
- **Darren A. Natvig**
  dnatvig@irwin-boesen.com
- **Gordon W. Netzorg**
  gnetzorg@shermanhoward.com,cdias@shermanhoward.com,efiling@shermanhoward.com,cdoering@shermanhoward.com
- **Charles J. Piven**
  piven@browerpiven.com
- **Andrei V. Rado**
  arado@milberg.com,MAOffice@milberg.com
- **Darren J. Robbins**
  darrenr@csgrr.com,e_file_sd@csgrr.com
- **Samuel H. Rudman**
  srudman@csgrr.com,dgonzales@csgrr.com
- **Peter G. Rush**
  peter.rush@klgates.com,melissa.neubeck@klgates.com

- **Regina Ames Sandler**
  ras@girardgibbs.com,amv@girardgibbs.com
- **Christina H.C. Sharp**
  chc@girardgibbs.com,sfs@girardgibbs.com,amv@girardgibbs.com
- **Aaron Michael Sheanin**
  amv@girardgibbs.com
- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com,lisa@shumanlawfirm.com
- **Alan W. Sparer**
  asparer@sparerlaw.com,playzer@sparerlaw.com
- **Olimpio Lee Squitieri**
  Lee@sfclasslaw.com,cathy@sfclasslaw.com
- **Steven J. Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com
- **Kirk Douglas Tresemer**
  ktresemer@irwin-boesen.com
- **Anne Marie Vu**
  avu@milberg.com,MAOffice@milberg.com
- **Joseph H. Weiss**
  jweiss@weisslurie.com,infony@weisslurie.com

I have also served courtesy copies of the foregoing via email or United States mail, first class postage prepaid, addressed to the following:

| | |
|---|---|
| **Arthur H. Aufses, III**<br>aaufses@KRAMERLEVIN.com<br>**Frank Bottini**<br>fbottini@johnsonbottini.com<br>**Gary Graifman**<br>ggraifman@kgglaw.com<br>**John Grant**<br>JohnKG@csgrr.com<br>**Catherine Kowalewski**<br>katek@csgrr.com | **Joseph Kravee**<br>jnk@ssem.com<br>**Nicole Lavallee**<br>nlavallee@bermandevalerio.com<br>**Samuel H. Rudman**<br>srudman@csgrr.com<br>**Catherine Torell**<br>ctorell@cohenmilstein.com |

**Jack G. Fruchter**
Abraham, Fruchter & Twersky, LLP
One Penn Plaza
#2805
New York, NY 10119

**Phillip Kim**
Rosen Law Firm, P.A. P.C.-New York
350 5th Avenue
#5508

New York, NY 10118

**David A. Kotler**
Dechert LLP-Princeton
902 Carnegie Center
#500
Princeton, NJ 08540-6531

**Matthew D. Pearson**
Berman DeValerio-San Francisco
425 California Street
#1200
San Francisco, CA 94104-2205

**Mark D. Smilow**
Weiss & Lurie
551 5th Avenue
New York, NY 10176

**Joseph J. Tabacco, Jr**
Berman DeValerio-San Francisco
425 California Street
#1200
San Francisco, CA 94104-2205

**David C. Walton**
Coughlin Stoia Geller Rudman & Robbins, LLP-San Diego
655 West Broadway
#1900
San Diego, CA 92101

**Shawn A. Williams**
Coughlin Stoia Geller Rudman & Robbins, LLP-San Francisco
100 Pine Street
#2600
San Francisco, CA 94111

*s/ Robert N. Miller*
Robert N. Miller
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO  80202-1043
Tel:  303.291.2300
Fax:  303.291.2400
Email:  rmiller@perkinscoie.com

Attorneys for Defendants
Attorneys for OppenheimerFunds, Inc.,
OppenheimerFunds Distributor, Inc., Oppenheimer
AMT-Free Municipals, Oppenheimer AMT-Free
New York Municipals, Oppenheimer California
Municipal Fund, Oppenheimer Multi-State
Municipal Trust , Oppenheimer Rochester National
Municipals, Oppenheimer New Jersey Municipal
Fund, Oppenheimer Pennsylvania Municipal Fund,
Rochester Fund Municipals, Scott S. Cottier,
Ronald H. Fielding, Daniel G. Loughran, Angelo
Manioudakis, John V. Murphy, Brian Petersen,
Richard Stein, Brian Szilagyi, Mark S. Vandehey,
Troy E. Willis, Brian W. Wixted

13503453.4