**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all the MDL actions.

**DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S
MOTION TO DISMISS**

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by its attorneys, Davis & Ceriani, P. C., respectfully moves the Court to dismiss, with prejudice, all claims asserted against MassMutual in this MDL proceeding. As grounds, MassMutual states:

**SUMMARY OF ARGUMENT**

(a) Plaintiffs' claims against MassMutual are predicated upon the assertion that MassMutual is a "controlling person" of one or more other Defendants and is therefore vicariously liabile for these other Defendants' alleged wrongful conduct. There is, however, no need for this Court to even reach Plaintiffs' "control person" claims against MassMutual, since Plaintiffs have failed to plead cognizable claims—a "primary violation"—against the Defendants allegedly "controlled." For all of the reasons set forth in Defendants' Joint Brief in Support of Defendants' Motion to Dismiss the Consolidated Complaints (the "Consolidated Brief") and Defendants' Joint Brief in support of Defendants' Motion to Dismiss the California and Pennsylvania Complaints (the "Cal-Pa Brief"), which arguments and citations of authority are adopted, re-asserted and incorporated herein by MassMutual, Plaintiffs have failed to allege a cognizable primary violation

and, accordingly, Plaintiffs' "control person" claims are moot and should be dismissed with prejudice; and

  (b) even if this Court were to conclude that Plaintiffs have asserted a cognizable primary violation against one or more of the other Defendants, the Section 15 claims against MassMutual should still be dismissed because:

    (i) Plaintiffs' claims are barred by the applicable statute of limitations; and

    (ii) Plaintiffs do not—because they cannot—allege that the relationship between MassMutual and such other Defendants satisfies the legal requirement for imposition of "control person" liability.

## ARGUMENT

**A.** **The Claims against MassMutual are Barred by the Statute of Limitations:**

The claims against MassMutual should be dismissed because they are barred by the statute of limitations. As initially filed, starting in February 2009, Plaintiffs' Complaints do not name, and assert no claims against, MassMutual. Plaintiffs first asserted claims against MassMutual on January 15, 2010, when they filed their Consolidated Complaints. Plaintiffs admit in those same Complaints, however, that "the truth" of the Funds' undisclosed risks was "revealed" on October, 21, 2008, when the Supplemental Disclosure was issued.[1] Accordingly, Plaintiffs waited significantly **more** than one year after the "truth" emerged to assert any claims against MassMutual.

Initially, MassMutual agrees with and adopts the arguments and citations of authority contained in the Consolidated Brief that Plaintiffs' primary violation claims against the other

---

[1] AMT-Free Compl. ¶6; AMT-Free NY Compl. ¶6; Nat'l Compl. ¶6; NJ Compl. ¶6; Pa. Compl. ¶ 10; Rochester Compl. ¶6; *see also* Cal. Compl. ¶76.

Defendants are time barred (which means, of course, that the control person claims against MassMutual are also time barred). However, even if the Court were to conclude that one or more of the primary violation claims are not barred, the "control person" claims against MassMutual should still be dismissed, with prejudice, because they were not brought within the one-year statute of limitations set forth in 15 U.S.C. §77m.

With respect to the "control person" claims against MassMutual, this Court need not analyze whether and to what extent Plaintiffs were on "inquiry notice." As noted above, Plaintiffs themselves acknowledge they had actual knowledge when the "truth emerged" in October 2008, some 16 months before claims were asserted against MassMutual. Accordingly, the claims against MassMutual are barred by the running of the statute of limitations and should be dismissed with prejudice.[2]

**B.     Plaintiffs Fail to Adequately Plead that MassMutual was a "Control Person":**

Plaintiffs do not allege that MassMutual, or any employee or agent of MassMutual, participated in or was involved in any wrongful conduct whatsoever. Likewise, Plaintiffs do not allege that MassMutual, or any employee or agent of MassMutual, influenced or even attempted to influence the business activities and day to day operations of any other Defendant (there are, for example, no allegations of common officers or interlocking directorships or the dictation, by MassMutual, of investment policies or marketing practices). Finally and perhaps most tellingly,

---

[2] It is possible Plaintiffs will argue that their assertion of claims against MassMutual in 2010 "relates back" to the filing of their original Complaints. The relation back doctrine does not, however, help Plaintiffs here. Fed.R.Civ.P. 15(c) controls whether an amended complaint relates back to the filing of the original complaint. *Powers v. Graff*, 148 F.3d 1223, 1225 (11th Cir. 1998). Because Plaintiffs here did not join MassMutual to correct the mistaken *identity* of a party, there is no relation back. *Krupski v. Costa Cruise Lines, N.V., LLC,* 330 Fed.App. 892, 895 (11th Cir. 2009); *Miller v. Calvin*, 647 F.Supp. 199, 201-02 (D. Colo. 1985).

Plaintiffs do not allege that MassMutual, or any employee or agent of MassMutual, was even *aware of*, let alone "controlled," what Plaintiffs now contend was wrongful conduct. All that is alleged in the broadest of conclusory terms is that "through its wholly owned subsidiary, Oppenheimer Acquisition Corp., MassMutual *owns and controls* Oppenheimer Funds and is the ultimate parent of OppenheimerFunds."

Ignoring that Oppenheimer Acquisition Corp., which Plaintiffs acknowledge lies between MassMutual and Oppenheimer Funds, is not a party to this proceeding, there is no allegation that MassMutual exerted any control or influence over the day to day operations of Opperheimer Funds. Plaintiffs' failure to "point to facts" which indicate that MassMutual possessed this requisite level of "control" is fatal to their claims. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d, 1083, 1108 (10th Cir. 2003) ("assertion that a person was a member of a corporation's board of directors, without any allegation that the person individually exerted control or influence over the day-to-day operations of the company does not suffice to support an allegation that the person is a control person"); *see also In re: Worldcom, Inc.*, 2004 WL 1097786 (S.D.N.Y. 2004) (dismissing Section 15 claims against holding company defendants).

## CONCLUSION

For the reasons discussed above, MassMutual respectfully requests that the Court dismiss Plaintiffs' Complaints with prejudice.

DATED this 5th day of April, 2010.

        Respectfully submitted,

        DAVIS & CERIANI, P.C.

        _s/Patrick J. Kanouff_____
        Patrick J. Kanouff
        Gary J. Ceriani
        1350 17th Street, Suite 400
        Denver, Colorado 80202
        (303) 534-9000

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing was filed with this Court on April 5, 2010 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

        _s/Julie Boom_____
        Julie Boom