**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This document relates to all of the MDL actions.

---

**OPPOSITION TO DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY'S MOTION TO DISMISS**

---

**TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................ 1

I. LEAD PLAINTIFFS HAVE PROPERLY STATED CLAIMS FOR RELIEF AGAINST MASSMUTUAL ..................................................................................... 1

    A. Lead Plaintiffs Have Properly Alleged Control Person Liability as to MassMutual................................................................................................. 1

    B. Lead Plaintiffs' Claims Against MassMutual Were Timely Filed ......................... 4

        1. The Requirements of Rule 15(c)(1)(B) Are Satisfied In This Action................................................................................................... 4

        2. MassMutual Presumptively Received Timely Notice of the Filing of the Actions ....................................................................................... 5

        3. MassMutual Knew Or Should Have Known That But For Lead Plaintiffs' Mistake It Would Have Been Named as a Defendant .............. 6

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Kinder-Morgan, Inc.*,
   340 F.3d 1083 (10th Cir. 2003) ...................................................................................2, 3

*Andrews v. Lakeshore Rehab. Hosp.*,
   140 F.3d 1405 (11th Cir. 1998) ..........................................................................................5

*Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*,
   735 F. Supp. 587 (S.D.N.Y. 1990)......................................................................................2

*DiPaolo v. Moran*,
   407 F.3d 140 (3d Cir. 2005)................................................................................................8

*Garrett v. Fleming*,
   362 F.3d 692 (10th Cir. 2004) ............................................................................................7

*Goodman v. PraxAir, Inc.*,
   494 F.3d 458 (4th Cir. 2007) ......................................................................................6, 7, 8

*Krupski v. Costa Crociere, S.p.A.*,
   130 S. Ct. 1133 (2010).........................................................................................................7

*Krupski v. Costa Cruise Lines, N.V.*,
   330 Fed. Appx. 892 (11th Cir. 2009)...............................................................................7, 8

*Latson v. Ethicon, Inc.*,
   No. 08-CV-581, 2009 WL 3837889 (N.D. Ill. Nov. 13, 2009) ..................................................5

*Maher v. Durango Metals, Inc.*,
   144 F.3d 1302 (10th Cir. 1998) ......................................................................................2, 3

*Royal Alliance Assocs. v. Branch Ave. Plaza, L.P.*,
   587 F. Supp. 2d 729 (E.D. Va. 2008) .................................................................................2

*In re Taxable Mun. Bonds Litig.*,
   Civ. A. MDL No. 863, 1992 WL 165679 (E.D. La. July 2, 1992)............................................2

*In re Worldcom, Inc., Sec. Litig.*,
   No. 02-CV-3288, 2004 WL 1097786 (S.D.N.Y. May 19, 2004) ..............................................3

**STATUTES**

Fed. R. Civ. P. 7.1(a)(1) ..................................................................................................................8

Fed. R. Civ. P. 11(c) ......................................................................................................................8

Fed. R. Civ. P. 15(c) ............................................................................................................ *passim*

JPML Rule 5.3 ................................................................................................................................8

Lead Plaintiffs respectfully submit the following joint brief in opposition to Defendant Massachusetts Mutual Life Insurance Company's ("MassMutual") Motion to Dismiss (Docket No. 284).

Lead Plaintiffs have alleged claims for control person liability pursuant to Section 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77o, against MassMutual, on the grounds that MassMutual controls its subsidiary, OppenheimerFunds, Inc., against whom Lead Plaintiffs have alleged primary liability under Sections 11 and 12(a)(2) of the Securities Act, 15 U.S.C. §§ 77k and 77l. MassMutual argues that the claims against it should be dismissed because: (a) Lead Plaintiffs have failed to properly allege control person liability as to MassMutual and (b) the claims are untimely. MassMutual is wrong on both counts.

## ARGUMENT

### I. LEAD PLAINTIFFS HAVE PROPERLY STATED CLAIMS FOR RELIEF AGAINST MASSMUTUAL

#### A. Lead Plaintiffs Have Properly Alleged Control Person Liability as to MassMutual

MassMutual argues that Lead Plaintiffs' Section 15 control person claims must be dismissed because the Complaints do not allege that MassMutual employees or agents participated in the primary violation alleged in this case or that they influenced the day-to-day operations of Defendant OppenheimerFunds. MassMutual's argument is predicated on a fundamental misapprehension of controlling Tenth Circuit law.

