**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE:  OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all the MDL actions.

---

**DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S
MOTION TO RECONSIDER THE COURT'S OCTOBER 24, 2011 ORDER OR, IN THE
ALTERNATIVE, TO CERTIFY AN INTERLOCUTORY APPEAL PURSUANT TO
28 U.S.C. § 1292(B)**

---

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by its attorneys, Davis & Ceriani, P. C., respectfully requests that the Court reconsider its October 24, 2011 Order denying MassMutual's Motion to Dismiss (Doc. #312). In the alternative, MassMutual respectfully requests that the Court certify an interlocutory appeal for MassMutual pursuant to 28 U.S.C. § 1292(b). In support of its Motion, MassMutual states as follows:

1. MassMutual filed a Motion to Dismiss all claims asserted against it in this MDL proceeding (Doc. #284) on April 5, 2010 and its Reply in Support of its Motion to Dismiss on July 2, 2010 (Doc. #302). MassMutual's Motion to Dismiss asserted, among other things, that Plaintiffs' "Control Person" claims against MassMutual were barred by the statute of limitations.[1]

---

[1] When initially filed beginning in February 2009, Plaintiffs' Complaints had no claims against MassMutual nor any other corporate-parent entity. According to these same Complaints, the "truth" about the subject Funds' undisclosed risks was "revealed" on October 21, 2008. Plaintiffs first asserted claims against a corporate-parent entity on January 15, 2010, when they brought 15 U.S.C. §77m claims against MassMutual. Control person claims pursuant to 15 U.S.C. §77m are barred if not bought within one year of actual notice.

1

2.     During the course of the parties' briefing, the Supreme Court decided *Krupski v. Costa Crociere S.p.A.*, ___ U.S. ___, 130 S.Ct. 2485 (2010), a case which specifically addresses the precise point raised in MassMutual's motion—the relation back of an amended complaint under Rule 15(c)(1)(c). Both parties brought the case to the Court's attention.

3.     On October 24, 2011, the Court issued its Order denying MassMutual's Motion to Dismiss. *See* 10/24/11 Order (Doc. #312). In rejecting MassMutual's statute of limitations argument, the Court ruled:

> Plaintiffs' claims against MassMutual relate back to the filing of their initial complaints under Fed. R. Civ. P. 15(c). Further, Plaintiffs' allegations are sufficient to support an inference that MassMutual, by virtue of its Form ADV and Defendant Murphy's status as both Vice President of MassMutual and Fund Trustee, knew or should have known at the time of the February 2009 filing that but for a *mistake*, MassMutual could or would have been a party to the case.

*Id.* at p. 62 n.27 (emphasis added).

4.     Under Rule 15(c), an amendment to a complaint relates back to the date of the original complaint when:

> (C)    the amendment *changes the party or the naming of the party* against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)   knew or should have known that the action would have been brought against it, *but for a mistake concerning <u>the proper party's identity</u>*.

Fed. R. Civ. P. 15(c)(1) (emphasis added). The type of knowledge contemplated is clearly more than knowledge of the simple fact that an action has been filed or that additional parties conceivably

2

could have been named. The Rule requires knowledge by the later-named party that "the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id*.

5. In *Krupski*, the plaintiff's original complaint had named "Costa Cruise" instead of "Costa Crociere," the proper party which wasn't named until an amended complaint was filed after the statute of limitations had run. *See Krupski*, 130 S.Ct. at 2490-9. The Supreme Court held that a plaintiff's amended complaint related back to the original complaint and was not barred by the statute of limitations because it was apparent that plaintiff "meant to sue the company that owned, operated, managed, supervised and controlled the ship on which she was injured, but mistakenly named the wrong party." *Id*. at 2497. Because both entities were represented by the same counsel, the Supreme Court found that Costa Crociere knew or should have known the plaintiff's failure to name Costa Crociere in the original complaint was due to a mistake concerning the proper party's identity. *See id*. at 2498.

6. Unlike *Krupski*, here there is no basis for concluding that MassMutual "knew or should have known that the action would have been brought against it, **but for a mistake concerning the proper party's identity**," because Plaintiffs' original complaint does not assert a control person claim against any purported corporate parent. Had Plaintiffs asserted a control person claim against a corporate parent, there might be an argument that the named control person was mistakenly identified. Where, as here, no such claim was asserted against a corporate parent, there is simply no basis for concluding that the failure to name MassMutual in the original complaint was the result of a "mistake concerning the proper party's identity." Plaintiffs' amendment naming MassMutual as a defendant doesn't *change* the party against whom a claim was asserted; it *adds* both a new and previously unidentified (even mistakenly) party and an entirely new theory of

3

recovery.  Such an amendment falls outside the scope of Rule 15(c)(1)(C).

