## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:    *In re Rochester Fund Municipals*
                             09-CV-00703-JLK-KMT (Begley)
                             09-CV-01479-JLK-KMT (Bernstein)
                             09-CV-01481-JLK-KMT (Mershon)
                             09-CV-01622-JLK-KMT (Stern)
                             09-CV-01478-JLK-KMT (Vladimir)
                             09-CV-01480-JLK-KMT (Wiener)

---

## MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT AND JURY DEMAND

---

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by its attorneys, Davis & Ceriani, P. C., for its Answer to Plaintiffs' Amended Class Action Complaint for Violation of the Federal Securities Laws states and alleges as follows:

### I.       NATURE OF THE ACTION

1.      Defendant MassMutual admits that Plaintiffs purport to proceed under the statutory provisions cited in Paragraph 1 of the Complaint.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 and therefore denies the allegations.

2.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, because MassMutual had no involvement

with the referenced mutual fund, and therefore denies the allegations. Defendant MassMutual further denies making any representations in connection with the referenced mutual fund.

3.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations. Defendant MassMutual further denies that it had any duty to make any disclosures to Plaintiffs in connection with the referenced mutual fund. Defendant MassMutual further denies making any representations in connection with the referenced mutual fund.

4.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations.

6.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations.

7.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations.

8.      Defendant MassMutual denies that the credit crisis of 2007-08 was foreseeable. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint, because MassMutual had no involvement with the referenced mutual fund, and therefore denies the allegations.

## II.      JURISDICTION AND VENUE

9.      Paragraph 9 states a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

10.      Paragraph 10 states a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

11.      Admit that the Plaintiffs purport to proceed under the statutory provision that is cited in Paragraph 11 and that by Order dated June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred certain actions to this Court.  The remaining allegations in Paragraph 11 state legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

## III.      PARTIES

**Lead Plaintiff**

12.      Admit that the Court appointed Stuart and Carole Krosser as Lead Plaintiffs. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and therefore denies the allegations.

13.      Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the allegations.

**Defendants**

14.     Admit that Defendant Rochester Fund (the "Fund") is registered under the ICA, that the Fund is the registrant and issuer for each series of the Fund's shares, that the Fund filed each one of the Fund registration statements, and that the Fund is headquartered at 6803 South Tucson Way, Centennial, Colorado.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and therefore denies the allegations.

15.     Admit that OppenheimerFunds, Inc. ("OFI") is investment advisor to the Fund, that there is an advisory agreement between OFI and the Fund, that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that the Board of Trustees of the Fund has established certain policies relating to the work of OFI as investment advisor to the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint and therefore denies the allegations.

16.     Admit that OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and that OFDI has acted as a distributor of shares in the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint and therefore denies the allegations.

17.     Admit that Defendant MassMutual is an insurance company organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 1295 State Street, Springfield, MA.  Defendant MassMutual states that the Form ADV (Uniform Application

for Investment Advisor Registration) that is referred to in Paragraph 17 speaks for itself and denies any allegations inconsistent therewith. Defendant MassMutual denies the remaining allegations contained in Paragraph 17.

18.     Admit that at certain times John V. Murphy has been an officer of OFI and a Trustee of the Fund. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of the Complaint and therefore denies the allegations.

19.     Admit that at certain times Thomas W. Courtney has been a Trustee of the Fund and that Mr. Courtney signed, individually or through an agent, certain registration statements that were issued by the Fund. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint and therefore denies the allegations.

20.     Admit that at certain times John Cannon has been a Trustee of the Fund and that Mr. Cannon signed, individually or through an agent, certain registration statements that were issued by the Fund. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and therefore denies the allegations.

21.     Admit that at certain times David K. Downes was a Trustee of the Fund and that Mr. Downes signed, individually or through an agent, certain registration statements that were issued by the Fund. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Complaint and therefore denies the allegations.

22.     Admit that at certain times Robert G. Galli was a Trustee of the Fund and that Mr. Galli signed, individually or through an agent, certain registration statements that were issued by the

5

Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint and therefore denies the allegations.

23.     Admit that at certain times Lacy B. Herrmann was a Trustee of the Fund and that Mr. Herrmann signed, individually or through an agent, certain registration statements that were issued by the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and therefore denies the allegations.

24.     Admit that at certain times Brian F. Wruble was a Trustee of the Fund and Chairman of the Board of Trustees, and that Mr. Wruble signed, individually or through an agent, certain registration statements that were issued by the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the Complaint and therefore denies the allegations.

25.     Admit that at certain times Paul Y. Clinton was a Trustee of the Fund and that Mr. Clinton signed, individually or through an agent, certain registration statements that were issued by the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint and therefore denies the allegations.

26.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies the allegations.

27.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the allegations.

28.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies the allegations.

29.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies the allegations.

30.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the allegations.

