# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:    *In re Rochester National Municipal Fund*
09-CV-550-JLK-KMT (Bock)
09-CV-706-JLK-KMT (Stokar)
09-CV-927-JLK-KMT (Tackmann)
09-CV-1042-JLK-KMT (Krim)
09-CV-1060-JLK-KMT (Truman)
09-CV-1482-JLK-KMT (Laufer)
09-CV-1908-JLK-KMT (Lariviere)

---

**ANSWER OF DEFENDANTS DAVID K. DOWNES, MATTHEW P. FINK, ROBERT G. GALLI, PHILLIP A. GRIFFITHS, MARY F. MILLER, JOEL W. MOTLEY, KENNETH A. RANDALL, RUSSELL S. REYNOLDS, JR., JOSEPH M. WIKLER, PETER I. WOLD, BRIAN F. WRUBLE, CLAYTON K. YEUTTER, AND OPPENHEIMER MULTI-STATE MUNICIPAL TRUST**

---

Defendants David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Russell S. Reynolds, Jr., Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter (collectively, the "Independent Trustees") and Oppenheimer Multi-State Municipal Trust (the "Trust" or "OMMT" and, collectively with the Independent Trustees, the "Trust/Independent Trustees"), by their attorneys, Jones & Keller, P.C. and Kramer Levin Naftalis & Frankel LLP, for their Answer to the Consolidated Class Action Complaint and Jury Demand in this action (the "Complaint") of Lead Plaintiff Peter Unanue and additional plaintiffs Barry Doyle and Yolanda Pessina (collectively, and with the putative class members, the "Plaintiffs"), state as follows:

1.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 1.

2.      Deny the allegations in paragraph 2 of the Complaint, except admit that the Oppenheimer Rochester National Municipal Fund (the "Fund") is an open-end mutual fund, and refer to the public filings of the Fund for a complete and correct statement of the investment objectives of the Fund.

3.      Deny the allegations in paragraph 3 of the Complaint.

4.      Deny the allegations in the first sentence of paragraph 4 of the Complaint. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in all of the other sentences in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint.

6.      Deny the allegations in the first sentence of paragraph 6 of the Complaint, except admit that on October 21, 2008, the Trust filed a Prospectus Supplement, and refer to that

Prospectus Supplement for its complete and correct contents.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in all of the other sentences in paragraph 6 of the Complaint, except admit that the Fund shares had a stated Net Asset Value ("NAV") of $6.59 per share of Class A shares on October 21, 2008 and a stated NAV of $10.95 per share of Class A shares on January 2, 2008, and that a chart is attached as Exhibit A to the Complaint.

7.     Deny the allegations in paragraph 7 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 7 concerning the financial "crises" of the "past 20 years," such as the "1994 devaluation of the Mexican Peso," the "1997 Asian financial crisis," "Russia's 1998 default on government bonds," and the effects of the "September 11, 2001 terrorist attacks."

8.     Deny the allegations in paragraph 8 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 8.  To the extent this paragraph purports to bring claims pursuant to the Investment Company Act of 1940 ("ICA"), those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

9.     Deny the allegations in paragraph 9 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 9.  To the extent this paragraph purports to bring claims pursuant to the ICA, those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

10.     Deny the allegations in paragraph 10 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 10 and

that by Order dated June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred certain actions to this Court, and refer to that Order for its complete and correct contents.

11.     Deny the allegations in paragraph 11 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Peter Unanue purchased and held shares of the Fund during the Class Period pursuant or traceable to one or more of the registration statements and Prospectuses at issue in this complaint," and admit that by Order dated November 18, 2009, the Court appointed Peter Unanue to act as Lead Plaintiff in this action.

12.     Deny the allegations in paragraph 12 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Barry Doyle purchased shares of the Fund during the Class Period pursuant or traceable to one or more of the registration statements and Prospectuses at issue in this complaint."

