**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:   *In re AMT-Free Municipals Fund*
   09-CV-01243-JLK-KMT (Prince)
   09-CV-01447-JLK-KMT (Connel)
   09-CV-01510-JLK-KMT (Amato)
   09-CV-01619-JLK-KMT (Furman)

---

**ANSWER OF DEFENDANTS DAVID K. DOWNES, MATTHEW P. FINK,
ROBERT G. GALLI, PHILLIP A. GRIFFITHS, MARY F. MILLER, JOEL W.
MOTLEY, KENNETH A. RANDALL, RUSSELL S. REYNOLDS, JR., JOSEPH
M. WIKLER, PETER I. WOLD, BRIAN F. WRUBLE, CLAYTON K. YEUTTER,
AND OPPENHEIMER AMT-FREE MUNICIPALS**

---

Defendants David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Russell S. Reynolds, Jr., Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter (collectively, the "Independent Trustees") and Oppenheimer AMT-Free Municipals (the "Fund" and, collectively with the Independent Trustees, the "Fund/Independent Trustees"), by their attorneys, Jones & Keller, P.C. and Kramer Levin Naftalis & Frankel LLP, for their Answer to the Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") of Lead Plaintiff Leonard Klorfine, state as follows:

1.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admit that the Lead Plaintiff and the putative class members (collectively, "Plaintiffs") purport to proceed under the statutory provisions that are cited in paragraph 1.

2.      Deny the allegations in paragraph 2 of the Complaint, except admit that the Fund is a mutual fund, and refer to the public filings of the Fund for a complete and correct statement of the investment objectives of the Fund.

3.      Deny the allegations in paragraph 3 of the Complaint.

4.      Deny the allegations in the first sentence of paragraph 4 of the Complaint. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in all of the other sentences in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint.

6.      Deny the allegations in the first sentence of paragraph 6 of the Complaint, except admit that on October 21, 2008, the Fund issued a Prospectus Supplement, and refer to that Prospectus Supplement for its complete and correct contents.  Deny possessing knowledge

or information sufficient to form a belief as to the truth of the allegations in all of the other sentences in paragraph 6 of the Complaint, except admit that the Fund shares had a stated Net Asset Value ("NAV") of $5.99 per share of Class A shares on October 21, 2008 and a stated NAV of $8.97 per share of Class A shares on January 2, 2008.

7.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Deny the allegations in paragraph 8 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 8 concerning the financial "crises" of the "past 20 years," such as the "1994 devaluation of the Mexican Peso," the "1997 Asian financial crisis," "Russia's 1998 default on government bonds," and the effects of the "September 11, 2001 terrorist attacks."

9.      Deny the allegations in paragraph 9 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 9.  To the extent this paragraph purports to bring claims pursuant to the Investment Company Act of 1940 ("ICA"), those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

10.     Deny the allegations in paragraph 10 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 10.  To the extent this paragraph purports to bring claims pursuant to the ICA, those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

11.     Deny the allegations in paragraph 11 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 11 and

that by Order dated June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred

certain actions to this Court, and refer to that Order for its complete and correct contents.

12.     Deny the allegations in paragraph 12 of the Complaint, except deny

possessing knowledge or information sufficient to form a belief as to the truth of the allegation

that "Lead Plaintiff purchased and held shares of the Fund during the Class Period pursuant or

traceable to one or more of the Registration Statements and Prospectuses at issue in this

complaint," and admit that by Order dated November 18, 2009, the Court appointed Leonard

Klorfine to act as Lead Plaintiff in this action.

13.     Deny possessing knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 13 of the Complaint, except admit that certifications are

attached as Exhibit A to the Amended Complaint.

14.     Deny the allegations in paragraph 14 of the Complaint, except admit that

the Fund is located at 6803 South Tucson Way, Centennial, Colorado 80112-3924, was

organized as a Massachusetts business trust in 1987, is registered under the ICA, is an open-end

mutual fund, and at certain times filed certain Prospectuses, and refer to the Fund Prospectuses

that are described in paragraph 14 of the Complaint for their complete and correct contents.

