# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

## IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:     *In re New Jersey Municipal Fund*
                              09-CV-01406-JLK-KMT (Unanue)
                              09-CV-01617-JLK-KMT (Baladi)
                              09-CV-01618-JLK-KMT (Seybold)
                              09-CV-01620-JLK-KMT (Trooskin)

---

## OPPENHEIMER DEFENDANTS' ANSWER TO
## THE AMENDED CLASS ACTION COMPLAINT

---

Defendants OppenheimerFunds, Inc. ("OFI"), OppenheimerFunds Distributor, Inc. ("OFDI"), John V. Murphy, Brian W. Wixted, Ronald H. Fielding, Daniel G. Loughran, Scott Cottier, and Troy E. Willis (collectively, the "Oppenheimer Defendants" or the "Defendants") hereby answer this Amended Class Action Complaint (the "Complaint") filed by Victor Sasson ("Plaintiff"). The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the Investment Company Act. Thus, no response to any of those claims or allegations is required. Subject to the foregoing, the Oppenheimer Defendants answer the Complaint as follows:

## I.     PRELIMINARY STATEMENT

The Complaint contravenes the Federal Rules of Civil Procedure by improperly mixing factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult, and at times, impossible. In addition, many of the Complaint's

allegations are overly broad, vague, conclusory, and/or include terms which are undefined and susceptible to different meanings. As a result, it is difficult to understand many of the allegations of the Complaint with sufficient clarity to allow a precise answer. While Defendants have attempted to identify and respond to specific factual allegations in cases where they can be understood sufficiently to permit an answer, Defendants are not certain that they understand the exact nature of Plaintiff's allegations in all instances. Defendants therefore reserve the right to withdraw, amend, or modify its answer to the Complaint as later circumstances may warrant. Accordingly, by way of general response, all allegations in the Complaint are denied unless specifically admitted. Moreover, any factual averment that is admitted below is admitted only as to the specific facts as so stated herein and not as to any conclusions, characterizations, implications, or speculation that are contained in the averment or the Complaint as a whole. The comments and objections of this preliminary statement are incorporated, to the extent appropriate, in each numbered paragraph of this Answer. Additionally, to the extent the headings contained in the Complaint are taken to assert factual allegations against the Oppenheimer Defendants, those allegations are denied.

1.      Admitted in part, denied in part. The Oppenheimer Defendants admit that Plaintiffs purport to bring a putative class action on behalf of investors who acquired shares in the Oppenheimer New Jersey Municipal Fund (the "Fund") and purport to assert claims under the Securities Act of 1933 (the "Securities Act") and the Investment Company Act of 1940 (the "ICA"). All other allegations in this paragraph are denied.

2.      Admitted in part, denied in part. The Oppenheimer Defendants admit that the Fund is an open-end mutual fund. To the extent this paragraph purports to quote certain

documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Otherwise, the allegations are denied.

3.      Denied.  To the extent this paragraph call for a legal conclusion, no response is required.  To the extent that this paragraph is deemed to allege any facts, it is denied.

4.      Admitted in part, denied in part.  It is admitted that the rate on an inverse floater generally will vary inversely with the level of the applicable short term interest rates. The remaining allegations of this paragraph are denied.

5.      Denied.

6.      Admitted in part, denied in part.  It is admitted that the Fund's stated NAV for Class A shares was $7.90 per share as of October 21, 2008 and $11.17 per share as of January 2, 2008.  The remaining allegations are denied.

7.      Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

8.      Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.  To the extent this paragraph purports to bring claims pursuant to the ICA, no response is required because these claims were dismissed.

9.      Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.

10.      Admitted in part, denied in part.  It is admitted that the Judicial Panel on Multidistrict Litigation transferred this action to this Court.  It is admitted that the Oppenheimer Multi-State Municipal Trust is headquartered at 6803 South Tucson Way,

Centennial, Colorado.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and/or the allegations call for legal conclusions. To the extent a response is required, the allegations are denied.

