**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all of the MDL actions.
_____

**ORDER RE MOTIONS FOR RECONSIDERATION (DOCS. 313 & 315) AND
JOINT MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL ON LOSS CAUSATION DEFENSE (DOC. 316)**
_____

Kane, J.

On October 24, 2011, I issued a memorandum Order in these MDL securities fraud class actions (Doc. 312) granting in part and denying in part both the Oppenheimer Defendants' Joint Motion to Dismiss Consolidated Complaints (Doc. 285) and the Motion to Dismiss (Doc. 284) filed by Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"). MassMutual and the Joint Defendants move for reconsideration of both Motions (Docs. 313 & 315). MassMutual alternatively moves to certify the relation-back statute of limitations issue for interlocutory appeal. I DENY MassMutual's Motion, finding the request for reconsideration a rehash of argument already considered and rejected under a Rule 12(b)(6) standard and denying the request for certification of interlocutory appeal as unwarranted under the standards articulated in 28 U.S.C. § 1292(b). MassMutual's statute of limitations defense is preserved for consideration after the facts necessary to consider it are discerned.

I GRANT Joint Defendants' Motion for Reconsideration to (1) correct the

erroneous application of a superseded version of the Southern District of New York's decision in *TCW/DW North American Govt. Income Trust Securities Litigation*, 941 F. Supp. 326, 341 (S.D.N.Y. 1996)("Opinion on Reconsideration" appended to superseded opinion commencing at p. 341) and (2) clarify the error on page five of the October 24 Order stating that all seven of the subject Defendant municipal bond funds as having an investment objective seeking to maximize as much income exempt from federal income taxes "as is consistent with the preservation of capital." *See* Order at 5. The National Fund's investment objective did not include the "preservation of capital" language common to the other six Funds, stating simply that the Fund would seek "a high level of current income exempt from federal income taxes by investing in a diversified portfolio of high-yield municipal securities." Nat'l Prospectus (Doc. 285-1, Tab A-8). Because neither correction changes my analysis of Plaintiffs' Consolidated Class Action Complaints or my ultimate conclusion that Plaintiffs have stated viable claims for relief under §§ 11 and 12(a)(2) of the 1933 Act against each of the Funds, I DENY Defendants' Joint Motion to the extent it challenges the October 24 Order on its merits. The corrections and clarifications related to the *TDW* case and the inclusion of National Fund in the list of Funds with a "preservation of capital" investment objective are incorporated in an AMENDED ORDER, to be issued forthwith.

Legal Standard.

A motion for reconsideration of an interlocutory ruling is proper when the court has "made a mistake not of reasoning but of apprehension . . . [or] if there has been a

significant change or development in the law or facts since submission." *EEOC v. Foothills Title Guar. Co.*, 1991 WL 61012 at *3 (D. Colo. April 12, 1991), *aff'd*, 956 F.2d 277 (10th Cir. 1992); *see Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)(explaining the law of the case doctrine generally requires a court to adhere to its rulings in the interest of expeditious resolution of disputes and to prevent continued reargument of issues already decided). It is not a second opportunity for the losing party to make its strongest case, rehash arguments, or dress up arguments that have previously failed. *See Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). MassMutual's Motion for Reconsideration falls into the latter category and is DENIED. The viable part of the Joint Defendants' Motion falls into the former and is addressed below.

Discussion.

*The TCW/DW "Opinion on Reconsideration" neither changes the §§ 11 and 12(a)(2) analysis employed in my October 24 Order nor convinces me to alter my conclusions.*

As Defendants point out, it was the district court's "Opinion on Reconsideration" in *TCD/DW* to which they were citing, not the superseded Order that appeared before it at the same Federal Supplement Reporter cite. *See In re TCW/DW North Am. Gov. Income Trust Securities Litig.*, 941 F. Supp. 326 (S.D.N.Y. 1996)(reporting sequentially district court's Order dated May 8, 1996, and its Opinion Denying Reconsideration and Amending Decision dated August 27, 1996). While the court in the latter opinion did consider whether a mutual fund investment objective seeking "a high level of current

income while maintaining relatively low volatility of principal" supported a §§ 11 or 12(a)(2) claim, its conclusion was neither particularly discerning nor categorical. The court in *TDW/DW* simply considered whether that objective, standing alone without regard to other disclosures or omissions in the complaint, was a statement "a reasonable investor would consider important in deciding whether or not to invest" and answered the question in the negative. 941 F. Supp. at 338-39. This finding, the court noted, was "consistent" with its previous determination that allegations of inadequate disclosure elsewhere in the TDW prospectus regarding the "maturity extension risk related to [collateralized mortgage obligations]" did state viable §§ 11 and 12(a)(2) claims, because "[t]he characterization of a debt security as either a long or short term security is a characterization which a reasonable investor might consider important." *Id.*, n. 6. Accordingly, the court in the second *TCW/DW* opinion engaged in the same materiality analysis regarding fund investment objectives as I did in my October 24 Order, simply coming out with a different answer.

Because my analysis of the Funds' expressly stated investment objectives turned not on whether they were materially misleading standing alone, but whether they were rendered misleading given the totality of other actionable statements and omissions in the Funds' offering materials, the *TCW/DW* opinion is neither contradictory nor dispositive. Defendants' Motion to Reconsider the merits of the October 24 Order based on its application of the wrong *TCW/DW* opinion is DENIED.

*My conclusions regarding the misleading nature of the National Fund*

*Prospectus and risk disclosures did not turn on a specifically articulated "capital preservation" investment objective.*

My inclusion of National Fund in the group of Funds with a "preservation of capital" investment objective is more problematic given how the October 24 Order sets up its analysis, but it, too, is not fatal to the ultimate disposition of Defendants' Motions. None of Plaintiffs' claims hinged solely on the "preservation of capital" language and neither did my analysis.  Lead Plaintiffs' claims against the National Fund, like Lead Plaintiffs' claims generally, focused instead on the Funds' representations regarding managers' "careful assessment" and monitoring of portfolios, inverse floaters, trust collapses, liquidity, and risk.  *See* Nat'l Compl. (Doc. 244) at 1-4.  My overarching conclusion with regard to the National Fund is that its Prospectus – like those of the other Funds – included statements and omissions regarding inverse floaters, liquidity, risk, and value that cannot, irrespective of any "capital preservation" language in its investment objective,  be said to have been immaterial as a matter of law.  The Amended Order will correct the error and clarify my analysis.

Dated January 18, 2012.                                **s/John L. Kane**
                                                       SENIOR U.S. DISTRICT JUDGE