**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This document relates to all of the MDL actions.

---

**STIPULATION AND PROTECTIVE ORDER**

---

**Kane, J.**

      Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

      1.   In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

      2.   "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: (i) information about any

Party's operations, policies, procedures, techniques, accounts and personnel; (ii) information used by any Party in carrying on its business, including business plans, operations, products, services, methods, clients, equipment, systems, hardware, software, tools, methodology, calculations, pricing, or marketing; (iii) information relating to the Parties' proprietary products, services, and technologies, know-how, trade secrets, discoveries, research and development activities, inventions, patents, trademarks, service marks, and other forms of intellectual property, analyses, and compilations; (iv) information relating to any individual Party or a customer or employee of the Parties, and/or that represents customer data that is Non-public Personal Information for purposes of Regulation S-P promulgated by the U.S. Securities and Exchange Commission under the Securities Exchange Act of 1934, as amended, or any similar state or federal law or regulation to which the Parties are subject as to such information, relating to shareholders or former shareholders of Oppenheimer AMT-Free Municipals, Oppenheimer AMT-Free New York Municipals, Oppenheimer California Municipal Fund, Oppenheimer Rochester National Municipals, Oppenheimer New Jersey Municipal Fund, Oppenheimer Pennsylvania Municipal Fund, Rochester Fund Municipals, or Oppenheimer Multi-State Municipal Trust or any other OFI mutual fund or account managed by OFI; (v) information entitled to protection under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other federal, state or other applicable law, rule, or regulation; (vi) information that is the subject of another confidentiality agreement; or (vii) any other information which would be detrimental to the disclosing party if disclosure to persons other than those specified herein would reasonably be expected to result in injury to the designating party.

3.   Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

     a.   By imprinting the word "Confidential" on the first page or cover of any document produced;

     b.   By imprinting the word "Confidential" next to or above any response to a discovery request; and

     c.   With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.   All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

     a.   It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

     b.   It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.   Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.   The Party's counsel who discloses Confidential Information shall be responsible for

assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.   During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.   No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation or persons working for them or under their supervision, in their law firms or at other companies, and such copies shall be made and used solely for purposes of this litigation.

9.   During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom, pursuant to paragraph 8 above.

10.   If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent

4

with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall

immediately return to the producing party all Confidential Information provided subject to this Protective Order, or certify that the Confidential Information has been destroyed.  Counsel will be permitted to keep their work product that refers to, is based upon, summarizes or otherwise is related to Confidential Information.  At that time, counsel shall also certify to opposing counsel that any person who has received Confidential Information has returned or destroyed all Confidential Information.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 20th day of January, 2012.

BY THE COURT:

_s/John L. Kane_____
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED TO:**

_s/ Stephanie Dunn_____
Stephanie Dunn
**PERKINS COIE LLP**
1900 16th Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: sdunn@perkinscoie.com


_s/ William Dodds_____
William K. Dodds

_s/  Kip B. Shuman_____
Kip B. Shuman
Rusty Glenn
**THE SHUMAN LAW FIRM**
885 Arapahoe Avenue
Boulder, Colorado  80302
Telephone: (303) 861-3003
Facsimile: (303) 484-4886
Email: kip@shumanlawfirm.com
Email: rusty@shumanlawfirm.com

*Liaison Counsel for Lead Plaintiffs*

Matthew L. Larrabee
**DECHERT, LLP-NEW YORK**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (215) 698-3599
Email: william.dodds@dechert.com

*Attorneys for Defendants OppenheimerFunds,
Inc.,*
*OppenheimerFunds Distributor, Inc., Scott S.*
*Cottier, Ronald H. Fielding, Daniel G.*
*Loughran, John V. Murphy, Brian Petersen,*
*Richard Stein, Brian Szilagyi, Mark S.*
*Vandehey, Troy E. Willis, Brian W. Wixted*


  *s/ Arthur Aufses*
Arthur H. Aufses, III
**KRAMER LEVIN NAFTALIS &**
**FRANKEL LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000 (fax)
Email: aaufses@kramerlevin.com