Lead Plaintiffs have properly pleaded a primary violation of Sections 11 and 12(a)(2) of the Securities Act against OppenheimerFunds.[1] The only other requirement for pleading a control person claim is "'control' over the primary violator by the alleged controlling person." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998) (citation omitted).  In this regard, Lead Plaintiffs have alleged that OppenheimerFunds is an indirect wholly-owned subsidiary of MassMutual.[2] This fact alone is sufficient to establish MassMutual's status as a control person of OppenheimerFunds.  *See*, *e.g.*, *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1108 (10th Cir. 2003); *In re Taxable Mun. Bonds Litig.*, Civ. A. MDL No. 863, 1992 WL 165679, at *1 (E.D. La. July 2, 1992) (allegation of relationship between parent and controlled person sufficient to state a control person claim); *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 735 F. Supp. 587, 591 (S.D.N.Y. 1990) (control person liability properly alleged because as the sole shareholder of the subsidiary, the parent corporation "had the potential power to influence and direct the activities of" its subsidiary).

In addition, OppenheimerFunds, in its current Form ADV (Uniform Application for Investment Advisor Registration) filed with the SEC, states that MassMutual has the power to direct or cause the direction of the management or policies of OppenheimerFunds, whether through ownership of securities, by contract or otherwise, and Lead Plaintiffs have so pleaded.[3] The fact that this admission is in an SEC filing is conclusive evidence of its truth, *see, e.g., Royal Alliance Assocs. v. Branch Ave. Plaza, L.P.*, 587 F. Supp. 2d 729, 732-33 & n.4 (E.D. Va. 2008)

---

[1]  *See* Lead Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, filed concurrently herewith.
[2]  AMT-Free Compl. ¶17; AMT-Free NY Compl. ¶15; Nat'l Compl. ¶17; NJ Compl. ¶15; Pa. Compl. ¶48; Rochester Compl. ¶17; Cal. Compl. ¶37.
[3]  AMT-Free Compl. ¶17; AMT-Free NY Compl. ¶15; Nat'l Compl. ¶17; NJ Compl. ¶15; Pa. Compl. ¶48; Rochester Compl. ¶17; Cal. Compl. ¶37.

(statements made in a Form ADV are "conclusive evidence of their truth"), and, moreover, MassMutual has not alleged otherwise.

MassMutual's assertion that Lead Plaintiffs must also plead MassMutual's participation in the primary violation is contradicted by controlling Tenth Circuit authority. In *Maher*, the court stated that the Tenth Circuit has:

> expressly "rejected those decisions that may be read to require a plaintiff to show the defendant actually or culpably participated in the primary violation." Rather, once the plaintiff establishes the *prima facie* case, the burden shifts to the defendant to show lack of culpable participation or knowledge.

144 F.3d at 1305 (quoting and citing *First Interstate Bank, N.A. v. Pring*, 969 F.2d 891, 897 (10th Cir. 1992); and *San Francisco-Okla. Petro. Exploration Corp. v. Carstan Oil Co.*, 765 F.2d 962, 964 (10th Cir. 1985)).

MassMutual cites two cases in support of its argument, *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083 (10th Cir. 2003), and *In re Worldcom, Inc., Sec. Litig.*, No. 02-CV-3288, 2004 WL 1097786 (S.D.N.Y. May 19, 2004), but they are not on point. Mass Mut. Br. at 4. *Adams* held that a director, standing alone, lacks sufficient power to control a company and is not, therefore, a control person within the meaning of the federal securities laws. 340 F.3d at 1108. This is far different from alleging a parent-subsidiary relationship, confirmed in an SEC filing. In *Worldcom*, the court applied the more stringent Second Circuit standard for pleading Section 15 liability, which requires evidence of culpable participation by the control person as an element of the claim. *Worldcom*, 2004 WL 1097786, at * 2. Here, however, under governing Tenth Circuit law, culpable participation is *not* an element that must be pleaded in order to state a claim for Section 15 liability.

Thus, Lead Plaintiffs have properly alleged control person liability as to MassMutual.

### B.     Lead Plaintiffs' Claims Against MassMutual Were Timely Filed

MassMutual argues that the claims asserted against it are time-barred because they were filed on January 15, 2010, more than one year after a prospectus supplement (the "Prospectus Supplement") dated October 21, 2008. According to MassMutual, Lead Plaintiffs have acknowledged that the Prospectus Supplements triggered their knowledge of the underlying claims, *see* MassMut. Br. at 2 n.1 (citing Complaints), and that Lead Plaintiffs therefore did not timely assert their claims. MassMutual, however, is wrong because the relation-back doctrine of Rule 15(c)(1) of the Federal Rules of Civil Procedure applies.