7. Here there can be no dispute that when the original Complaint was filed, Plaintiffs were fully aware of MassMutual's existence and relationship to the Defendants that were named in the original complaint.  Since the original complaint asserts no control person claims against a corporate parent, the only reasonable conclusion is that Plaintiffs' failure to assert a claim against MassMutual was the result of a deliberate choice, not a mistake.  Indeed, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski,* 130 S.Ct. at 2494.

8. Cases decided after *Krupski* have recognized this important distinction and held that amendments which add parties in this manner do not relate back under Rule 15(c)(1)(C).  For example, in *In re IndyMac Mortgage-Backed Securities Litigation*, 718 F.Supp.2d 495 (S.D.N.Y. 2010), the plaintiffs sought to amend their consolidated class action complaint.  As here, the plaintiffs later sought to add a control person claim – a new theory of recovery – against the chairman of IndyMac Bank's board of directors and its chief executive officer.  *See id*.  Citing *Krupski*, the plaintiffs argued that the claim against IndyMac's CEO related back to the original complaint because he was "the subject of multiple lawsuits and news articles questioning his leadership and responsibility for the IndyMac business practices and therefore should have known that he would have been sued." *Id*. at 507.  The court in *In re IndyMac* held that the amendment did not relate back and was barred by the statute of limitations because no allegations in the earlier complaint related to the CEO, and what the CEO knew about the claims that had been filed were "insufficient to show that [the CEO] knew or should have known, based on the allegations in the

4

other complaints, that his absence from the complaint was the result of a mistake as to the identity of a proper party." *Id.*; *see also Asten v. City of Boulder*, 2010 WL 5464298, at *6 (D. Colo. Sep. 28, 2010) (holding that proposed addition of two police officer defendants did not relate back to original complaint under Rule 15(c)(1)(C), and distinguishing *Krupski*, because plaintiff was "not seeking to *change* a party, but to *add* two parties") (emphasis in original).

9. This Court should similarly reject Plaintiffs' flawed relation-back argument and reconsider its October 24, 2011 Order on this issue. Because Plaintiffs' original complaint asserts no control person claims against any corporate parent, it cannot be said that the failure to name MassMutual was due to, as the Rule requires, a "mistake concerning the proper party's identity." Accordingly, the Court should dismiss all claims against MassMutual as untimely.

10. If the Court is not inclined to reconsider its Order denying MassMutual's Motion to Dismiss, MassMutual respectfully requests that the Court certify an interlocutory appeal of the issue, pursuant to 28 U.S.C. § 1292(b). The Court may certify its Order for an interlocutory appeal under 28 U.S.C. § 1292(b) if the Court believes that the Order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

11. MassMutual submits that the criteria for certification of the issue for interlocutory appeal are satisfied. First, the Court's decision as to whether Plaintiffs' allegations against MassMutual relate back to their original complaints constitutes a controlling question of law. Second, as evidenced by the *In re IndyMac* decision and other post-*Krupski* cases, there is a substantial ground for difference of opinion from this Court's Order on the issue of whether Plaintiffs' allegations against MassMutual relate back to their original complaint for purposes of

5

satisfying the statute of limitations.  Third, an immediate appeal from the Court's October 24, 2011 Order would materially advance the ultimate termination of the litigation, because, if successful, the appeal would remove MassMutual as a party from the litigation.

12. Furthermore, certifying an interlocutory appeal would relieve MassMutual from the burden of litigating numerous complex cases and waiting years to have this dispositive issue addressed by the United States Court of Appeals.  Indeed, if the Court does not reconsider its Order or certify an interlocutory appeal of the issue, MassMutual will be forced to engage in costly discovery in several consolidated class actions and potentially defend itself in multiple jury trials before having an opportunity to revisit the issue of whether the claims against it are time-barred.  In light of the complexity of the case and the incredible amount of time and resources that MassMutual will undoubtedly have to invest in defending the claims against it, the Court should, at a minimum, certify an interlocutory appeal in order to expedite resolution of this threshold issue.

13. Pursuant to D.C.COLO.LCivR 7.1, counsel for MassMutual conferred with counsel for Plaintiffs on November 10, 2011 regarding this Motion, and Plaintiffs oppose the relief sought herein.

Wherefore, Defendant MassMutual respectfully requests that the Court reconsider its October 24, 2011 Order denying MassMutual's Motion to Dismiss or, in the alternative, certify its Order for an interlocutory appeal pursuant to 28 U.S.C. 1292(b).

DATED this 14th day of November, 2011.

Respectfully submitted,

DAVIS & CERIANI, P.C.

s/ *Patrick J. Kanouff*
Patrick J. Kanouff
Gary J. Ceriani
Joshua D. Franklin
1350 17th Street, Suite 400
Denver, Colorado 80202
(303) 534-9000
pkanouff@davisandceriani.com
gceriani@davisandceriani.com
jfranklin@davisandceriani.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing was filed with this Court on November 14, 2011, through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                                                    s/Linda S. Burch