31.     Deny the allegations in Paragraph 31 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 18-30 of the Complaint, except admit that Plaintiffs purport to use the term "Individual Defendants."

32.     Deny the allegations in Paragraph 32 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 14-30 of the Complaint, except admit that Plaintiffs purport to use the term "Defendants."

33.     Defendant MassMutual denies the allegations in Paragraph 33 of the Complaint.

## IV.     SUBSTANTIVE ALLEGATIONS

34.     Defendant MassMutual denies that it made any representations in connection with the referenced mutual fund.  Defendant MassMutual states that the Fund Prospectuses referenced in Paragraph 34 speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and therefore denies the allegations.

35.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and therefore denies the allegations.

36.     Defendant MassMutual states that the referenced Registration Statements and Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and therefore denies the allegations.

37.     Defendant MassMutual states that the referenced Fund's Registration Statements, Prospectuses, and statements of additional information speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and therefore denies the allegations.

38.     Defendant MassMutual denies that it made any representations to Plaintiffs regarding the referenced Fund.  Defendant MassMutual further states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.   Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint and therefore denies the allegations.

39.     Defendant MassMutual denies that it made any representations or had any duty to make disclosures to Plaintiffs regarding the referenced Fund.  Defendant MassMutual further states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore denies the allegations.

40.     Defendant MassMutual states that the referenced Fund's Prospectuses speak for themselves and denies any allegations inconsistent therewith.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required.   To the extent that a response is required, the allegations are denied.   Defendant MassMutual denies that it made any representations or had any duty to make disclosures to Plaintiffs regarding the referenced Fund.   Defendant MassMutual further states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.   Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore denies the allegations.

42.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies the allegations.

43.     Defendant MassMutual denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant MassMutual denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the allegations.

46.     Defendant MassMutual denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant MassMutual states that the referenced regulation speaks for itself and denies any allegations inconsistent therewith.   Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining  allegations in Paragraph 47 of the Complaint and therefore denies the allegations.

48.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.

49.     Defendant MassMutual states that the referenced regulation speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to

form a belief as to the truth of the remaining  allegations in Paragraph 49 of the Complaint and therefore denies the allegations.

50.     Defendant MassMutual states that the referenced accounting statement speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining  allegations in Paragraph 50 of the Complaint and therefore denies the allegations.

51.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies the allegations.

52.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant MassMutual denies that it made any representations to with respect to the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint and therefore denies the allegations.

54.     Defendant MassMutual denies that it made any representations to with respect to the Fund.  Defendant MassMutual states that the referenced shareholder report speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore denies the allegations.

55.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint and therefore denies the allegations.

56.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the allegations.

57.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint and therefore denies the allegations.

58.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Complaint and therefore denies the allegations.

59.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies the allegations.

60.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint and therefore denies the allegations.

61.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint and therefore denies the allegations.

62.     Defendant MassMutual denies that it made any representations with respect to the Fund or that a duty to make representations with respect to the Fund.   Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint and therefore denies the allegations.

63.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies the allegations.

64.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the allegations.

65.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the allegations.

66.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies the allegations.

67.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies the allegations.

68.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies the allegations.

69.     Defendant MassMutual states that the referenced documents speak for themselves and denies any allegations inconsistent therewith.   Defendant MassMutual lacks information sufficient to form a belief as to the remaining allegations in Paragraph 69 of the Complaint and therefore denies the allegations.

70.     Defendant MassMutual states that the referenced document speaks for itself and denies any allegations inconsistent therewith.

71.     Defendant MassMutual denies that it made any representations to Plaintiffs in connection with the referenced mutual fund.  Defendant MassMutual further states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.

72.     Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.

73.     Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.

74.     Defendant MassMutual states that the referenced Prospectuses speaks for themselves and denies any allegations inconsistent therewith.

75.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and therefore denies the allegations.

76.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies the allegations.

77.     Defendant MassMutual denies that it took any direct action related to the Fund. Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint and therefore denies the allegations.

78.     Defendant MassMutual states that SFAS No. 157 and the Fund's Shareholder Report referenced in Paragraph 78 of the Complaint speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 78 of the Complaint and therefore denies the allegations.

79.     Defendant MassMutual states that SFAS No. 157 and the Fund's Shareholder Report referenced in Paragraph 79 of the Complaint speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Complaint and therefore denies the allegations.

80.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies the allegations.

81.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies the allegations.

82.     Defendant MassMutual denies the allegations in Paragraph 82 of the Complaint to the extent that the allegations are inconsistent with the Fund's actual NAV.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies the allegations.

83.     Defendant MassMutual states that the Prospectus Supplement referenced in Paragraph 83 of the Complaint speaks for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 of the Complaint and therefore denies the allegations.

84.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies the allegations.