13.     Deny the allegations in paragraph 13 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Yolanda Pessina purchased shares of the Fund during the Class Period pursuant or traceable to one or more of the registration statements and Prospectuses at issue in this complaint."

14.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admit that certifications are attached as Exhibit B to the Complaint.

15.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admit that

OppenheimerFunds, Inc. ("OFI") is investment advisor to the Fund, that there is an advisory agreement between OFI and the Fund, that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that the Board of Trustees of the Trust has established certain policies relating to the work of OFI as investment advisor to the Fund.

16.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admit that OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and that OFDI has acted as a distributor of shares in the Fund.

17.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admit that Mass Mutual is a Delaware corporation and is headquartered at 1295 State Street, Springfield, MA, and refer to the Form ADV (Uniform Application for Investment Advisor Registration) that is referred to in paragraph 17 of the Complaint for its complete and correct contents.

18.     Deny the allegations in paragraph 18 of the Complaint, except admit that Defendant OMMT is registered under the ICA, that OMMT is the registrant and issuer for each series of the Fund's shares, that OMMT filed each one of the Fund registration statements, and that OMMT is headquartered at 6803 South Tucson Way, Centennial, Colorado.

19.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admit that John V. Murphy was President of the Fund, a Trustee of the Trust, and also Chairman, Chief Executive Officer, Director, and President of the Manager.

20.     Deny the allegations in paragraph 20 of the Complaint, except admit that at certain times Matthew P. Fink was a Trustee of the Trust and that Mr. Fink signed, individually or through an agent, the Registration Statements that were filed by the Trust on March 9, 2007 and November 21, 2007.

21.     Deny the allegations in paragraph 21 of the Complaint, except admit that at certain times Robert G. Galli was a Trustee of the Trust and that Mr. Galli signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

22.     Deny the allegations in paragraph 22 of the Complaint, except admit that at certain times Phillip A. Griffiths was a Trustee of the Trust and that Mr. Griffiths signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

23.     Deny the allegations in paragraph 23 of the Complaint, except admit that at certain times Mary F. Miller was a Trustee of the Trust and that Ms. Miller signed, individually or through an agent, the Registration Statements that were filed by the Trust on March 9, 2007 and November 21, 2007.

24.     Deny the allegations in paragraph 24 of the Complaint, except admit that at certain times Joel W. Motley was a Trustee of the Trust and that Mr. Motley signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

25.     Deny the allegations in paragraph 25 of the Complaint, except admit that at certain times Kenneth A. Randall was a Trustee of the Trust and that Mr. Randall signed,

individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

26.     Deny the allegations in paragraph 26 of the Complaint, except admit that at certain times Russell S. Reynolds, Jr. was a Trustee of the Trust and that Mr. Reynolds signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

27.     Deny the allegations in paragraph 27 of the Complaint, except admit that at certain times Joseph M. Wikler was a Trustee of the Trust and that Mr. Wikler signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

28.     Deny the allegations in paragraph 28 of the Complaint, except admit that at certain times Peter I. Wold was a Trustee of the Trust and that Mr. Wold signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

29.     Deny the allegations in paragraph 29 of the Complaint, except admit that at certain times Brian F. Wruble was a Trustee of the Trust and Chairman of the Board of Trustees, and that Mr. Wruble signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

30.     Deny the allegations in paragraph 30 of the Complaint, except admit that at certain times Clayton K. Yeutter was Chairman of the Board of Trustees for the Trust and that Mr. Yeutter signed, individually or through an agent, the Registration Statements that were filed by the Trust on November 23, 2005 and September 26, 2006.

31.      Deny the allegations in paragraph 31 of the Complaint, except admit that at certain times David K. Downes was a Trustee of the Trust and that Mr. Downes signed, individually or through an agent, the Registration Statement that was filed by the Trust on November 21, 2007.