15.     Deny possessing knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 15 of the Complaint, except admit that

OppenheimerFunds, Inc. ("OFI") is investment advisor to the Fund, that there is an advisory

agreement between OFI and the Fund, that OFI is headquartered at Two World Financial Center,

225 Liberty Street, New York, New York 10281-1008, and that the Board of Trustees of the

Fund has established certain policies relating to the work of OFI as investment advisor to the

Fund.

KL3 2860809.1

16.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admit that OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and that OFDI has acted as a distributor of shares in the Fund.

17.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admit that Mass Mutual is a Delaware corporation headquartered at 1295 State Street, Springfield, MA, and refer to the Form ADV (Uniform Application for Investment Advisor Registration) that is referred to in paragraph 17 of the Complaint for its complete and correct contents.

18.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admit that John V. Murphy was President and Trustee of the Fund, and also Chairman, Chief Executive Officer, Director and President of the Manager during the purported Class Period.

19.     Deny the allegations in paragraph 19 of the Complaint, except admit that at certain times Brian F. Wruble was a Trustee of the Fund and that Mr. Wruble signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

20.     Deny the allegations in paragraph 20 of the Complaint, except admit that at certain times David K. Downes was a Trustee of the Fund and that Mr. Downes signed, individually or through an agent, the Registration Statement that was filed by the Fund on October 25, 2007.

KL3 2860809.1

21.    Deny the allegations in paragraph 21 of the Complaint, except admit that at certain times Matthew P. Fink was a Trustee of the Fund and that Mr. Fink signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

22.    Deny the allegations in paragraph 22 of the Complaint, except admit that at certain times Robert G. Galli was a Trustee of the Fund and that Mr. Galli signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

23.    Deny the allegations in paragraph 23 of the Complaint, except admit that at certain times Phillip A. Griffiths was a Trustee of the Fund and that Mr. Griffiths signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

24.    Deny the allegations in paragraph 24 of the Complaint, except admit that at certain times Mary F. Miller was a Trustee of the Fund and that Ms. Miller signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

25.    Deny the allegations in paragraph 25 of the Complaint, except admit that at certain times Joel W. Motley was a Trustee of the Fund and that Mr. Motley signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

26.    Deny the allegations in paragraph 26 of the Complaint, except admit that at certain times Russell S. Reynolds, Jr. was a Trustee of the Fund and that Mr. Reynolds signed,

KL3 2860809.1

individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

27.     Deny the allegations in paragraph 27 of the Complaint, except admit that at certain times Joseph M. Wikler was a Trustee of the Fund and that Mr. Wikler signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

28.     Deny the allegations in paragraph 28 of the Complaint, except admit that at certain times Peter I. Wold was a Trustee of the Fund and that Mr. Wold signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

29.     Deny the allegations in paragraph 29 of the Complaint, except admit that at certain times Clayton K. Yeutter was a Trustee of the Fund and that Mr. Yeutter signed, individually or through an agent, the Registration Statements that were filed by the Fund on November 23, 2005 and September 27, 2006.

30.     Deny the allegations in paragraph 30 of the Complaint, except admit that at certain times Kenneth A. Randall was a Trustee of the Fund and that Mr. Randall signed, individually or through an agent, the Registration Statements that were filed by the Fund on November 23, 2005, September 27, 2006, and March 8, 2007.

31.     Admit the allegations in paragraph 31 of the Complaint.

32.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admit that Ronald H. Fielding was a Vice President and a Portfolio Manager of the Fund during the purported Class Period, a Senior Vice President of the Manager during the purported Class Period, a portfolio

manager and officer of other Oppenheimer funds during the purported Class Period, and the Chief Strategist and a trader for the Fund and other Oppenheimer funds during the purported Class Period.

33.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, except admit that Daniel G. Loughran was a Senior Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period.

34.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, except admit that Scott Cottier was a Portfolio Manager of the Fund during the purported Class Period and has been a Vice President of the Manager since 2002.