11.     Admitted in part, denied in part.  It is admitted that the Court appointed Victor Sasson as Lead Plaintiff.  The Oppenheimer Defendants admit that certifications are attached to the Amended Complaint as Exhibit B.  However, the Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

12.     Admitted in part, denied in part.  It is admitted that OFI is the manager and investment advisor of the Fund and chooses the Fund's investments.  It is also admitted that OFI's subsidiaries engage in securities brokerage, banking services and other related financial services.  It is further admitted that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and is owned by Massachusetts Mutual Life Insurance Company ("MassMutual").  It is admitted that the Board of Trustees of the Fund has established certain policies relating to the work of OFI as investment advisor to the Fund.   The remaining allegations in this paragraph are denied.

13.     Admitted.

14.     Admitted.

15.     Admitted in part, denied in part.  It is admitted that MassMutual is a Delaware corporation headquartered at 1295 State Street, Springfield, MA.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate

4

and complete statement of their contents, which speak for themselves.  The remaining allegations in this paragraph are denied

16.     Admitted in part, denied in part.  It is admitted that Defendant John V. Murphy was President and Trustee of the Fund, and also Chairman, Chief Executive Officer, Director and President of the Manager.  It is further admitted that Mr. Murphy signed, individually or through an agent, the registration statements issued by the Fund during the purported Class Period.  The remaining allegations in this paragraph are denied.

17.     Admitted.

18.     Admitted in part, denied in part.  It is admitted that Robert G. Galli was a Trustee of the Fund and signed individually or through an agent, the registration statements issued by the Fund in 2005, 2006 and 2007.  The remaining allegations in this paragraph are denied.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted in part, denied in part.  It is admitted that Kenneth A. Randall was a Trustee of the Fund and signed individually or through an agent, the registration statements issued by the Fund in 2005, 2006 and 2007.  The remaining allegations in this paragraph are denied.

23.     Admitted.

24.     Admitted.

25.     Admitted.

56855-0009/LEGAL22512435.1

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted in part, denied in part. It is admitted that Ronald H. Fielding was a Vice President and a Portfolio Manager of the Fund during the purported Class Period. It is also admitted that Mr. Fielding was a Senior Vice President of the Manager and Chairman of the Rochester Division of the Manager during the purported Class Period. It is also admitted that Mr. Fielding was a portfolio manager and officer of other Oppenheimer funds during the purported Class Period. It is also admitted that Mr. Fielding was the chief strategist and a trader for the Fund and other Oppenheimer funds during the purported Class Period. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

31. Admitted in part, denied in part. It is admitted that Daniel G. Loughran was a Senior Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

32. Admitted in part, denied in part. It is admitted that Scott Cottier was a Portfolio Manager of the Fund during the purported Class Period and has been a Vice President of the Manager since 2002. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

56855-0009/LEGAL22512435.1

33.     Admitted in part, denied in part.  It is admitted that Troy E. Willis was a Portfolio Manager of the Fund during the purported Class Period and has been Assistant Vice President of the Manager since July 2005.  The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

34.     Denied.  The allegations characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

35.     Denied.  The allegations characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

36.     Admitted in part, denied in part.  It is admitted that the Fund is described as an open-end non-diversified management investment company.  The remaining allegations are denied.  To the extent the paragraph purports to quote from or characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

37.     Admitted in part, denied in part.  It is admitted that the Fund invests in what is referred to as "New Jersey municipal securities".  The remaining allegations are denied.  To the extent the paragraph purports to quote from or characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

38.     Denied.  To the extent the paragraph purports to quote from or characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

56855-0009/LEGAL22512435.1

39.     Admitted in part, denied in part.  It is admitted that, during the putative class period, three classes of the Fund's shares (A, B, and C) were offered pursuant to registration statements on the National Association of Securities Dealers Automated Quotations (NASDAQ) system under the ticker symbols ONJAX, ONJBX, and ONJCX.  The remaining allegations are denied.