  *s/ Edward T. Lyons, Jr.*
Edward T. Lyons, Jr.
**JONES & KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133 (fax)
Email: elyons@joneskeller.com

*Attorneys for Defendants*
*Oppenheimer AMT-Free Municipals,*
*Oppenheimer AMT-Free New York*
*Municipals, Oppenheimer California*

  *s/   Steven J. Toll*
Steven J. Toll
Lisa M. Mezzetti
S. Douglas Bunch
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
1100 New York Avenue, N.W.
West Tower #500
Washington, DC 20005-3934
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
Email: lmezzetti@cohenmilstein.com
Email: dbunch@cohenmilstein.com

*Lead Counsel in Rochester Fund Municipals*
*and AMT-Free Municipal Fund Litigation*


  *s/   Peter E. Seidman*
Sanford P. Dumain
Peter E. Seidman
Roland W. Riggs
Christopher J. Orrico
**MILBERG LLP**
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail: sdumain@milberg.com
E-mail: pseidman@milberg.com
E-mail: rriggs@milberg.com
E-mail: corrico@milberg.com

*Lead Counsel in New Jersey Municipal Fund,*
*AMT-Free New York Municipal Fund and*
*Rochester National Municipal Fund Litigation*


  *s/   Alan W. Sparer*
Alan W. Sparer
Marc C. Haber
**SPARER LAW GROUP**

7

*Municipal Fund, Oppenheimer Multi-State*
*Municipal Trust, Oppenheimer Rochester*
*National Municipals, Oppenheimer New Jersey*
*Municipal Fund, Oppenheimer Pennsylvania*
*Municipal Fund, Rochester Fund Municipals,*
*Brian F. Wruble, Clayton K. Yeutter, David K.*
*Downes, Edward V. Regan, Joel W. Motley,*
*John Cannon, Joseph M. Wikler, Kenneth A.*
*Randall, Lacy B. Herrmann, Mary F. Miller,*
*Mary Ann Tynan, Matthew P. Fink, Paul Y.*
*Clinton, Peter I. Wold, Phillip A. Griffiths,*
*Robert G. Galli, Russell S. Reynolds, Jr.,*
*Thomas W. Courtney*

  *s/  Patrick J. Kanouff*
Patrick J. Kanouff
Joshua D. Franklin
**DAVIS & CERIANI PC**
1350 17th Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 534-9000
Facsimile:  (303) 534-4618
Email: pkanouff@davisandceriani.com
Email: jfranklin@davisandceriani.com

*Attorneys for Defendant*
*Massachusetts Mutual Life Insurance*
*Company*

100 Pine Street
33rd Floor
San Francisco, CA 94111
Telephone: (415) 217-7300
Facsimile: (415) 217-7307
Email: asparer@sparerlaw.com
Email: mhaber@sparerlaw.com

*Lead Counsel in California Municipal Fund*
*Litigation*

  *s/  Sherrie R. Savett*
Sherrie R. Savett
Glen L. Abramson
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia , PA 19103
Telephone: (215) 875-3038
Facsimile: (312) 875-4604
Email: ssavett@bm.net
Email: gabramson@bm.net

*Lead Counsel in Pennsylvania Municipal Fund*
*Litigation*

  *s/  Daniel C. Girard*
Daniel C. Girard
Amanda M. Steiner
Christina C. Sharp
**GIRARD GIBBS LLP**

601 California Street, 14th Floor
San Francisco, CA 94108
(415) 981-4800 (telephone)
(415) 981-4846 (facsimile)
Email:  dcg@girardgibbs.com
Email:  ams@girardgibbs.com
Email:  chc@girardgibbs.com

*Additional Counsel for Lead Plaintiff Joseph*
*Stockwell in the California Fund cases*

8

**EXHIBIT A**

**DECLARATION**

_____, states under penalty of perjury:

1.      I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that I am receiving materials described in the Protective Order as Confidential Information.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this _____ day of _____, 20___.


_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (___)_____