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure allows the naming of a new party to relate back to the time the original complaint was filed "if [a] Rule 15(c)(1)(B) is satisfied and . . . the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Here, each of these requirements is satisfied.

#### 1.     The Requirements of Rule 15(c)(1)(B) Are Satisfied In This Action

The sole requirement of Rule 15(c)(1)(B) is that "the amendment asserts a claim . . . that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). There is no doubt this requirement is satisfied. Indeed, MassMutual has not argued that the claims asserted in the Complaints arise out of misconduct other than that alleged in the original pleadings.

### 2. MassMutual Presumptively Received Timely Notice of the Filing of the Actions

Where a wholly-owned subsidiary (*i.e.*, OppenheimerFunds) is named in the original pleading, the parent company (*i.e.*, MassMutual) is deemed to have had notice of the claims. *See Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1408 n.5 (11th Cir. 1998) ("Under the law of this circuit, if LSSI [the originally-named defendant subsidiary] had notice of Plaintiff's Complaint, then HealthSouth, as the 100% owner of LSSI, is deemed to have had notice for purposes of Rule 15(c)(3).") (citing *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253, 1258 (11th Cir. 1983); *Marks v. Prattco, Inc.,* 607 F.2d 1153, 1156-57 (5th Cir. 1979)). As the Tenth Circuit stated in *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*:

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. This purpose is not furthered by giving Rule 15 lip service rather than full fealty. *Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced.*

382 F.2d 103, 105-06 (10th Cir. 1967) (internal citation and quotation marks omitted) (emphasis added).

Moreover, although the parent-subsidiary relationship is sufficient to establish notice, notice is also imputed where the parties have officers and directors in common. *See, e.g., Travelers*, 382 F.2d at 106; *Latson v. Ethicon, Inc.*, No. 08-CV-581, 2009 WL 3837889, at *4 (N.D. Ill. Nov. 13, 2009) ("relationships within the same corporate family, shared corporate officers and shared legal counsel" determine identity of interest for purposes of Rule 15(c)) (citation omitted). Here, according to the Funds' SAIs, MassMutual and OppenheimerFunds

share a top-level officer, defendant John V. Murphy, who is a Trustee, President and Chief Executive Officer of the AMT-Free, AMT-Free New York, National, California, Pennsylvania, and New Jersey Funds, and also serves as an Executive Vice President of MassMutual.[4] Therefore, notice of this action is properly imputed to MassMutual.

### 3. MassMutual Knew Or Should Have Known That But For Lead Plaintiffs' Mistake It Would Have Been Named as a Defendant

MassMutual argues that Lead Plaintiffs may not avail themselves of the Rule 15(c) relation-back doctrine because it is expressly limited to situations concerning a mistake in the identity of the correct party to sue, and Lead Plaintiffs made no such "mistake" here. *See* MassMut. Br. at 3 n.2. But all that Rule 15(c)(3)(B) requires is that "the new party knew or should have known within the limitations period that but for a mistake, it would have been a party." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007). The rule is not limited to a particular type of mistake: "[n]o policy supports permitting relation-back for typographical mistakes, but not for oversights or mistakes of . . . omission." *Id*.

Thus, the Fourth Circuit has recently clarified the law with respect to the relation-back doctrine as follows:

> At bottom, the inquiry, when determining whether an amendment relates back, looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged, and it looks into whether the rights of the new party, grounded in the statute of limitations, will be harmed if that party is brought into the litigation. When that party has been given fair

---

[4] *See* AMT-Free SAI (10.26.07) at 39 (Larrabee Decl. Ex. A-3); AMT-Free NY SAI (12.28.07) at 47 Larrabee Decl. Ex. A-5); Cal. SAI (10.31.07) at 46 (Larrabee Decl. Ex. A-7); Nat'l SAI (11.28.07) at 39 (Larrabee Decl. Ex. A-9); NJ SAI (11.28.07) at 54 (Larrabee Decl. Ex. A-11); Pa. SAI (11.28.07) at 47 (Larrabee Decl. Ex. A-17); Rochester SAI (2.21.07) at 55 (Larrabee Decl. Ex. A-15).

> notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back.

*Id*. (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d §1498). (emphasis in original).