85.     Defendant MassMutual denies issuing Prospectuses or that it made any representations with respect to the Fund.  Defendant MassMutual further states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint and therefore denies the allegations.

86.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual further states that the referenced Statement of Additional Information speak for itself and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint and therefore denies the allegations.

87.     Defendant MassMutual further states that the referenced Statement of Investments speaks for itself and denies any allegations inconsistent therewith.

88.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint and therefore denies the allegations.

89.     Defendant MassMutual states that the referenced Prospectuses and Statements of Additional Information speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies the allegations.

90.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual further denies having any obligation or ability to take actions with

respect to the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore denies the allegations.

91.     Defendant MassMutual denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant MassMutual states that the referenced Prospectus speaks for itself and denies any allegations inconsistent therewith.

93.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.

94.     Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.

95.     Defendant MassMutual states that the referenced Statements of Additional Information speak for themselves and denies any allegations inconsistent therewith.

96.      Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual states that the referenced Prospectuses and Statements of Additional Information speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Complaint and therefore denies the allegations.

97.      Defendant MassMutual states that the referenced Statements of Investments speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 of the Complaint and therefore denies the allegations.

98.     Defendant MassMutual states that the referenced registration statements and Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Complaint and therefore denies the allegations.

99.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual further states that the referenced Prospectus and Statements of Additional Information speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint and therefore denies the allegations.

100.    Defendant MassMutual states that the referenced Statement of Additional Information speaks for itself and denies any allegations inconsistent therewith.

101.    Defendant MassMutual states that the referenced Prospectuses speak for themselves and denies any allegations inconsistent therewith.

102.    MassMutual states that the referenced Statements of Additional Information and Prospectuses speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint and therefore denies the allegations.

103.    Defendant MassMutual denies that it filed financial statements with the SEC concerning the Fund.  Defendant MassMutual further states that the referenced financial statements speak for themselves and denies any allegations inconsistent therewith.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore denies the allegations.

104.     Defendant MassMutual denies that it made any representations with respect to the Fund.  Defendant MassMutual lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint and therefore denies the allegations.

## VI.     CLASS ACTION ALLEGATIONS

105.     Defendant MassMutual admits that Plaintiffs purport to bring this lawsuit as a putative class action and purport to exclude certain entities and individuals from the class action. Defendant MassMutual denies the remaining allegations in Paragraph 105 of the Complaint.

106.     Defendant MassMutual lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and therefore denies the allegations.

107.     Paragraph 107 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

108.     Paragraph 108 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

109.     Paragraph 109 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

110.     Paragraph 110 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## VII.   CAUSES OF ACTION

### COUNT I:

**VIOLATIONS OF § 11 OF THE 1933 ACT AGAINST THE FUND TRUSTEES AND/OR SIGNATORIES OF THE REGISTRATION STATEMENTS, ROCHESTER FUND, OPPENHEIMERFUNDS, AND OPPENHEIMER DISTRIBUTOR**

111.    Defendant MassMutual incorporates and restates each of their foregoing responses to paragraphs 1-110 above as if set forth herein.

112.    No response is required because the allegations in Paragraph 112 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

113.    No response is required because the allegations in Paragraph 113 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

114.    No response is required because the allegations in Paragraph 114 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

115.    No response is required because the allegations in Paragraph 115 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

116.    No response is required because the allegations in Paragraph 116 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

117.     No response is required because the allegations in Paragraph 117 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

118.     No response is required because the allegations in Paragraph 118 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

119.     No response is required because the allegations in Paragraph 119 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

120.     No response is required because the allegations in Paragraph 120 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

121.     No response is required because the allegations in Paragraph 121 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

## COUNT II:

## VIOLATIONS OF SECTION 12(A)(2) OF THE 1933 ACT AGAINST DEFENDANTS ROCHESTER FUND, OPPENHEIMERFUNDS, AND OPPENHEIMER DISTRIBUTOR

122.     Defendant MassMutual incorporates and restates each of their foregoing responses to paragraphs 1-121 above as if set forth herein.

123.     No response is required because the allegations in Paragraph 123 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

124.     No response is required because the allegations in Paragraph 124 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

125.     No response is required because the allegations in Paragraph 125 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

126.     No response is required because the allegations in Paragraph 126 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

127.     No response is required because the allegations in Paragraph 127 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

128.     No response is required because the allegations in Paragraph 128 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

129.     No response is required because the allegations in Paragraph 129 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

130.     No response is required because the allegations in Paragraph 130 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

**COUNT III:**

**VIOLATIONS OF SECTION 15 OF THE 1933 ACT AGAINST THE INDIVIDUAL
DEFENDANTS, MASSMUTUAL AND OPPENHEIMERFUNDS**

131.    Defendant MassMutual incorporates and restates each of their foregoing
responses to paragraphs 1-130 above as if set forth herein.