32.      Admit the allegations in paragraph 32 of the Complaint.

33.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admit that Ronald H. Fielding was a Vice President and a Portfolio Manager of the Fund during the purported Class Period, a Senior Vice President of the Manager and Chairman of the Rochester Division of the Manager during the purported Class Period, a portfolio manager and officer of other Oppenheimer funds, and the chief strategist and a trader for the Fund and other Oppenheimer funds during the purported Class Period.

34.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, except admit that Daniel G. Loughran was a Senior Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period.

35.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admit that Scott Cottier was a Portfolio Manager of the Fund during the purported Class Period, and has been a Vice President of the Manager since 2002.

36.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, except admit that Troy E. Willis

- 8 -

was a Portfolio Manager of the Fund during the purported Class Period and has been an Assistant Vice President of the Manager since July 2005.

37.     Deny the allegations in paragraph 37 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 19-36 of the Complaint, except admit that the Plaintiffs purport to use the term "Individual Defendants."

38.     Deny the allegations in paragraph 38 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 15-36 of the Complaint, except admit that the Plaintiffs purport to use the term "Defendants."

39.     Deny the allegations in paragraph 39 of the Complaint, except admit that the Fund is an open-end management investment company and that at certain times the Trust issued certain Prospectuses, and refer to the Fund Prospectuses that are described in paragraph 39 of the Complaint for their complete and correct contents.

40.     Deny the allegations in paragraph 40 of the Complaint, except admit that the Fund sold three classes of shares, A, B, and C, under the ticker symbols ORNAX, ORNBX, and ORNCX, respectively, on the National Association of Securities Dealers Automated Quotations (NASDAQ) system during the purported Class Period.

41.     Deny the allegations in paragraph 41 of the Complaint, except admit that (i) the Fund is an open-end mutual fund and permits sales and redemptions of its shares at a stated NAV that is determined by dividing the total stated value of the assets held by the Fund by the total number of outstanding shares; (ii) the Fund's shares were offered or sold pursuant to registration statements and prospectuses that were amended periodically; (iii) OppenheimerFunds served as fund manager and investment advisor for the Fund and Oppenheimer Distributor served as the distributor of the Fund; and (iv) at certain times the Trust

issued certain Registration Statements and Prospectuses, and refer to the Registration Statements and Prospectuses that are described in paragraph 41 of the Complaint for their complete and correct contents.

42.    Deny the allegations in paragraph 42 of the Complaint, except admit that the Trust filed (a) a Prospectus and Statement of Additional Information on November 23, 2005, (b) a Supplement on December 6, 2005, (c) a Prospectus and Statement of Additional Information on September 26, 2006, (d) a Revised Prospectus and Revised Statement of Additional Information on March 9, 2007, (e) a Prospectus and Statement of Additional Information on November 21, 2007, and (f) a Supplement on October 21, 2008, and refer to those filings for their complete and correct contents.

43.    Deny the allegations in paragraph 43 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses and that those Prospectuses contained discussions of the Fund's investment policies, and refer to the Fund Prospectuses that are described in paragraph 43 of the Complaint for their complete and correct contents.

44.    Deny the allegations in paragraph 44 of the Complaint.

45.    Deny the allegations in paragraph 45 of the Complaint.

46.    Deny the allegations in paragraph 46 of the Complaint, and aver that all of the allegations in paragraph 46 of the Complaint purport to relate to the Plaintiffs' claims pursuant to Section 13(a) of the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

47.    Deny the allegations in paragraph 47 of the Complaint.

48.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

KL3 2860755.1

49.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and refer to 17 C.F.R. 239 and 274 [Fed. Reg. Vol. 75, no. 55 at 9829, Release No. 33-6927; IC-18612] (Mar. 20, 1992) for their complete and correct contents.

50.     Deny the allegations in paragraph 50 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses, and that the Fund's Prospectuses contain certain discussions of illiquid investments, and refer to the Fund's Prospectuses that are described in paragraph 50 of the Complaint for their complete and correct contents.

51.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and refer to 51 Fed. Reg. 9773 for its complete and correct contents.

52.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and refer to the GAAP Statement of Financial Accounting Concepts No. 5 for its complete and correct contents.