35.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admit that Troy E. Willis was a Portfolio Manager of the Fund during the purported Class Period and has been an Assistant Vice President of the Manager since July 2005.

36.     Deny the allegations in paragraph 36 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 18-35 of the Complaint, except admit that the Plaintiffs purport to use the term "Individual Defendants."

37.     Deny the allegations in paragraph 37 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 14-35 of the Complaint, except admit that the Plaintiffs purport to use the term "Defendants."

38.     Deny the allegations in paragraph 38 of the Complaint.

39.     Deny the allegations in paragraph 39 of the Complaint, except admit that the Fund is an open-end management investment company, and that at certain times the Fund issued certain Prospectuses, and refer to the Fund Prospectuses that are described in paragraph 39 of the Complaint for their complete and correct contents.

40.     Deny the allegations in paragraph 40 of the Complaint, except admit that the Fund sold three classes of shares, A, B and C, under the ticker symbols OPTAX, OTFBX, and OMFCX, respectively, on the National Association of Securities Dealers Automated Quotations (NASDAQ) system during the purported Class Period.

41.     Deny the allegations in paragraph 41 of the Complaint, except admit that (i) the Fund is an open-end mutual fund and permits sales and redemptions of its shares at a stated NAV that is determined by dividing the total stated value of the assets held by the Fund by the total number of outstanding shares; (ii) the Fund's shares were offered or sold pursuant to registration statements and prospectuses that were amended periodically; (iii) OppenheimerFunds served as fund manager and investment advisor for the Fund and Oppenheimer Distributor served as the distributor of the Fund; and (iv) at certain times the Fund issued certain Registration Statements and Prospectuses, and refer to the Registration Statements and Prospectuses that are described in paragraph 41 of the Complaint for their complete and correct contents.

42.     Deny the allegations in paragraph 42 of the Complaint, except admit that the Fund filed (a) a Prospectus and Statement of Additional Information on November 23, 2005, (b) a Supplement on December 5, 2005, (c) a Prospectus and Statement of Additional Information on September 27, 2006, (d) Supplements on January 19, 2007 and January 23, 2007, (e) a Prospectus and Statement of Additional Information on March 8, 2007, (f) Supplements on

July 6, 2007, September 13, 2007, and October 19, 2007, (g) a Prospectus and Statement of

Additional Information on October 25, 2007, and (h) Supplements on December 10, 2007,

December 19, 2007, December 26, 2007, January 22, 2008, April 28, 2008, May 12, 2008,  July

1, 2008, and October 21, 2008, and refer to those filings for their complete and correct contents.

43.     Deny the allegations in paragraph 43 of the Complaint, except admit that

at certain times the Fund issued certain Prospectuses, and refer to the Fund Prospectuses that are

described in paragraph 43 of the Complaint for their complete and correct contents.

44.     Deny the allegations in paragraph 44 of the Complaint, except admit that

at certain times the Fund issued certain Prospectuses, and refer to the Fund Prospectuses that are

described in paragraph 44 of the Complaint for their complete and correct contents.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint.

47.     Deny the allegations in paragraph 47 of the Complaint, except admit that

at certain times the Fund issued certain Prospectuses and that those Prospectuses contained

discussions of the Fund's investment policies, and refer to the Fund Prospectuses that are

described in paragraph 47 of the Complaint for their complete and correct contents.

48.     Deny the allegations in paragraph 48 of the Complaint.

49.     Deny the allegations in paragraph 49 of the Complaint.

50.     Deny the allegations in paragraph 50 of the Complaint, and aver that all of

the allegations in paragraph 50 of the Complaint purport to relate to Plaintiffs' claims pursuant to

Section 13(a) of the ICA.  These claims have been dismissed by Order of the Court, dated

October 24, 2011, and therefore no response to those allegations is required.

51.     Deny the allegations in paragraph 51 of the Complaint.

52.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and refer to 17 C.F.R. 239 and 274 [Fed. Reg. Vol. 75, no. 55 at 9829, Release No. 33-6927; IC-18612] (Mar. 20, 1992) for their complete and correct contents.