40.     Admitted in part, denied in part.  It is admitted that the Fund is an open-end mutual fund and permits sales and redemptions of its shares at a stated net asset value (NAV) that is determined by dividing the stated value of the assets held by the Fund by the number of outstanding shares.  It is also admitted that the Fund's shares were offered or sold pursuant to registration statements.  It is further admitted that OFI served as fund manager and investment advisor for the Fund and OFDI served as the distributor of the Fund.  To the extent the remaining allegations in this paragraph call for a legal conclusion, no response is required.  To the extent the remaining allegations in this paragraph are deemed to allege any facts, those allegations are denied.

41.     Admitted in part, denied in part.  The Oppenheimer Defendants admit that the Fund's shares were marketed and sold to investors during the Class Period pursuant to the registration statements.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

42.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent this paragraph purports to bring claims pursuant to the ICA, no response is required because these claims were dismissed.

56855-0009/LEGAL22512435.1

43.     Denied.

44.     Denied.

45.     Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

46.     Denied.

47.     Denied as stated.  Although there are differences between liquid and illiquid securities, the Oppenheimer Defendants lack knowledge as to what is meant by "important" and "radically differ" and therefore the allegations are denied.

48.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

49.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

50.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

56855-0009/LEGAL22512435.1

51.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

52.     Admitted in part, denied in part.  It is admitted that the Fund periodically issued Statements of Investment that were incorporated into the registration statements.  The remaining allegations are denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

53.     Denied.

54.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

55.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

56.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

56855-0009/LEGAL22512435.1

57.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

58.     Admitted in part, denied in part.  It is admitted that municipal inverse floaters pay a tax-exempt coupon that generally moves inversely to a reference short-term interest rate.  It is also admitted that the Fund, as the holder of a municipal inverse floater, could receive this tax-exempt coupon payment.  The remaining allegations are denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

59.     Admitted in part, denied in part.  It is admitted that the inverse floaters that the Fund buys are governed by contracts and can be created through a cluster of interrelated transactions; namely most of the inverse floaters that the Fund buys are created when the Fund purchases a fixed-rate municipal security and subsequently transfers it to a trust created by a broker-dealer (a "sponsor").  It is also admitted that the trust divides the security into two floating-rate securities: (i) a short term floating rate security or "floater" and (ii) a residual interest or "inverse floater".  It is admitted that the trust, not the Fund, issues the floaters.  It is also admitted that the holders of the floaters have the option to tender their investment to the sponsor, or the trust's liquidity provider, but the holders of the floaters generally do not have the option to tender their investment to the Fund.  It is further admitted that inverse floaters are sometimes referred to as "residuals".  The remaining allegations are denied.

11

60.     Admitted in part, denied in part.  It is admitted that inverse floaters can have leverage, that different inverse floaters can have different amounts of leverage, and the sum of the principal of a floater and an inverse floater equals the dollar value of the principal of the underlying bond.  The remaining allegations are denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

61.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

62.     Admitted in part, denied in part.  It is admitted that holders of inverse floaters could "put" the inverse floaters back to the trust not the Fund under certain circumstances.  The remaining allegations are denied.

63.     Admitted in part, denied in part.  It is admitted that the Fund disclosed that it may enter into and did enter into separate "shortfall and forbearance" agreements for certain inverse floaters.  The remaining allegations are denied.  To the extent this paragraph purports to characterize "shortfall and forbearance" agreements, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

64.     Denied.  To the extent this paragraph purports to characterize shortfall and forbearance agreements, the Court is referred to those documents for an accurate and

complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

69.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

70.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

71.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent that this paragraph purports to bring claims pursuant to the ICA, no response is required because these claims were dismissed.

72.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

73.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

74.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

75.     Denied.

76.     Admitted in part, denied in part.  It is admitted that the majority of the Fund's assets were determined by a portfolio pricing service and that the pricing service may use comparisons to the prices for comparable instruments on the basis of quality, yield and maturity.  It is further admitted that the assets in the Fund's portfolio were primarily valued based on observable inputs and that the Fund's NAV is determined by dividing the value of the Fund's net assets attributable to that class by the number of shares of that class outstanding on that day.  The remaining allegations in the paragraph are denied.