Here, Lead Plaintiffs named OppenheimerFunds in the original pleadings and added MassMutual when they learned of their omission. In the application of Rule 15(c), MassMutual's position as OppenheimerFunds' parent and their overlapping executive imputes notice of the claims and of control person liability to MassMutual. Therefore, the requirements for relation-back are satisfied.

To be sure, *Krupski v. Costa Cruise Lines, N.V.*, 330 Fed. Appx. 892, 895 (11th Cir. 2009), MassMut. Br. at 3 n.2, is inconsistent with *Goodman* and Lead Plaintiffs' argument here. Lead Plaintiffs respectfully submit that *Goodman* is the better-reasoned decision and should be followed by this Court. The Supreme Court has accepted a writ of *certiorari* on the *Krupski* decision, *see Krupski v. Costa Crociere, S.p.A.*, 130 S. Ct. 1133 (2010), and Lead Plaintiffs anticipate that the conflict among the Circuits will soon be resolved in favor of the Fourth Circuit's decision in *Goodman*.

To the extent MassMutual seeks to argue that Tenth Circuit law is consistent with *Krupski* and, therefore, must be followed by this Court, it is in error. *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), the leading Tenth Circuit case addressing the application of the mistake provision of Rule 15(c)(1)(C), involved the naming of "John Doe" defendants in which the corresponding newly-named defendants had not previously received notice of the pendency of the complaint or its claims. *Id*. at 694. However, the use of "John Doe" defendants does not

provide adequate notice to the corresponding newly-named defendants and, therefore, even under *Goodman*, fails to satisfy the requirements of Rule 15(c)(1)(C). *Goodman*, 494 F.3d at 473. In any event, it is not applicable here because OppenheimerFunds was sued by name.

Moreover, assuming *arguendo* that the Supreme Court were to approve of the *Krupski* holding, there are additional grounds for applying the relation-back doctrine. Specifically, in proceedings before the Judicial Panel on Multidistrict Litigation ("JPML") in these actions, OppenheimerFunds actively concealed its relationship to MassMutual in violation of the disclosure obligation contained in JPML Rule 5.3(a), requiring a corporate party to "identif[y] *all* its parent corporations" and to update the information stated to reflect any change therein. JPML Rule 5.3(a), (c) (emphasis added). A similar disclosure obligation is imposed by Rule 7 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7.1(a)(1) (requiring parties to "identif[y] any parent corporation . . . ."). Here, OppenheimerFunds failed to comply with these disclosure obligations, leaving Lead Plaintiffs to discover the relationship and the appropriateness of naming MassMutual in the case. Consequently, as OppenheimerFunds' control person, MassMutual should be estopped from making any argument contesting the appropriateness of applying the relation-back doctrine. Indeed, the Federal Rules of Civil Procedure specifically empower the Court on its own initiative to impose sanctions for failure to properly represent facts to the court. *See* Fed. R. Civ. P. 11(c)(3). Lead Plaintiffs respectfully submit that an appropriate sanction in this circumstance would be to prevent MassMutual from arguing that the relation-back doctrine does not operate to save the claims against it from dismissal. *See* Fed. R. Civ. P. 11(c)(4); *accord DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005) (the main purpose of Rule 11 is to deter future wrongful behavior).

## **CONCLUSION**

For the foregoing reasons, MassMutual's motion should be denied.

Dated: June 4, 2010                                                      Respectfully submitted,

                                                           s/ Kip B. Shuman
                                                         Kip B. Shuman
                                                         Rusty E. Glenn
                                                         **THE SHUMAN LAW FIRM**
                                                         885 Arapahoe Avenue
                                                         Boulder, CO 80302
                                                         Telephone: (303) 861-3003
                                                         Fax: (303) 484-4886
                                                         kip@shumanlawfirm.com
                                                         rusty@shumanlawfirm.com