132.    Paragraph 132 of the Complaint contains a legal conclusion to which no response
is required.  To the extent a response is required, the allegations are denied.

133.    Paragraph 133 of the Complaint states legal conclusions to which no response is
required.  To the extent a response is required, the allegations are denied.  Defendant
MassMutual lacks information sufficient to form a belief as to the truth of the remaining
allegations in Paragraph 133 of the Complaint and therefore denies the allegations.

134.    Paragraph 134 of the Complaint states legal conclusions to which no response is
required.  To the extent a response is required, the allegations are denied.  Defendant
MassMutual denies the remaining allegations in Paragraph 134 of the Complaint.

135.    Defendant MassMutual denies the allegations in Paragraph 135 of the Complaint.

136.    Defendant MassMutual denies the allegations in Paragraph 136 of the Complaint.

137.    Defendant MassMutual denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant MassMutual denies the allegations in Paragraph 138 of the Complaint.

**COUNT IV:**

**VIOLATIONS OF SECTION 13(A) OF THE INVESTMENT COMPANY ACT
AGAINST DEFENDANT ROCHESTER FUND**

139.    Defendant MassMutual incorporates and restates each of their foregoing
responses to paragraphs 1-138 above as if set forth herein.

140.     No response is required because the allegations in Paragraph 140 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

141.     No response is required because the allegations in Paragraph 141 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

142.     No response is required because the allegations in Paragraph 142 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

143.     No response is required because the allegations in Paragraph 143 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

144.     No response is required because the allegations in Paragraph 144 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

145.     No response is required because the allegations in Paragraph 145 of the Complaint are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

## **GENERAL DENIAL**

Except as otherwise expressly stated in paragraphs 1 through 145 above, Defendant MassMutual denies each and every allegation not specifically admitted.  Defendant MassMutual

expressly reserves the right to amend and/or supplement this Answer, including but not limited to the affirmative defenses and other defenses contained herein.

## AFFIRMATIVE DEFENSES

Without conceding that MassMutual bears any burden of proof, persuasion, or production not otherwise legally assigned to it, or that MassMutual is obligated to set forth the defenses below as affirmative defenses, MassMutual alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant MassMutual upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred because none of the alleged misrepresentations or omissions was materially false or misleading.

## FOURTH AFFIRMATIVE DEFENSE

Defendant MassMutual did not make untrue statements of material facts and has not omitted material facts necessary in order to make statements made by Defendant MassMutual not misleading.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class members may not recover because they and/or their agents, financial representatives, and/or broker-dealers knew the true facts concerning the alleged misrepresentations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant MassMutual did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## NINTH AFFIRMATIVE DEFENSE

Defendant MassMutual is not liable as a "controlling person" as it had no knowledge or reason to know of any inaccuracies or omissions in the subject statements, and did not induce any improper acts and otherwise acted in good faith.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant MassMutual did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any federal securities law or regulation.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Defendant MassMutual is not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because the alleged misrepresentations or omissions were neither the cause in fact nor the proximate cause of the losses or damages that Plaintiffs seek to recover in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the depreciation in the market price of the Fund's shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the Defendants, actions or inactions by parties outside the control of the Defendants, or economic events that were, likewise, outside the control of the Defendants.  These actions, inactions, and events were intervening or superseding causes of Plaintiffs' alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they assumed the risks disclosed in the Fund's public disclosures.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because they have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly suffered by the Plaintiffs is subject to offset in the amount of any profit actually received by Plaintiffs through their investments.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under various equitable doctrines, including waiver, unclean hands, laches, estoppel, ratification, or failure to use due care.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to expenses, attorneys' fees, or expert fees.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant MassMutual adopts and incorporates by reference any and all other defenses asserted or to be asserted by other defendants to the extent Defendant MassMutual may share in such defenses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant MassMutual reserves and reasserts all affirmative defenses available under any applicable federal and state law.  Defendant MassMutual presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available.  Therefore, Defendant MassMutual reserves its right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant MassMutual prays for judgment as follows:

1.      That the Court refuse to certify this suit as a class action;

2.      That Plaintiffs and putative class members take nothing by reason of the claims asserted herein;

3.      That judgment be entered in favor of the Defendant MassMutual on all claims asserted herein;

4.      That Defendant MassMutual be awarded its attorneys' fees and costs, including expert and witness fees; and

5.      For such other and further relief as the Court may deem just and proper.

DATED this 17th day of January, 2012.

Respectfully submitted,
DAVIS & CERIANI, P.C.


s/ Patrick J. Kanouff
Patrick J. Kanouff
Joshua D. Franklin
1350 17th Street, Suite 400
Denver, Colorado 80202
(303) 534-9000
pkanouff@davisandceriani.com
jfranklin@davisandceriani.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing was filed with this Court on January 17, 2012 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

s/ Linda S. Burch