53.     Deny the allegations in paragraph 53 of the Complaint, except admit that at certain times the Trust issued certain Statements of Investments and filed a Prospectus on March 9, 2007, and refer to those Statements of Investments and the March 9, 2007 Prospectus for their complete and correct contents.

54.     Deny the allegations in paragraph 54 of the Complaint.

55.     Deny the allegations in the first and second sentences of paragraph 55 of the Complaint, except admit that the Trust filed a Statement of Investments in a Prospectus on November 21, 2007, and refer to that Prospectus for its complete and correct contents.  Deny

KL3 2860755.1

possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 55 of the Complaint.

56. Deny the allegations in the first, second, third, fourth, and fifth sentences of paragraph 56 of the Complaint, except admit that the Trust filed a Statement of Investments and a Prospectus on November 21, 2007, and refer to that Statement of Investments and Prospectus for their complete and correct contents. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint, except admit that the Prospectuses issued by the Trust contained certain discussions of the role that OFI played in monitoring the liquidity of the Fund's investments, and refer to those discussions in the Fund Prospectuses that are described in paragraph 58 of the Complaint for their complete and correct contents.

59. Deny the allegations in paragraph 59 of the Complaint, except admit that the Fund, as holder of a municipal inverse floater, could receive a tax-exempt coupon payment and that the Trust filed Prospectuses on November 23, 2005 and September 26, 2006, and refer to those Prospectuses for their complete and correct contents.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses, and refer to the Fund Prospectuses that are described in paragraph 61 of the Complaint for their complete and correct contents.

- 12 -

62.     Deny the allegations in paragraph 62 of the Complaint, except admit that certain of the Fund's Prospectuses contained discussions of inverse floaters, and refer to the discussion of inverse floaters in the Prospectuses that are described in paragraph 62 of the Complaint for their complete and correct contents.

63.     Deny the allegations in paragraph 63 of the Complaint, except admit that the holders of certain inverse floaters could "put" such inverse floaters back to the trust that issued them, not the Fund.

64.     Deny the allegations in paragraph 64 of the Complaint, except admit that certain inverse floaters involved agreements with the Sponsor of that inverse floater.

65.     Deny the allegations in paragraph 65 of the Complaint.

66.     Deny the allegations in paragraph 66 of the Complaint.

67.     Deny the allegations in paragraph 67 of the Complaint.

68.     Deny the allegations in paragraph 68 of the Complaint.

69.     Deny the allegations in paragraph 69 of the Complaint, except admit that the Fund's Prospectuses contained discussions of the investment objectives of the Fund, and refer to those discussions in the Fund's Prospectuses for their complete and correct contents.

70.     Deny the allegations in paragraph 70 of the Complaint, except admit that the Fund's Prospectuses contained discussions of the investment objectives of the Fund, and refer to those discussions in the Fund's Prospectuses for their complete and correct contents.

71.     Deny the allegations in paragraph 71 of the Complaint.

72.     Deny the allegations in paragraph 72 of the Complaint.

73.     Deny the allegations in paragraph 73 of the Complaint, except admit that OFI and the Fund calculated NAV in a manner that was described in the Fund's Prospectuses,

KL3 2860755.1

and refer to the description of those calculations of the Fund's NAV in those Prospectuses for their complete and correct contents.

74.     Deny the allegations in paragraph 74 of the Complaint, except admit that in September 2006, the Financial Accounting Standards Board issued Statement of Financial Accounting Standards ("SFAS") No. 157 and that the Trust filed a Shareholder Report for the period ended January 31, 2009, and refer to SFAS No. 157 and to the Fund's Shareholder Report for the period ended January 31, 2009, for their complete and correct contents.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 76 of the Complaint.

77.     Deny the allegations in paragraph 77 of the Complaint, except admit that the Fund shares had a stated NAV of $6.59 per share of Class A shares on October 21, 2008 and a stated NAV of $10.95 per share of Class A shares on January 2, 2008.