53.     Deny the allegations in paragraph 53 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and that the Fund's Prospectuses contain certain discussions of illiquid investments, and refer to the Fund Prospectuses that are described in paragraph 53 of the Complaint for their complete and correct contents.

54.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and refer to 51 Fed. Reg. 9773 for its complete and correct contents.

55.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and refer to the GAAP Statement of Financial Accounting Concepts No. 5 for its complete and correct contents.

56.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.     Deny the allegations in paragraph 57 of the Complaint, except admit that at certain times the Fund issued certain Statements of Investments and filed a Prospectus on March 8, 2007, and refer to those Statements of Investments and the March 8, 2007 Prospectus for their complete and correct contents.

58.     Deny the allegations in paragraph 58 of the Complaint.

59.     Deny the allegations in the first, second, and fourth sentences of paragraph 59 of the Complaint, except admit that the Fund filed a Shareholder Report for the period ended

July 31, 2008, and refer to that Shareholder Report for its complete and correct contents.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 59 of the Complaint.

60.     Deny the allegations in the first, second, third, fourth, and fifth sentences of paragraph 60 of the Complaint, except admit that the Fund filed a Shareholder Report for the period ended July 31, 2008, and refer to that Shareholder Report for its complete and correct contents.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of paragraph 60 of the Complaint.

61.     Deny the allegations in paragraph 61 of the Complaint.

62.     Deny the allegations in paragraph 62 of the Complaint, except admit that the Prospectuses issued by the Fund contained certain discussions of the role that OFI played in monitoring the liquidity of the Fund's investments, and refer to those discussions in the Fund Prospectuses that are described in paragraph 62 of the Complaint for their complete and correct contents.

63.     Deny the allegations in paragraph 63 of the Complaint, except admit that the Fund, as the holder of a municipal inverse floater, could receive a tax-exempt coupon payment, and that at certain times the Fund issued certain Prospectuses, and refer to the Fund Prospectuses that are described in paragraph 63 of the Complaint for their complete and correct contents.

64.     Deny the allegations in paragraph 64 of the Complaint.

65.     Deny the allegations in paragraph 65 of the Complaint.

66.     Deny the allegations in paragraph 66 of the Complaint.

67.     Deny the allegations in paragraph 67 of the Complaint, except admit that certain of the Fund's Prospectuses contained discussions of inverse floaters, and refer to the discussion of inverse floaters in the Prospectuses that are described in paragraph 67 of the Complaint for their complete and correct contents.

68.     Deny the allegations in paragraph 68 of the Complaint, except admit that the holders of certain inverse floaters could "put" such inverse floaters back to the trust that issued them, not the Fund.

69.     Deny the allegations in paragraph 69 of the Complaint, except admit that certain inverse floaters involved agreements with the Sponsor of that inverse floater.

70.     Deny the allegations in paragraph 70 of the Complaint.

71.     Deny the allegations in paragraph 71 of the Complaint.

72.     Deny the allegations in paragraph 72 of the Complaint.

73.     Deny the allegations in paragraph 73 of the Complaint.

74.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, and refer to *Forbes Investopedia* and Bloomberg for their complete and correct contents.

75.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and refer to *Standard & Poor's Guide to the Perfect Portfolio* for its complete and correct contents.

76.     Deny the allegations in paragraph 76 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

- 13 -

77.     Deny the allegations in paragraph 77 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

78.     Deny the allegations in paragraph 78 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

79.     Deny the allegations in paragraph 79 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, and refer to those Prospectuses for their complete and correct contents.

80.     Deny the allegations in paragraph 80 of the Complaint.

81.     Deny the allegations in paragraph 81 of the Complaint.

82.     Deny the allegations in paragraph 82 of the Complaint, except admit that OFI and the Fund calculated NAV in a manner that was described in the Fund's Prospectuses, and refer to the description of those calculations of the Fund's NAV in those Prospectuses for their complete and correct contents.