77.     Admitted in part, denied in part.  It is admitted that the Fund's portfolio was primarily valued based on observable inputs.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

78.     Denied.

79.     Denied.

14

80.     Admitted in part, denied in part.  It is admitted that the Fund shares had a stated NAV of $11.17 per share of Class A shares on January 2, 2008 and a stated NAV of $7.90 per share of Class A shares on October 21, 2008.  To the extent the allegations in this paragraph call for legal conclusion, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  The remaining allegations in this paragraph are denied.

81.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

82.     Denied.

83.     Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.  To the extent that this paragraph is deemed to allege any facts, it is denied.

84.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

85.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

86.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

87.     Denied.

88.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.

89.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

90.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

91.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

92.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

93.     Denied.

94.     Denied.

56855-0009/LEGAL22512435.1

95.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

96.     Denied.  To the extent, the allegations in this paragraph call for a legal conclusion, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

97.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

98.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

99.     Denied.

100.    Denied.

101.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

102.    Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiffs purport to bring this lawsuit as a putative class action and purport to exclude certain entities and individuals from the putative class.  The remaining allegations are denied.

103.     Admitted in part, denied in part.  The Oppenheimer Defendants admit that the Fund has many outstanding shares and that certain records are maintained by OFI or its transfer agent.  The remaining allegations in this paragraph are denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

104.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

105.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

106.     Denied.  Certain allegations in this paragraph purport to bring fundamental policy claims pursuant to the ICA and thus no response is required because these claims were dismissed.  Moreover, the allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

107.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

108.     The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

109.     Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

110.     Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

111.     Admitted in part and denied in part.  It is admitted that the Oppenheimer Multi-State Trust issued securities and OFDI underwrote securities pursuant to the registration statements issued during the purported Class Period.  To the extent, the allegations in this paragraph call for a legal conclusion, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

119.     Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

120.     Denied.  To the extent the allegations in this paragraph call for a legal conclusion, no response is required.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Denied.

126.     Denied.

127.     The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

128.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.  The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

133.     Denied.

134.     Denied.

135.     The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

136.     No response is required.  To the extent a response is required, the allegations in this paragraph are denied.

56855-0009/LEGAL22512435.1

137.     No response is required.  To the extent a response is required, the allegations in this paragraph are admitted in part and denied in part.  The Oppenheimer Defendants admit that the Oppenheimer Multi-State Trust is a registered investment company under the ICA.

138.     No response is required.  To the extent a response is required, the allegations in this paragraph are denied.

139.     No response is required.  To the extent a response is required, the allegations in this paragraph are denied.

140.     No response is required.  To the extent a response is required, the allegations in this paragraph are denied.

141.     No response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## AFFIRMATIVE DEFENSES

Without conceding that the Oppenheimer Defendants bear any burden of proof, persuasion, or production not otherwise legally assigned to them, or that the Oppenheimer Defendants are obliged to set forth the defenses below as affirmative defenses, the Oppenheimer Defendants allege as follows:

### First Affirmative Defense

Plaintiffs and the members of the putative class are not entitled to any recovery under the Securities Act because the offering documents at issue did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

21

**Second Affirmative Defense**

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other allegedly actionable conduct attributed to any of the Oppenheimer Defendants (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

**Third Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**

Plaintiffs and the members of the putative class may not recover because they and/or their agents, financial representatives, and/or broker-dealers knew the true facts concerning the alleged misrepresentations or omissions.

**Fifth Affirmative Defense**

The facts claimed by the Complaint to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public domain and, as such, were known or available to Plaintiffs and members of the putative class.

**Sixth Affirmative Defense**

The Oppenheimer Defendants are not liable for any damages because they had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statements became effective, that the statements contained in the registration statements were true and that there was no omission of any material fact required to be stated in the registration statements or necessary to make the statements contained in the registration statements not misleading.

22

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because the Defendants did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the registration statements.

**Eighth Affirmative Defense**

Some or all of Plaintiffs' or putative class members' alleged damages did not result from the portions of the registration statements alleged to be untrue or misleading.