                                                         *Liaison Counsel*

| | |
|---|---|
| Steven J. Toll | Sanford P. Dumain |
| Lisa M. Mezzetti | Peter E. Seidman |
| Daniel S. Sommers | Roland W. Riggs |
| S. Douglas Bunch | Christopher J. Orrico |
| **COHEN MILSTEIN SELLERS** | **MILBERG LLP** |
| **& TOLL PLLC** | One Pennsylvania Plaza |
| 1100 New York Avenue, NW | 48th Floor |
| Suite 500 West Tower | New York, NY 10119 |
| Washington, D.C. 20005 | Telephone: (212) 594-5300 |
| Telephone: (202) 408-4600 | Fax: (212) 868-1229 |
| Fax: (202) 408-4699 | sdumain@milberg.com |
| stoll@cohenmilstein.com | pseidman@milberg.com |
| lmezzetti@cohenmilstein.com | rriggs@milberg.com |
| dsommers@cohenmilstein.com | corrico@milberg.com |
| dbunch@cohenmilstein.com | |
| | *Attorneys for Lead Plaintiff John Vazquez* |
| *Attorneys for Lead Plaintiff Leonard* | *in the AMT-Free New York Fund cases,* |
| *Klorfine in the AMT-Free Fund cases,* | *Lead Plaintiff Victor Sasson in the New* |
| *Lead Plaintiffs Stuart and Carole Krosser* | *Jersey Fund cases, Lead Plaintiff Peter* |
| *in the Rochester Fund cases, and Lead* | *Unanue in the Rochester National Fund* |
| *Counsel for the Class* | *cases, and Lead Counsel for the Class* |

9

| | |
|---|---|
| Alan W. Sparer<br>Marc Haber<br>Kevin H. Lewis<br>James S. Nabwangu<br>**SPARER LAW GROUP**<br>100 Pine Street, 33rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 217-7300<br>Fax: (415) 217-7307<br>asparer@sparerlaw.com<br>mhaber@sparerlaw.com<br>klewis@sparerlaw.com<br>jnabwangu@sparerlaw.com<br><br>*Attorneys for Lead Plaintiff Joseph Stockwell in the California Fund cases and Lead Counsel for the Class* | Sherrie R. Savett<br>Gary E. Cantor<br>Glen L. Abramson<br>Eric Lechtzin<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Fax: (215) 875-4604<br>ssavett@bm.net<br>gcantor@bm.net<br>gabramson@bm.net<br>elechtzin@bm.net<br><br>*Attorneys for Lead Plaintiff Dharamvir Bhanot in the Pennsylvania Fund cases and Lead Counsel for the Class* |
| Jeffrey S. Abraham<br>**ABRAHAM FRUCHTER & TWERSKY, LLP**<br>One Penn Plaza, Suite 2805<br>New York, NY 10119-2900<br>Telephone: (212) 279-5050<br>Fax: (212) 279-3655<br>jabraham@aftlaw.com<br><br>*Additional Counsel for Lead Plaintiff Leonard Klorfine in the AMT-Free Fund cases, Lead Plaintiff Victor Sasson in the New Jersey Fund cases, and Lead Plaintiff Peter Unanue in the Rochester National Fund cases* | Charles J. Piven<br>**BROWER PIVEN**<br>A Professional Corporation<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br>Telephone: (212) 501-9000<br>Fax: (212) 501-0300<br>piven@browerpiven.com<br><br>*Additional Counsel for Lead Plaintiff John Vasquez in the AMT-Free New York Fund cases and Lead Plaintiff Dharamvir Bhanot in the Pennsylvania Fund cases* |

| | |
|---|---|
| Daniel C. Girard<br>Aaron M. Sheanin<br>Christina H.C. Sharp<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, CA  94108<br>Telephone:  (415) 981-4800<br>Fax:  (415) 981-4846<br>dcg@girardgibbs.com<br>ams@girardgibbs.com<br>chc@girardgibbs.com<br><br>*Additional Counsel for Lead Plaintiff Joseph Stockwell in the California Fund cases* | Howard P. Longman<br>**STULL, STULL & BRODY LLP**<br>6 East 45th Street<br>New York, NY  10017<br>Telephone:  (212) 687-7230<br>Fax:  (212) 490-2022<br>jasondag@ssbny.com<br><br>*Additional Counsel for Lead Plaintiff Victor Sasson in the New Jersey Fund cases* |
| Joseph J. Tabacco, Jr.<br>Nicole C. Lavalle<br>Matthew D. Pearson<br>**BERMAN DEVALERIO**<br>425 California Street, Suite 2100<br>San Francisco, CA  94104<br>Telephone:  (415) 433-3200<br>Fax:  (415) 433-6382<br>jtabacco@bermandevalerio.com<br>nlavalle@bermandevalerio.com<br>mpearson@bermandevalerio.com<br><br>*Additional Counsel for Lead Plaintiffs Stuart and Carole Krosser in the Rochester Fund cases* | |

## **Certificate of Service**

      I hereby certify that the foregoing was filed with this Court on June 4, 2010 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                                                    s/ Rusty E. Glenn  
                                                      Rusty E. Glenn