78.     Deny the allegations in paragraph 78 of the Complaint, except admit that the Trust issued a Prospectus Supplement on October 21, 2008, and refer to that Supplement for its complete and correct contents.

79.     Deny the allegations in paragraph 79 of the Complaint.

80.     Deny the allegations in paragraph 80 of the Complaint.

81.     Deny the allegations in paragraph 81 of the Complaint, except admit that the Trust filed a Statement of Additional Information on November 23, 2005, and refer to that Statement of Additional Information for its complete and correct contents.

82.     Deny the allegations in paragraph 82 of the Complaint, except admit that the Trust filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

83.     Deny the allegations in paragraph 83 of the Complaint, except admit that the Trust filed Prospectuses on September 26, 2006, March 9, 2007, and November 21, 2007, as well as certain Statements of Additional Information, and refer to those Prospectuses and Statements of Additional Information for their complete and correct contents.

84.     Deny the allegations in paragraph 84 of the Complaint.

85.     Deny the allegations in paragraph 85 of the Complaint.

86.     Deny the allegations in paragraph 86 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

87.     Deny the allegations in paragraph 87 of the Complaint, except admit that the Trust filed Prospectuses on March 9, 2007 and November 21, 2007, and refer to those Prospectuses for their complete and correct contents.

88.     Deny the allegations in paragraph 88 of the Complaint, except admit that the Trust filed Prospectuses on September 26, 2006, March 9, 2007, and November 21, 2007, as well as certain Statements of Additional Information, and refer to the Prospectuses and Statements of Additional Information that are described in paragraph 88 of the Complaint for their complete and correct contents.

89.     Deny the allegations in paragraph 89 of the Complaint, except admit that the Trust issued certain Statements of Additional Information, and refer to those Statements of Additional Information for their complete and correct contents.

90.     Deny the allegations in paragraph 90 of the Complaint.

91.     Deny the allegations in paragraph 91 of the Complaint, except admit that the Trust issued certain Statements of Investments, and refer to those Statements of Investments for their complete and correct contents.

92.     Deny the allegations in paragraph 92 of the Complaint, except admit that the Trust issued certain Registration Statements and Prospectuses, and refer to the Registration Statements and Prospectuses that are described in paragraph 92 of the Complaint for their complete and correct contents.

93.     Deny the allegations in paragraph 93 of the Complaint, except admit that the Trust filed a Prospectus on November 23, 2005, which was accompanied by a Statement of Additional Information, and refer to the Statement of Additional Information which accompanied that Prospectus for its complete and correct contents.

94.     Deny the allegations in paragraph 94 of the Complaint, and refer to the Statement of Additional Information that accompanied the Fund's Prospectus filed on November 23, 2005 for its complete and correct contents.

95.     Deny the allegations in paragraph 95 of the Complaint, except admit that the Trust filed Prospectuses on September 26, 2006, March 9, 2007, and November 21, 2007, and refer to those Prospectuses for their complete and correct contents.

96.     Deny the allegations in paragraph 96 of the Complaint.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Deny the allegations in paragraph 98 of the Complaint.

KL3 2860755.1

99.     Deny the allegations in paragraph 99 of the Complaint, except admit that the Plaintiffs purport to proceed under the provisions of the Federal Rules of Civil Procedure that are cited in paragraph 99 of the Complaint.

100.    Deny the allegations in paragraph 100 of the Complaint, except admit that the Fund has many outstanding shares and that certain records are maintained by OppenheimerFunds or its transfer agent.

101.    Deny the allegations in paragraph 101 of the Complaint.

102.    Deny the allegations in paragraph 102 of the Complaint.

103.    Deny the allegations in paragraph 103 of the Complaint.  Certain allegations in paragraph 103 of the Complaint purport to bring fundamental policy claims pursuant to the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

104.    Deny the allegations in paragraph 104 of the Complaint.

## COUNT I:

105.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 104 of the Complaint.