83.     Deny the allegations in paragraph 83 of the Complaint, except admit that in September 2006, the Financial Accounting Standards Board issued Statement of Financial Accounting Standards ("SFAS") No. 157, and refer to SFAS No. 157 for its complete and correct contents.

84.     Deny the allegations in paragraph 84 of the Complaint, except admit that the Fund issued a Shareholder Report for the period ended January 31, 2009, and refer to that Shareholder Report for its complete and correct contents.

85.     Deny the allegations in paragraph 85 of the Complaint.

KL3 2860809.1

86.     Deny the allegations in paragraph 86 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86 of the Complaint.

87.     Deny the allegations in paragraph 87 of the Complaint, except admit that the Fund shares had a stated NAV of $5.99 per share of Class A shares on October 21, 2008 and a stated NAV of $8.97 per share of Class A shares on January 2, 2008.

88.     Deny the allegations in paragraph 88 of the Complaint, except admit that the Fund issued a Prospectus Supplement on October 21, 2008, and refer to that Supplement for its complete and correct contents.

89.     Deny the allegations in paragraph 89 of the Complaint.

90.     Deny the allegations in paragraph 90 of the Complaint.

91.     Deny the allegations in paragraph 91 of the Complaint, except admit that the Fund filed a Statement of Additional Information on November 23, 2005, and refer to that Statement of Additional Information for its complete and correct contents.

92.     Deny the allegations in paragraph 92 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

93.     Deny the allegations in paragraph 93 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, as well as certain Statements of Additional Information, and refer to those Prospectuses and Statements of Additional Information for their complete and correct contents.

94.     Deny the allegations in paragraph 94 of the Complaint.

95.     Deny the allegations in paragraph 95 of the Complaint.

- 15 -

96.     Deny the allegations in paragraph 96 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, and refer to that Prospectus for its complete and correct contents.

97.     Deny the allegations in paragraph 97 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, and refer to those Prospectuses for their complete and correct contents.

98.     Deny the allegations in paragraph 98 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, as well as certain Statements of Additional Information, and refer to the Prospectuses and Statements of Additional Information that are described in paragraph 98 of the Complaint for their complete and correct contents.

99.     Deny the allegations in paragraph 99 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, each of which was accompanied by a Statement of Additional Information, and refer to those Statements of Additional Information which accompanied the Prospectuses for their complete and correct contents.

100.    Deny the allegations in paragraph 100 of the Complaint.

101.    Deny the allegations in paragraph 101 of the Complaint, except admit that the Fund issued certain Statements of Investments, and refer to those Statements of Investments for their complete and correct contents.

102.    Deny the allegations in paragraph 102 of the Complaint, except admit that the Fund issued certain Registration Statements and Prospectuses, and refer to the Registration

Statements and Prospectuses that are described in paragraph 102 of the Complaint for their complete and correct contents.

103.    Deny the allegations in paragraph 103 of the Complaint, except admit that the Fund filed a Prospectus on November 23, 2005, which was accompanied by a Statement of Additional Information, and refer to the Statement of Additional Information which accompanied that Prospectus for its complete and correct contents.

104.    Deny the allegations in paragraph 104 of the Complaint, and refer to the Statement of Additional Information that accompanied the Fund's Prospectus filed on November 23, 2005 for its complete and correct contents.

105.    Deny the allegations in paragraph 105 of the Complaint, except admit that the Fund filed Prospectuses on September 27, 2006, March 8, 2007, and October 25, 2007, and refer to those Prospectuses for their complete and correct contents.

106.    Deny the allegations in paragraph 106 of the Complaint.

107.    Deny the allegations in paragraph 107 of the Complaint.

108.    Deny the allegations in paragraph 108 of the Complaint.

109.    Deny the allegations in paragraph 109 of the Complaint, except admit that the Plaintiffs purport to proceed under the provisions of the Federal Rules of Civil Procedure that are cited in paragraph 109 of the Complaint.

110.    Deny the allegations in paragraph 110 of the Complaint, except admit that the Fund has many outstanding shares and that certain records are maintained by OppenheimerFunds or its transfer agent.