**Ninth Affirmative Defense**

Plaintiffs' and putative class members' claims are barred in whole, or in part, by the applicable statute of limitations and/or statute of repose.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged, and cannot prove, seller liability under Section 12(a)(2) of the Securities Act of 1933.

**Eleventh Affirmative Defense**

Plaintiffs' and putative class members' claims are barred in whole or part because, to the extent that Plaintiffs or putative class members incurred injury or damages as alleged in the Complaint, which is denied, any such injury or damages was caused in whole or in part by things other than the alleged misrepresentations or omissions, including market forces or the conduct of persons other than those of the Oppenheimer Defendants.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged, and cannot prove, a duty to disclose the allegedly omitted information.

56855-0009/LEGAL22512435.1

### Thirteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misrepresentations or omissions were neither the cause in fact nor the proximate cause of the losses or damages that Plaintiffs seek to recover in this action.

### Fourteenth Affirmative Defense

Plaintiffs and putative class members are barred in whole or in part because they assumed the risk.

### Fifteenth Affirmative Defense

Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs or putative class members seek an overlapping or duplicative recovery pursuant to the various claims against the Oppenheimer Defendants or others.

### Sixteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they lack standing.

### Seventeenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

### Eighteenth Affirmative Defense

The Oppenheimer Defendants are absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the Complaint.

### Nineteenth Affirmative Defense

Plaintiffs' putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Twentieth Affirmative Defense

The individual Oppenheimer Defendants are not liable as "controlling persons" under Section 15, as those Defendants were not control persons and/or had no knowledge or reason to know of any inaccuracies or omissions in the registration statements, and did not induce any improper acts and otherwise acted in good faith.

### Twenty-First Affirmative Defense

Some or all of the Plaintiffs or putative class members cannot recover because they suffered no losses.

### Twenty-Second Affirmative Defense

Plaintiffs are not entitled to expenses, attorneys' fees or expert fees.

### Twenty-Third Affirmative Defense

Plaintiffs and putative class members are estopped by reason of their acts, conduct, and omissions from obtaining any recovery in this action.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act of 1933.

### Twenty-Fifth Affirmative Defense

Plaintiffs and putative class members are barred by the doctrines of laches and unclean hands from obtaining any recovery in this action.

**Twenty-Sixth Affirmative Defense**

The Oppenheimer Defendants adopt and incorporate by reference all defenses asserted by any other defendant to the extent such a defense may be available to any of the Oppenheimer Defendants.

The Oppenheimer Defendants reserve the right to supplement their affirmative defenses as discovery in this action proceeds and reveals new facts not currently known to them.

**PRAYER**

WHEREFORE, the Oppenheimer Defendants pray for judgment as follows:

1.  That the Court refuse to certify this suit as a class action;

2.  That Plaintiffs and putative class members take nothing by reason of the claims asserted herein;

3.  That judgment be entered in favor of the Oppenheimer Defendants on all claims asserted herein;

4.  That the Oppenheimer Defendants be awarded their attorneys' fees and costs, including expert and witness fees; and

5.  For such other and further relief as the Court may deem just and proper.

Dated:  January 17, 2012                    Respectfully submitted,

                                            *s/ Stephanie E. Dunn*
                                            Stephanie E. Dunn
                                            Perkins Coie LLP
                                            1900 16th Street, Suite 1400
                                            Denver, CO 80202-1043
                                            Tel:  (303) 291-2300
                                            Fax:  (303) 291-2400
                                            E-mail:  sdunn@perkinscoie.com


                                            *s/ William K. Dodds*
                                            William K. Dodds
                                            Dechert LLP
                                            1095 Avenue of the Americas
                                            New York, NY 10036
                                            Tel:  (212) 698-3500
                                            Fax:  (212) 698-3599
                                            E-mail:  william.dodds@dechert.com

                                            Matthew L. Larrabee
                                            Dechert LLP
                                            One Maritime Plaza, Suite 2300
                                            San Francisco, CA 94111
                                            Tel:  (415) 262-4500
                                            Fax:  (415) 262-4555
                                            E-mail:  matthew.larrabee@dechert.com