106.    Deny the allegations in paragraph 106 of the Complaint, except admit that the Plaintiffs purport to assert claims against the Trust/Independent Trustees under Section 11 of the 1933 Act, 15 U.S.C. § 77K, and admit that one or more of the Independent Trustees signed, individually or through an agent, certain Registration Statements that were issued by the Trust.

107.    Deny the allegations in paragraph 107 of the Complaint.

KL3 2860755.1

108.     Deny the allegations in paragraph 108 of the Complaint, except admit that certain of the Independent Trustees served as Trustees of the Trust during the purported Class Period.

109.     Deny the allegations in paragraph 109 of the Complaint.

110.     Deny the allegations in paragraph 110 of the Complaint.

111.     Deny the allegations in paragraph 111 of the Complaint.

112.     Deny the allegations in paragraph 112 of the Complaint.

113.     Deny the allegations in paragraph 113 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

114.     Deny the allegations in paragraph 114 of the Complaint.

## COUNT II:

115.     Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 114 of the Complaint.

116.     Deny the allegations in paragraph 116 of the Complaint, except admit that the Plaintiffs purport to proceed under Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77l(a)(2).

117.     Deny the allegations in paragraph 117 of the Complaint.

118.     Deny the allegations in paragraph 118 of the Complaint.

119.     Deny the allegations in paragraph 119 of the Complaint.

120.     Deny the allegations in paragraph 120 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

121.     Deny the allegations in paragraph 121 of the Complaint.

122.    Deny the allegations in paragraph 122 of the Complaint.

123.    Deny the allegations in paragraph 123 of the Complaint, except admit that certain putative class members purport to tender certain of their shares to the Fund.

## COUNT III:

124.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 123 of the Complaint.

125.    Deny the allegations in paragraph 125 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 125 of the Complaint.

126.    Deny the allegations in paragraph 126 of the Complaint.

127.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint.

128.    Deny the allegations in paragraph 128 of the Complaint.

129.    Deny the allegations in paragraph 129 of the Complaint.

130.    Deny the allegations in paragraph 130 of the Complaint.

131.    Deny the allegations in paragraph 131 of the Complaint.

## COUNT IV:

132.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 131 of the Complaint.

133.    The claims based on the allegations contained in paragraph 133 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

134.     The claims based on the allegations contained in paragraph 134 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

135.     The claims based on the allegations contained in paragraph 135 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

136.     The claims based on the allegations contained in paragraph 136 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

137.     The claims based on the allegations contained in paragraph 137 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

138.     The claims based on the allegations contained in paragraph 138 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

## **GENERAL DENIAL**

Except as otherwise expressly stated in paragraphs 1 through 138 above, the Trust/Independent Trustees deny each and every allegation of wrongdoing by them contained in

paragraphs 1 through 138 of the Complaint, including, without limitation, the introductory

paragraph, headings, subheadings, and footnotes contained in the Complaint, and the

Trust/Independent Trustees specifically deny liability to the Plaintiffs, and/or that the Plaintiffs

have suffered any legally cognizable damages for which the Trust/Independent Trustees are

responsible.  The Trust/Independent Trustees expressly reserve the right to amend and/or

supplement their Answer, including but not limited to the affirmative defenses and other

defenses contained herein.

### AFFIRMATIVE DEFENSES

139.     Without in any way admitting any of the allegations of the Complaint and

without admitting or suggesting that the Trust/Independent Trustees bear the burden of proof on

any of the following issues, as separate and independent affirmative defenses, the

Trust/Independent Trustees allege as follows:

### FIRST AFFIRMATIVE DEFENSE

140.     The Complaint fails to state a claim against the Trust/Independent

Trustees upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

141.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute

of limitations and/or statute of repose.

### THIRD AFFIRMATIVE DEFENSE

142.     Any allegedly untrue statements of material fact, misleading statements, or

other allegedly actionable conduct attributable to any of the Trust/Independent Trustees (all of

which are denied) were not material to the investment decisions of a reasonable investor and/or

were non-actionable opinions.