111.    Deny the allegations in paragraph 111 of the Complaint.

112.    Deny the allegations in paragraph 112 of the Complaint.

KL3 2860809.1

113.    Deny the allegations in paragraph 113 of the Complaint.  Certain allegations in paragraph 113 of the Complaint purport to bring fundamental policy claims pursuant to the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

114.    Deny the allegations in paragraph 114 of the Complaint.

## COUNT I:

115.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 114 of the Complaint.

116.    Deny the allegations in paragraph 116 of the Complaint, except admit that the Plaintiffs purport to assert claims against the Fund/Independent Trustees under Section 11 of the 1933 Act, 15 U.S.C. § 77K, and admit that one or more of the Independent Trustees signed, individually or through an agent, certain Registration Statements that were issued by the Fund.

117.    Deny the allegations in paragraph 117 of the Complaint.

118.    Deny the allegations in paragraph 118 of the Complaint, except admit that certain of the Independent Trustees served as Trustees of the Fund during the purported Class Period.

119.    Deny the allegations in paragraph 119 of the Complaint.

120.    Deny the allegations in paragraph 120 of the Complaint.

121.    Deny the allegations in paragraph 121 of the Complaint.

122.    Deny the allegations in paragraph 122 of the Complaint.

123.    Deny the allegations in paragraph 123 of the Complaint.

KL3 2860809.1

124.    Deny the allegations in paragraph 124 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

125.    Deny the allegations in paragraph 125 of the Complaint.

### COUNT II:

126.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 125 of the Complaint.

127.    Deny the allegations in paragraph 127 of the Complaint, except admit that the Plaintiffs purport to proceed under Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77l(a)(2).

128.    Deny the allegations in paragraph 128 of the Complaint.

129.    Deny the allegations in paragraph 129 of the Complaint.

130.    Deny the allegations in paragraph 130 of the Complaint.

131.    Deny the allegations in paragraph 131 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

132.    Deny the allegations in paragraph 132 of the Complaint.

133.    Deny the allegations in paragraph 133 of the Complaint.

134.    Deny the allegations in paragraph 134 of the Complaint, except admit that certain putative class members purport to tender certain of their shares to the Fund.

### COUNT III:

135.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 134 of the Complaint.

136.    Deny the allegations in paragraph 136 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 136 of the Complaint.

137.    Deny the allegations in paragraph 137 of the Complaint.

138.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint.

139.    Deny the allegations in paragraph 139 of the Complaint.

140.    Deny the allegations in paragraph 140 of the Complaint.

141.    Deny the allegations in paragraph 141 of the Complaint.

142.    Deny the allegations in paragraph 142 of the Complaint.

## COUNT IV:

143.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 142 of the Complaint.

144.    The claims based on the allegations contained in paragraph 144 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

145.    The claims based on the allegations contained in paragraph 145 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

146.    The claims based on the allegations contained in paragraph 146 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

KL3 2860809.1

response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

147.    The claims based on the allegations contained in paragraph 147 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

148.    The claims based on the allegations contained in paragraph 148 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

149.    The claims based on the allegations contained in paragraph 149 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

## **GENERAL DENIAL**

Except as otherwise expressly stated in paragraphs 1 through 149 above, the Fund/Independent Trustees deny each and every allegation of wrongdoing by them contained in paragraphs 1 through 149 of the Complaint, including, without limitation, the introductory paragraph, headings, subheadings, and footnotes contained in the Complaint, and the Fund/Independent Trustees specifically deny liability to the Plaintiffs, and/or that the Plaintiffs have suffered any legally cognizable damages for which the Fund/Independent Trustees are responsible.  The Fund/Independent Trustees expressly reserve the right to amend and/or

supplement their Answer, including but not limited to the affirmative defenses and other defenses contained herein.