                                            Michael S. Doluisio
                                            Dechert LLP
                                            Cira Center
                                            2929 Arch Street
                                            Philadelphia, PA 19104
                                            Tel:  (215) 994-2325
                                            Fax:  (215) 994-2222
                                            E-mail:  michael.doluisio@dechert.com

                                            Attorneys for Defendants
                                            OppenheimerFunds, Inc.,
                                            OppenheimerFunds Distributor, Inc.,
                                            Scott Cottier, Ronald H. Fielding,
                                            Daniel G. Loughran, John V. Murphy,
                                            Troy Willis, and Brian W. Wixted

                                            27

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2012, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com
- **Glen L. Abramson**
  gabramson@bm.net,gelliott@bm.net
- **Arthur H. Aufses, III**
  aaufses@kramerlevin.com
- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com
- **Francis A. Bottini, Jr.**
  fbottini@cfsblaw.com,lcox@cfsblaw.com,aringer@cfsblaw.com,
  sammirati@cfsblaw.com
- **Stephen D. Bunch**
  dbunch@cohenmilstein.com,efilings@cohenmilstein.com
- **Gary E. Cantor**
  gcantor@bm.net
- **Jeffrey A. Chase**
  jeffrey.chase@huschblackwell.com,vicky.sanders@huschblackwell.com
- **Karen Jean Cody-Hopkins**
  karen@codyhopkinslaw.com
- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com
- **William K. Dodds**
  william.dodds@dechert.com,scott.kessenick@dechert.com,kate.okeeffe@dechert.com
  ,luis.lopez@dechert.com
- **Stephanie Erin Dunn**
  sdunn@perkinscoie.com,sdunn-efile@perkinscoie.com
- **Robert J. Dyer, III**
  bob@dyerberens.com
- **Alan I. Ellman**
  aellman@labaton.com,electroniccasefiling@labaton.com
- **John Givens Emerson**
  jemerson@emersonpoynter.com,tanya@emersonpoynter.com
- **Jack G. Fruchter**
  jfruchter@aftlaw.com
- **William H. Garvin, III**
  wgarvin@garvinlawfirm.com
- **Paul J. Geller**
  pgeller@rgrdlaw.com,e_file_fl@rgrdlaw.com

28

- **Daniel Charles Girard**
  dcg@girardgibbs.com,akl@girardgibbs.com
- **Lionel Z. Glancy**
  lglancy@glancylaw.com,info@glancylaw.com
- **Gary S. Graifman**
  ggraifman@kgglaw.com,ccornfield@kgglaw.com
- **Barbara Ann Grandjean**
  barbara.grandjean@huschblackwell.com,mischelle.mayer@huschblackwell.com
- **John K. Grant**
  johnkg@csgrr.com
- **Marc C. Haber**
  mhaber@sparerlaw.com
- **Patrick John Kanouff**
  pkanouff@davisandceriani.com,lburch@davisandceriani.com,
  gceriani@davisandceriani.com, jboom@davisandceriani.com,
  acillo@davisandceriani.com
- **Christopher J. Keller**
  ckeller@labaton.com,electroniccasefiling@labaton.com
- **Phillip C. Kim**
  pkim@rosenlegal.com
- **Lawrence L. Klayman**
  lklayman@nasd-law.com
- **Kristin A. Knudson**
  kristin@dyerberens.com
- **Peter George Koclanes**
  pkoclanes@shermanhoward.com,lcrisswell@shermanhoward.com,efiling@sah.com
- **Catherine J. Kowalewski**
  katek@csgrr.com,hdemag@csgrr.com
- **Jeffrey Robert Krinsk**
  jrk@classactionlaw.com,anv@classactionlaw.com
- **Matthew L. Larrabee**
  matthew.larrabee@dechert.com,michael.doluisio@dechert.com,reginald.
  zeigler@dechert.com,muriel.korol@dechert.com,david.burkhart@dechert.com
- **Nicole C. Lavallee**
  nlavallee@bermandevalerio.com,stuiasosopo@bermandevalerio.com,
  ysoboleva@bermandevalerio.com
- **Eric Lechtzin**
  elechtzin@bm.net
- **Jonathan Krasne Levine**
  jkl@girardgibbs.com,amv@girardgibbs.com
- **Lawrence D. Levit**
  llevit@aftlaw.com
- **Charles Walter Lilley**
  clilley@lilleylaw.com