KL3 2860755.1

## FOURTH AFFIRMATIVE DEFENSE

143.     The offering documents at issue did not contain any untrue statements of material facts, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FIFTH AFFIRMATIVE DEFENSE

144.     Plaintiffs' claims are barred, in whole or in part, because the Trust/Independent Trustees' relevant statements were publicly disclosed or were in the public domain, and adequately disclosed the risks associated with investment in the Fund and therefore the Plaintiffs have failed to show that the Trust/Independent Trustees made an untrue statement of material fact or omitted to state a material fact required to be stated or necessary to make the statements not misleading.

## SIXTH AFFIRMATIVE DEFENSE

145.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege a duty to disclose the allegedly omitted information, and/or that the Trust/Independent Trustees breached any duty owed to the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

146.     Plaintiffs' claims are barred, in whole or in part, because general statements of investment objectives are not actionable statements of fact under the federal securities laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

147.     Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in the secondary market.  In addition, the claims by

secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

148.    Plaintiffs' claims are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

149.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs cannot prove that they purchased securities traceable to a registration statement.

## ELEVENTH AFFIRMATIVE DEFENSE

150.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to plead and cannot prove reliance on any alleged misstatements or omissions by the Trust/Independent Trustees.

## TWELFTH AFFIRMATIVE DEFENSE

151.    The Independent Trustees were advised, understood, and believed that there were no misrepresentations or omissions in the public securities filings of the Fund, or in its public statements, at the time that they were made.

## THIRTEENTH AFFIRMATIVE DEFENSE

152.    The Independent Trustees were entitled to, and did rely upon, the opinions of professionals and experts, including without limitation, portfolio managers, OFI, independent auditors, internal auditors, underwriters, accountants, outside counsel, and internal counsel, in affixing their signatures to, and authorizing the filing of, Registration Statements and various offering documents.  The Independent Trustees believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided.  The Independent

KL3 2860755.1

Trustees had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect as to the matters on which the experts had opined.  The Independent Trustees had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements did not fairly represent the statements of the expert or were not a fair copy of or extract from the report or valuation of the expert.

## FOURTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiffs' claims are barred because the Independent Trustees at all times acted with reasonable care and due diligence with respect to the matters Plaintiffs now contend were misrepresented by, or omitted from, the Fund's public filings and public statements, including, without limitation, registration statements.  After reasonable investigation, the Independent Trustees had reasonable ground to believe and did believe that the statements contained therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

154.    Plaintiffs' claims are barred because the Independent Trustees at all times acted in good faith without any knowledge or intent to commit an actionable offense.

## SIXTEENTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims are barred because the Trust did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the Fund's public filings with the SEC or any statements issued in connection therewith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

156.   Plaintiffs' claims are barred because the Independent Trustees did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

157.   Plaintiffs' claims are barred because the Independent Trustees did not culpably participate in any fraudulent scheme or misstatements of fact by others, and did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of the federal securities laws or regulations.  None of the Independent Trustees had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## NINETEENTH AFFIRMATIVE DEFENSE

158.   Plaintiffs' claims are barred because the Trust/Independent Trustees are not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## TWENTIETH AFFIRMATIVE DEFENSE

159.   Certain Independent Trustees, including without limitation David K. Downes, Matthew P. Fink, Mary F. Miller, and Clayton K. Yeutter, did not sign certain registration statements that allegedly included misleading or false information.  Accordingly, these Independent Trustees are not liable to the Plaintiffs under the federal securities laws or regulations in connection with these filings or offerings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

160.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the Trust/Independent Trustees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

161.    The actions or inactions of the Trust/Independent Trustees were not the sole or the partial cause, proximate cause, or joint proximate cause of any loss allegedly suffered by the Plaintiffs or of any decision by the Plaintiffs to purchase or sell shares of the Fund.  Any damages for which the Plaintiffs seek to recover against the Trust/Independent Trustees were in fact caused by actions or omissions of the Plaintiffs and/or third parties, and/or were the result of superseding and intervening causes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