## AFFIRMATIVE DEFENSES

150.     Without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that the Fund/Independent Trustees bear the burden of proof on any of the following issues, as separate and independent affirmative defenses, the Fund/Independent Trustees allege as follows:

## FIRST AFFIRMATIVE DEFENSE

151.     The Complaint fails to state a claim against the Fund/Independent Trustees upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

152.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

153.     Any allegedly untrue statements of material fact, misleading statements, or other allegedly actionable conduct attributable to any of the Fund/Independent Trustees (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

## FOURTH AFFIRMATIVE DEFENSE

154.     The offering documents at issue did not contain any untrue statements of material facts, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FIFTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims are barred, in whole or in part, because the Fund/Independent Trustees' relevant statements were publicly disclosed or were in the public domain, and adequately disclosed the risks associated with investment in the Fund and therefore the Plaintiffs have failed to show that the Fund/Independent Trustees made an untrue statement of material fact or omitted to state a material fact required to be stated or necessary to make the statements not misleading.

## SIXTH AFFIRMATIVE DEFENSE

156.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege a duty to disclose the allegedly omitted information, and/or that the Fund/Independent Trustees breached any duty owed to the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims are barred, in whole or in part, because general statements of investment objectives are not actionable statements of fact under the federal securities laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

158.    Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in the secondary market.  In addition, the claims by secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

159.    Plaintiffs' claims are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

- 23 -

## TENTH AFFIRMATIVE DEFENSE

160.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs cannot prove that they purchased securities traceable to a registration statement.

## ELEVENTH AFFIRMATIVE DEFENSE

161.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to plead and cannot prove reliance on any alleged misstatements or omissions by the Fund/Independent Trustees.

## TWELFTH AFFIRMATIVE DEFENSE

162.    The Independent Trustees were advised, understood, and believed that there were no misrepresentations or omissions in the public securities filings of the Fund, or in its public statements, at the time that they were made.

## THIRTEENTH AFFIRMATIVE DEFENSE

163.    The Independent Trustees were entitled to, and did rely upon, the opinions of professionals and experts, including without limitation, portfolio managers, OFI, independent auditors, internal auditors, underwriters, accountants, outside counsel, and internal counsel, in affixing their signatures to, and authorizing the filing of, Registration Statements and various offering documents.  The Independent Trustees believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided.  The Independent Trustees had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect as to the matters on which the experts had opined.  The Independent Trustees had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements

did not fairly represent the statements of the expert or were not a fair copy of or extract from the report or valuation of the expert.

## FOURTEENTH AFFIRMATIVE DEFENSE

164.    Plaintiffs' claims are barred because the Independent Trustees at all times acted with reasonable care and due diligence with respect to the matters Plaintiffs now contend were misrepresented by, or omitted from, the Fund's public filings and public statements, including, without limitation, registration statements.  After reasonable investigation, the Independent Trustees had reasonable ground to believe and did believe that the statements contained therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

165.    Plaintiffs' claims are barred because the Independent Trustees at all times acted in good faith without any knowledge or intent to commit an actionable offense.

## SIXTEENTH AFFIRMATIVE DEFENSE

166.    Plaintiffs' claims are barred because the Fund did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the Fund's public filings with the SEC or any statements issued in connection therewith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

167.    Plaintiffs' claims are barred because the Independent Trustees did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

168.     Plaintiffs' claims are barred because the Independent Trustees did not culpably participate in any fraudulent scheme or misstatements of fact by others, and did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of the federal securities laws or regulations.  None of the Independent Trustees had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## NINETEENTH AFFIRMATIVE DEFENSE

169.     Plaintiffs' claims are barred because the Fund/Independent Trustees are not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## TWENTIETH AFFIRMATIVE DEFENSE

170.     Certain Independent Trustees, including without limitation David K. Downes, Kenneth A. Randall, and Clayton K. Yeutter, did not sign certain registration statements that allegedly included misleading or false information.  Accordingly, these Independent Trustees are not liable to the Plaintiffs under the federal securities laws or regulations in connection with these filings or offerings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

171.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the Fund/Independent Trustees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