29

- **Howard T. Longman**
  Tsvi@aol.com,jasondag@ssbny.com
- **Edward Thomas Lyons, Jr.**
  elyons@joneskeller.com,rmesch@joneskeller.com
- **Lisa M. Mezzetti**
  lmezzetti@cohenmilstein.com,efilings@cohenmilstein.com
- **Robert Nolen Miller**
  rmiller@perkinscoie.com,rmiller-efile@perkinscoie.com
- **James S. Nabwangu**
  jnabwangu@sparerlaw.com
- **Darren A. Natvig**
  dnatvig@irwin-boesen.com
- **Gordon W. Netzorg**
  gnetzorg@shermanhoward.com,cdias@shermanhoward.com,
  efiling@shermanhoward.com,tgonzales@shermanhoward.com
- **Christopher J. Orrico**
  corrico@milberg.com
- **Matthew D. Pearson**
  mpearson@bermandevalerio.com,ysoboleva@bermandevalerio.com
- **Charles J. Piven**
  piven@browerpiven.com
- **Charles Michael Plavi, II**
  cmp@classactionlaw.com,anv@classactionlaw.com
- **Scott E. Poynter**
  scott@emersonpoynter.com,tanya@emersonpoynter.com,
  swilson@emersonpoynter.com
- **Andrei V. Rado**
  arado@milberg.com,MAOffice@milberg.com
- **Roland W. Riggs, IV**
  rriggs@milberg.com
- **Darren J. Robbins**
  pilarc@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Samuel H. Rudman**
  srudman@csgrr.com,dgonzales@csgrr.com
- **Sherrie R. Savett**
  ssavett@bm.net,mgatter@bm.net
- **Peter E. Seidman**
  pseidman@milberg.com
- **Christina H.C. Sharp**
  chc@girardgibbs.com,as@girardgibbs.com,amv@girardgibbs.com,
  ale@girardgibbs.com
- **Aaron Michael Sheanin**
  amv@girardgibbs.com,ams@girardgibbs.com

30

- **Kip Brian Shuman**
  kip@shumanlawfirm.com,rusty@shumanlawfirm.com
- **Mark David Smilow**
  msmilow@weisslurie.com
- **Alan W. Sparer**
  asparer@sparerlaw.com,nblake@sparerlaw.com,
  dcorkran@sparerlaw.com, playzer@sparerlaw.com
- **Olimpio Lee Squitieri**
  Lee@sfclasslaw.com,cathy@sfclasslaw.com
- **Joseph J. Tabacco, Jr.**
  jtabacco@bermandevalerio.com,stuiasosopo@bermandevalerio.com,
  ysoboleva@bermandevalerio.com
- **Steven J. Toll**
  stoll@cohenmilstein.com,efilings@cohenmilstein.com
- **Kirk Douglas Tresemer**
  ktresemer@coloradolawyers.com
- **David C. Walton**
  davew@csgrr.com,hdemag@csgrr.com
- **Joseph H. Weiss**
  jweiss@weisslurie.com,infony@weisslurie.com
- **Douglas S. Wilens**
  dwilens@rgrdlaw.com,e_file_fl@rgrdlaw.com
- **Shawn A. Williams**
  shawnw@csgrr.com

*s/ Stephanie E. Dunn*
Stephanie E. Dunn
Perkins Coie LLP
1900 16th Street, Suite 1400
Denver, CO 80202-1043
Tel:  (303) 291-2300
Fax:  (303) 291-2400
E-mail:  sdunn@perkinscoie.com

Attorneys for Defendants
OppenheimerFunds, Inc.,
OppenheimerFunds Distributor, Inc.,
Scott Cottier, Ronald H. Fielding,
Daniel G. Loughran, John V. Murphy,
Troy Willis, and Brian W. Wixted