162.    Plaintiffs' claims are barred, in whole or in part, because the depreciation in the market price of the Fund's shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose liability on the Trust/Independent Trustees beyond that which their own conduct has caused, and because the injuries the Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the Trust/Independent Trustees, actions or inactions by parties outside the control of the Trust/Independent Trustees, or economic events that were, likewise, outside the control of the Trust/Independent Trustees.  These actions, inactions, and events were intervening or superseding causes of the Plaintiffs' alleged damages.

KL3 2860755.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

164.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs assumed the risks disclosed in the Fund's public disclosures and those risks came to fruition to cause the Plaintiffs' losses.  Plaintiffs purchased shares of the Fund with knowledge of these risks, or knowledge of adverse events concerning the Fund, and likewise assumed the risks that there would be further deterioration in the price or value of the Fund's shares, such that the Plaintiffs' damages are not recoverable as a matter of law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

165.     Plaintiffs have suffered no compensable damages or losses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

166.     Plaintiffs are limited to only those damages authorized by the Securities Act of 1933 and the Private Securities Litigation Reform Act and therefore, the Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

167.     Plaintiffs' claims for damages are barred, in whole or in part, because they have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

168.     Any recovery for damages allegedly suffered by the Plaintiffs is subject to offset in the amount of any profit actually received by the Plaintiffs through their investments.

## THIRTIETH AFFIRMATIVE DEFENSE

169.     Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act of 1933.

KL3 2860755.1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

170.    Plaintiffs' claims are barred under various equitable doctrines, including

waiver, unclean hands, laches, estoppel, ratification or failure to use due care.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

171.    The Independent Trustees are entitled to be exculpated, indemnified,

and/or receive contribution for any liability they incur, including, without limitation, pursuant to

the Fund's by-laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

172.    Without admitting that the Complaint states a claim, any remedies are

limited to the extent that Plaintiffs seek an overlapping or duplicative recovery pursuant to the

various claims against the Trust/Independent Trustees or others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

173.    The Trust/Independent Trustees adopt and incorporate by reference any

and all other defenses asserted or to be asserted by other defendants to the extent the

Trust/Independent Trustees may share in such defenses.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

174.    The Trust/Independent Trustees reserve and reassert all affirmative

defenses available under any applicable federal and state law.  The Trust/Independent Trustees

presently have insufficient knowledge or information upon which to form a belief as to whether

they may have other, as yet unstated, affirmative defenses available.  Therefore, the

Trust/Independent Trustees reserve their right to assert additional defenses in the event that

discovery indicates that they would be appropriate.

KL3 2860755.1

## PRAYER FOR RELIEF

WHEREFORE, the Trust/Independent Trustees respectfully request (i) that the Court enter judgment dismissing all claims in the Complaint as to each of them with prejudice and award to them their costs, disbursements, and attorneys' fees and costs, including expert and witness fees, in this action; and (ii) that the Court grant such other and further relief as the Court may deem to be just and proper.

Dated: January 17, 2012

JONES & KELLER, P.C.

By:

   /s/ Edward T. Lyons, Jr.
Edward T. Lyons, Jr.
1999 Broadway, Suite 3150
Denver, CO 80202
(303) 573-1600
elyons@joneskeller.com

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:

   /s/ Arthur H. Aufses III
Arthur H. Aufses III
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
aaufses@kramerlevin.com

*Attorneys for Defendants*
*Oppenheimer Multi-State Municipal Trust, David*
*K. Downes, Matthew P. Fink, Robert G. Galli,*
*Phillip A. Griffiths, Mary F. Miller, Joel W. Motley,*
*Kenneth A. Randall, Russell S. Reynolds, Jr.,*
*Joseph M. Wikler, Peter I. Wold, Brian F. Wruble,*
*and Clayton K. Yeutter*

KL3 2860755.1