172.     The actions or inactions of the Fund/Independent Trustees were not the

sole or the partial cause, proximate cause, or joint proximate cause of any loss allegedly suffered

by the Plaintiffs or of any decision by the Plaintiffs to purchase or sell shares of the Fund.  Any

damages for which the Plaintiffs seek to recover against the Fund/Independent Trustees were in

fact caused by actions or omissions of the Plaintiffs and/or third parties, and/or were the result of

superseding and intervening causes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

173.     Plaintiffs' claims are barred, in whole or in part, because the depreciation

in the market price of the Fund's shares resulted from factors other than the misstatements and

omissions alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

174.     Plaintiffs' claims are barred, in whole or in part, to the extent that they

seek to impose liability on the Fund/Independent Trustees beyond that which their own conduct

has caused, and because the injuries the Plaintiffs sustained, if any, were caused by the actions or

inactions of parties other than the Fund/Independent Trustees, actions or inactions by parties

outside the control of the Fund/Independent Trustees, or economic events that were, likewise,

outside the control of the Fund/Independent Trustees.  These actions, inactions, and events were

intervening or superseding causes of the Plaintiffs' alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

175.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs

assumed the risks disclosed in the Fund's public disclosures and those risks came to fruition to

cause the Plaintiffs' losses.  Plaintiffs purchased shares of the Fund with knowledge of these

KL3 2860809.1

risks, or knowledge of adverse events concerning the Fund, and likewise assumed the risks that there would be further deterioration in the price or value of the Fund's shares, such that the Plaintiffs' damages are not recoverable as a matter of law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

176.    Plaintiffs have suffered no compensable damages or losses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

177.    Plaintiffs are limited to only those damages authorized by the Securities Act of 1933 and the Private Securities Litigation Reform Act and therefore, the Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

178.    Plaintiffs' claims for damages are barred, in whole or in part, because they have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

179.    Any recovery for damages allegedly suffered by the Plaintiffs is subject to offset in the amount of any profit actually received by the Plaintiffs through their investments.

## THIRTIETH AFFIRMATIVE DEFENSE

180.    Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act of 1933.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

181.    Plaintiffs' claims are barred under various equitable doctrines, including waiver, unclean hands, laches, estoppel, ratification or failure to use due care.

KL3 2860809.1

### THIRTY-SECOND AFFIRMATIVE DEFENSE

182.    The Independent Trustees are entitled to be exculpated, indemnified, and/or receive contribution for any liability they incur, including, without limitation, pursuant to the Fund's by-laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

183.    Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against the Fund/Independent Trustees or others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

184.    The Fund/Independent Trustees adopt and incorporate by reference any and all other defenses asserted or to be asserted by other defendants to the extent the Fund/Independent Trustees may share in such defenses.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

185.    The Fund/Independent Trustees reserve and reassert all affirmative defenses available under any applicable federal and state law.  The Fund/Independent Trustees presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available.  Therefore, the Fund/Independent Trustees reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Fund/Independent Trustees respectfully request (i) that the

Court enter judgment dismissing all claims in the Complaint as to each of them with prejudice

and award to them their costs, disbursements, and attorneys' fees and costs, including expert and

witness fees, in this action; and (ii) that the Court grant such other and further relief as the Court

may deem to be just and proper.

Dated: January 17, 2012

JONES & KELLER, P.C.

By:

   /s/ Edward T. Lyons, Jr.
Edward T. Lyons, Jr.
1999 Broadway, Suite 3150
Denver, CO 80202
(303) 573-1600
elyons@joneskeller.com

- and -

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:

   /s/ Arthur H. Aufses III
Arthur H. Aufses III
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
aaufses@kramerlevin.com

*Attorneys for Defendants*
*Oppenheimer AMT-Free Municipals, David K.*
*Downes, Matthew P. Fink, Robert G. Galli, Phillip*
*A. Griffiths, Mary F. Miller, Joel W. Motley,*
*Kenneth A. Randall, Russell S. Reynolds, Jr.,*
*Joseph M. Wikler, Peter I. Wold, Brian F. Wruble,*
*and Clayton K. Yeutter*

KL3 2860809.1