IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This document relates to:   *In re California Municipal Fund*
                            09-cv-1484-JLK (Lowe)
                            09-cv-1485-JLK (Rivera)
                            09-cv-1486-JLK (Tackmann)
                            09-cv-1487-JLK (Milhelm)

---

## OPPENHEIMER DEFENDANTS' ANSWER TO THE AMENDED CLASS ACTION COMPLAINT

---

Defendants OppenheimerFunds, Inc. ("OFI"), OppenheimerFunds Distributor, Inc. ("OFDI"), John V. Murphy, Brian W. Wixted, Ronald H. Fielding, Daniel G. Loughran, Scott Cottier, and Troy E. Willis  (collectively, the "Oppenheimer Defendants" or the "Defendants"), hereby answer the Amended Class Action Complaint (the "Complaint") filed by Joseph Stockwell ("Plaintiff"), ECF No. 250.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the Investment Company Act of 1940 ("ICA").  Thus, no response to any of those claims or allegations is required. Subject to the foregoing, the Oppenheimer Defendants answer the Complaint as follows:

## PRELIMINARY STATEMENT

The Complaint contravenes the Federal Rules of Civil Procedure by improperly mixing factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult and, at times, impossible.  In addition, many of the Complaint's allegations are overly broad, vague, conclusory, and/or include terms that are undefined and susceptible to different meanings.  As a result, it is difficult to understand many of the allegations in the Complaint with sufficient clarify to allow a precise answer.  While Defendants have attempted to identify and respond to specific factual allegations in cases where they can be understood sufficiently to permit an answer, Defendants are not certain that they understand the exact nature of Plaintiff's allegations in all instances.  Defendants therefore reserve the right to withdraw, amend, or modify its answer to the Complaint as later circumstances may warrant.  Accordingly, by way of general response, all allegations in the Complaint are denied unless specifically admitted.  Moreover, any factual averment that is admitted below is admitted only as to the specific facts as so stated herein and not as any conclusions, characterizations, implications, or speculation that are contained in the averment or the Complaint as a whole.  The comments and objections of this preliminary statement are incorporated, to the extent appropriate, in each numbered paragraph of this Answer.  Additionally, to the extent the headings contained in the Complaint are taken to assert factual allegations against the Oppenheimer Defendants, those allegations are denied.

1.      Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiff purports to bring a putative class action.  All other allegations in this paragraph are denied.

2.      Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiffs purport to bring a putative class action on behalf of certain investors who purchased or held shares in the Oppenheimer California Municipal Bond Fund (the "Fund") between September 27, 2006 and November 28, 2008.  It is admitted that, during the putative class period, the ticker symbol for Class A shares was OPCAX, the ticker symbol for Class B shares was OCABX, and the ticker symbol for Class C shares was OCACX.  All other allegations in this paragraph are denied.

3.      Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiffs purport to assert claims under the Securities Act of 1933 (the "Securities Act"), the ICA, California's Unfair Competition Law, and based on allegations of breaches of fiduciary duties.  All other allegations in this paragraph are denied.

4.      Denied.

5.      Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

6.      Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

7.      Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

8.      Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

9.      Denied.

10.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

11.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

12.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

13.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

14.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

15.     Denied.

16.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

17.     Denied.

18.     Denied as stated.  The Oppenheimer Defendants lack knowledge as to what is meant by this paragraph, as it contains an incomplete sentence.

19.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

20.     Denied.

21.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

22.     Denied.   To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

23.     Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

24.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

25.     Admitted in part, denied in part.  It is admitted that the Fund's stated NAV for Class A shares was $6.36 as of November 28, 2008.  The remaining allegations are denied.

26.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

27.     Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

28.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

29.     Admitted in part, denied in part.  It is admitted that these consolidated cases were originally filed in the United States District Court for the Northern District of California.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

30.     Admitted in part, denied in part.  It is admitted that the Judicial Panel on Multidistrict Litigation transferred this action to this Court.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and/or the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

31.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

32.     Admitted in part, denied in part.  It is admitted that the Court appointed Joseph Stockwell as Lead Plaintiff.  The Oppenheimer Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

33.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

34.     Admitted in part, denied in part.  It is admitted that the Fund is registered under the ICA as an open-ended investment management company.  It is admitted that the Fund was organized as a Massachusetts business trust in 1988 and is headquartered at 6803 South Tucson Way, Centennial, Colorado 80112.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  The remaining allegations in this paragraph are denied.

35.     Admitted in part, denied in part.  It is admitted that OFI is the manager and investment advisor of the Fund and chooses the Fund's investments.  It is also admitted that OFI's subsidiaries engage in brokerage, banking services and other related financial services.  It is further admitted that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and is owned by Oppenheimer Acquisition Corp., a holding company that is owned by Massachusetts Mutual Life Insurance Company ("MassMutual").  It is admitted that the Board of Trustees has established certain policies relating to the work of OFI as investment advisor to the Fund.

It is admitted that OFI receives a management fee.  The remaining allegations in this paragraph are denied.

36.     Admitted.

37.     Admitted in part, denied in part.  It is admitted that MassMutual is a Delaware corporation headquartered at 1295 State Street, Springfield, Massachusetts 01111-0001.  It is admitted that MassMutual's subsidiaries provide insurance, real estate management, investment advisory, and asset management services.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves. The remaining allegations of this paragraph are denied.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Denied.

42.     Admitted.

43.     Admitted in part, denied in part.  It is admitted that Robert G. Galli was a Trustee of the Fund and signed individually or through an agent, the registration statements issued by the Fund in 2005, 2006, and 2007.  The remaining allegations in this paragraph are denied.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted in part, denied in part.  It is admitted that Clayton K. Yeutter was a Trustee and Chairman of the Board of Trustees of the Fund from the beginning of the purported Class Period through December 31, 2006.  It is also admitted that Mr. Yeutter signed the registration statement that became effective September 27, 2006.  The remaining allegations are denied.

50.     Admitted.

51.     Admitted.

52.     Admitted in part, denied in part.  It is admitted that Ronald H. Fielding was a Vice President and Senior Portfolio Manager of the Fund during the purported Class Period.  It is also admitted that Mr. Fielding was a portfolio manager, officer, trader, and the chief strategist for the Fund and other Oppenheimer funds during the purported Class Period.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

53.     Admitted in part, denied in part.  It is admitted that Daniel G. Loughran was a Senior Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period.  It is also admitted that Mr. Loughran was a team leader,

Senior Portfolio Manager, an officer, and a trader for the Fund and other Oppenheimer funds during the purported class period.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

54.     Admitted in part, denied in part.  It is admitted that Scott Cottier was a Senior Portfolio Manager of the Fund during the purported Class Period and has been a Vice President of the Manager since 2002.  It is also admitted that Mr. Cottier was a Senior Portfolio Manager, an officer, and a trader for the Fund and other Oppenheimer funds during the purported class period.   To the extent the allegations in this paragraph allege conclusions of law, no response is required. All other allegations in this paragraph are denied.

55.     Admitted in part, denied in part.  It is admitted that Troy E. Willis was a Senior Portfolio Manager of the Fund during the purported Class Period and has been Assistant Vice President of the Manager since 2005.  It is also admitted that Mr. Willis was a Senior Portfolio Manager, an officer, and a trader for the Fund and other Oppenheimer funds during the purported class period.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

56.     Denied.  The allegations characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

57.    Denied.  The allegations characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

58.    Admitted in part, denied in part.  It is admitted that the Fund is an open-ended investment management company.  It is admitted that OFI is the manager of the Fund.   It is admitted that, during the putative class period, the Fund offered investors three different classes of shares, and the ticker symbol for Class A shares was OPCAX, the ticker symbol for Class B shares was OCABX, and the ticker symbol for Class C shares was OCACX.  All other allegations in this paragraph are denied.

59.    Admitted in part, denied in part as stated.  It is admitted that the Fund filed a post-effective amendment pursuant to Rule 485(b) promulgated pursuant to the Securities Act, which amendment became effective on September 27, 2006.  It is admitted that the Fund filed a post-effective amendment pursuant to Rule 485(b) promulgated pursuant to the Securities Act, which amendment became effective on March 8, 2007.  It is admitted that the Fund filed a post-effective amendment pursuant to Rule 485(b) promulgated pursuant to the Securities Act, which amendment became effective on October 31, 2007.  All other allegations as stated are denied.  The Oppenheimer Defendants lack knowledge as to what, if anything, was omitted from this paragraph, as it appears to be incomplete.

60.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, it is denied.

61.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, it is denied.

62.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

63.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

64.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

65.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

66.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent this paragraph purports to bring claims pursuant to the ICA, no response is required because these claims were dismissed. To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

67.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

68.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

69.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, it is denied.

70.     Denied.  To the extent this paragraph purports to bring claims pursuant to the ICA, no response is required because these claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, it is denied.

71.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

72.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

73.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

74.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

75.     Admitted in part, denied in part.  It is admitted that Standard & Poor's top four ratings categories (AAA, AA, A, and BBB) are commonly known as investment-grade ratings.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

76.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

77.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

78.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

79.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

80.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

81.     Denied.

82.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

83.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

84.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

85.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

86.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

87.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

88.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

89.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, it is denied.

90.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

91.     Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

92.     Denied.  To the extent the allegations purport to bring claims pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

93.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

94.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

95.    Denied.

96.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

97.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

98.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, it is denied.

99.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

100.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.   All other allegations in this paragraph are denied.

101.    Denied.

102.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

103.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

104.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  All other allegations in this paragraph are denied.

105.    Denied.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and/or the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

106.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

107.    Denied as stated.  Although there are differences between liquid and illiquid securities, the Oppenheimer Defendants lack knowledge as to what is meant by "important" and "radically differ" and therefore the allegations are denied.  All other allegations in this paragraph are denied.

108.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

109.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

110.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

111.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

112.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

113.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

114.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, it is denied.

115.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

116.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

117.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

118.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

119.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

120.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

121.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

122.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph

allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

123.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

124.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

125.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

126.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

127.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

128.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

129.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

130.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

131.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

132.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

133.   Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

134.   Denied.  To the extent the allegations in this paragraph call for legal conclusions, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

135.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

136.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

137.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

138.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

139.   Admitted in part, denied in part.  It is admitted that municipal inverse floaters pay a tax-exempt coupon that generally moves inversely to a reference short-term interest rate.  It is also admitted that the Fund, as holder of a municipal inverse floater,

could receive this tax-exempt coupon payment.  The remaining allegations are denied.

To the extent this paragraph purports to characterize certain documents, the Court is

referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  To the extent the allegations in this paragraph allege

conclusions of law, no response is required.

140.    Admitted in part, denied in part.  It is admitted that the inverse floaters that

the Fund buys are governed by contracts and can be created through a cluster of

interrelated transactions; namely most of the inverse floaters that the Fund buys are

created by a broker-dealer (a "sponsor").  It is also admitted that the trust divides the

security into two floating rate securities: (i) a short term floating rate security or "floater"

and (ii) a residual interest or "inverse floater".  It is admitted that the trust, not the Fund,

issues the floaters.  It is also admitted that the holders of the floaters have the option to

tender their investment to the sponsor, or the trust's liquidity provider, but the holders of

the floaters generally do not have the option to tender their investment to the Fund.  It is

further admitted that inverse floaters are sometimes referred to as "residuals".  The

remaining allegations are denied.

141.    Denied.

142.    Admitted in part, denied in part.  It is admitted that inverse floaters can

have leverage and that different inverse floaters can have different amounts of leverage.

The remaining allegations are denied.  To the extent this paragraph purports to

characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

143.   Denied.

144.   Denied.

145.   Admitted in part, denied in part.  It is admitted that holders of inverse floaters could "put" the inverse floaters back to the trust, not the Fund, under certain circumstances.  The remaining allegations are denied.

146.   Admitted in part, denied in part.  It is admitted that the Fund disclosed that it may enter and did enter into separate "shortfall and forbearance" agreements for certain inverse floaters.  The remaining allegations are denied.  To the extent this paragraph purports to characterize "shortfall and forbearance" agreements, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

147.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

148.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

149.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

150.     Denied. To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, it is denied.

151.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

152.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

153.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

154.     Admitted in part, denied in part.  It is admitted that the holders of the short term floating rate securities have the option to tender their investments to the sponsor, or the trust's liquidity provider.  The remaining allegations are denied.  To the extent this

paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

155.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

156.   Denied.

157.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

158.   Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  All other allegations in this paragraph are denied.

159.   Denied.

160.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

161.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete

statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

162.   Denied.

163.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

164.   Denied.

165.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

166.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this complaint are denied.

167.   Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

168.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

169.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

170.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

171.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

172.    Denied.

173.    Denied.

174.    Admitted in part, denied in part.  It is admitted that that the Fund's NAV for Class A shares was $6.36 per share on November 28, 2008.   All other allegations in this paragraph are denied.

175.    Denied.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent

this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

176.   Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiff purports to bring this lawsuit as a putative class action.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

177.   Admitted in part, denied in part.  The Oppenheimer Defendants admit that Plaintiff purports to exclude certain entities and individuals from the putative class.  To the extent a response is required, the allegations are denied.

178.   Denied.  The allegations characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

179.   Denied.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and/or the allegations call for legal conclusions.  To the extent a response is required, the allegations are denied.

180.   Admitted in part, denied in part.  The Oppenheimer Defendants admit that the Fund has many outstanding shares and that certain records are maintained by OFI or its transfer agent.  The remaining allegations in this paragraph are denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

181.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

182.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.To the extent that this paragraph is deemed to allege any facts, they are denied.

183.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.To the extent that this paragraph is deemed to allege any facts, they are denied.

184.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.To the extent that this paragraph is deemed to allege any facts, they are denied.

185.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

186.    The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

187.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

188.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

189.   Admitted in part, denied in part.  It is admitted that the Fund issued securities.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

190.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

191.   Admitted in part, denied in part.  It is admitted that OFDI underwrote securities pursuant to the registration statements issued during the purported Class Period.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

192.   Admitted in part, denied in part.  It is admitted that the Trustee Defendants signed or authorized the signing of certain registration statements issued during the purported Class Period.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

193.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

194.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

195.   Denied.  The Oppenheimer Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

196.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

197.   Denied.

198.   The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

199.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

200.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

201.    Admitted in part, denied in part.  It is admitted that the Fund issued securities pursuant to the registration statements issued during the purported Class Period. All other allegations in this paragraph are denied.

202.    Admitted in part, denied in part.  It is admitted that OFI is the manager and investment advisor of the Fund and chooses the Fund's investments.  All other allegations in this paragraph are denied.

203.    Admitted in part, denied in part.  It is admitted that OFDI underwrote securities pursuant to the registration statements issued during the purported Class Period. All other allegations in this paragraph are denied.

204.    Denied.   To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

205.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

206.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

207.    Denied.

208.    The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

209.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

210.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

211.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

212.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

213.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

214.    The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

215.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required. To the extent a response is required, the allegations in this paragraph are denied.

216.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, it is admitted that the Fund is a registered investment company under the ICA.

217.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

218.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

219.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

220.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

221.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

222.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

223.    The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations in this paragraph are denied.

224.    The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

225.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

226.    Denied.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations of this paragraph are denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

227.    Denied.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent a response is required, the allegations of this paragraph are denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

228.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

229.    Admitted in part, denied in part.  It is admitted that the Fund invests mainly in California municipal securities.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

230.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

231.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

232.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

233.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

234.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

235.    The Oppenheimer Defendants incorporate by reference their responses to each and every allegation above as if set forth fully herein.

236.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

237.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

238.    Denied.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.  To the extent a response is required, the allegations of this paragraph are denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

239.   Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

## AFFIRMATIVE DEFENSES

Without conceding that the Oppenheimer Defendants bear any burden of proof, persuasion, or production not otherwise legally assigned to them, or that the Oppenheimer Defendants are obliged to set forth the defenses below as affirmative defenses, the Oppenheimer Defendants allege as follows:

### First Affirmative Defense

Plaintiffs and the members of the putative class are not entitled to any recovery under the Securities Act because the offering documents at issue did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements not misleading.

### Second Affirmative Defense

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other allegedly actionable conduct attributed to any of the Oppenheimer Defendants (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiffs and the members of the putative class may not recover because they and/or their agents, financial representatives, and/or broker-dealers knew the true facts concerning the alleged misrepresentations or omissions.

### Fifth Affirmative Defense

The facts claimed by the Complaint to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public domain and, as such, were known or available to Plaintiffs and members of the putative class.

### Sixth Affirmative Defense

The Oppenheimer Defendants are not liable for any damages because they had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statements became effective, that the statements contained in the registration statements were true and that there was no omission of any material fact required to be stated in the registration statements or necessary to make the statements contained in the registration statements not misleading.

### Seventh Affirmative Defense

Plaintiffs' claims are barred because the Defendants did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe,

that any misstatements or omissions of material fact existed in any of the registration statements.

### Eighth Affirmative Defense

Some or all of Plaintiffs' or putative class members' alleged damages did not result from the portions of the registration statements alleged to be untrue or misleading.

### Ninth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole, or in part, by the applicable statute of limitations and/or statute of repose.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged, and cannot prove, seller liability under Section 12(a)(2) of the Securities Act.

### Eleventh Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or part because, to the extent that Plaintiffs or putative class members incurred injury or damages as alleged in the Complaint, which is denied, any such injury or damages was caused in whole or in part by things other than the alleged misrepresentations or omissions, including market forces or the conduct of persons other than those of the Oppenheimer Defendants.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged, and cannot prove, a duty to disclose the allegedly omitted information.

### Thirteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misrepresentations or omissions were neither the cause in fact nor the proximate cause of the losses or damages that Plaintiffs seek to recover in this action.

### Fourteenth Affirmative Defense

Plaintiffs and putative class members are barred in whole or in part because they assumed the risk.

### Fifteenth Affirmative Defense

Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs or putative class members seek an overlapping or duplicative recovery pursuant to the various claims against the Oppenheimer Defendants or others.

### Sixteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they lack standing.

### Seventeenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred in whole or in part because they failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

### Eighteenth Affirmative Defense

The Oppenheimer Defendants are absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the Complaint.

### Nineteenth Affirmative Defense

Plaintiffs' putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### Twentieth Affirmative Defense

The individual Oppenheimer Defendants are not liable as "controlling persons" under Section 15, as those Defendants had no knowledge or reason to know of any inaccuracies or omissions in the registration statements, and did not induce any improper acts and otherwise acted in good faith.

### Twenty-First Affirmative Defense

Some or all of the Plaintiffs or putative class members cannot recover because they suffered no losses.

### Twenty-Second Affirmative Defense

Plaintiffs are not entitled to expenses, attorneys' fees or expert fees.

### Twenty-Third Affirmative Defense

Plaintiffs and putative class members are estopped by reason of their acts, conduct, and omissions from obtaining any recovery in this action.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act.

### Twenty-Fifth Affirmative Defense

Plaintiffs and putative class members are barred by the doctrines of laches and unclean hands from obtaining any recovery in this action.

### Twenty-Sixth Affirmative Defense

Plaintiffs' state law claims are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1).

### Twenty-Seventh Affirmative Defense

Plaintiffs' state law claims are barred because such claims are derivative and may be asserted only derivatively on behalf of the Fund.

### Twenty-Eighth Affirmative Defense

Plaintiffs' state law claims asserted against the Trustee Defendants are barred by the Fund's Declaration of Trust.

## Twenty-Ninth Affirmative Defense

Plaintiffs' California UCL claim is barred to the extent it is premised on vicarious liability against any and all of the Oppenheimer Defendants.

## Thirtieth Affirmative Defense

The Oppenheimer Defendants adopt and incorporate by reference all defenses asserted by any other defendant to the extent such a defense may be available to any of the Oppenheimer Defendants.

The Oppenheimer Defendants reserve the right to supplement their affirmative defenses as discovery in this action proceeds and reveals new facts not currently known to them.

## PRAYER

WHEREFORE, the Oppenheimer Defendants pray for judgment as follows:

1.     That the Court refuse to certify this suit as a class action;

2.     That Plaintiffs and putative class members take nothing by reason of the claims asserted herein;

3.     That judgment be entered in favor of the Oppenheimer Defendants on all claims asserted herein;

4.     That the Oppenheimer Defendants be awarded their attorneys' fees and costs, including expert and witness fees; and

5.     For such other and further relief as the Court may deem just and proper.

Dated this 13th day of May, 2013.

Respectfully submitted,

**MCKENNA LONG & ALDRIDGE LLP**

*s/ Lino S. Lipinsky de Orlov*
Lino S. Lipinsky de Orlov
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone:  (303) 634-4000
Facsimile:  (303) 634-4400
Email:  llipinsky@mckennalong.com

-And-

Matthew L. Larrabee
Dechert LLP
One Maritime Plaza, Suite 2300
San Francisco, CA 94111
Tel: (415) 262-4500
Fax: (415) 262-4555
E-mail: matthew.larrabee@dechert.com

-And-

Michael S. Doluisio
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2325
Fax: (215) 994-2222
E-mail: michael.doluisio@dechert.com

*Attorneys for Defendants*
*OppenheimerFunds, Inc.,*
*OppenheimerFunds Distributor, Inc.,*
*Scott Cottier, Ronald H. Fielding,*
*Daniel G. Loughran, John V. Murphy,*
*Troy Willis, Brian W. Wixted, and MassMutual*
*Life Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2013, I filed a true and correct copy

of the foregoing **OPPENHEIMER DEFENDANTS' ANSWER TO THE AMENDED**

**CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system

which will send notification of such filing to the following email addresses:

**Jeffrey S. Abraham**
jabraham@aftlaw.com
**Glen L. Abramson**
gabramson@bm.net,g_elliott@bm.net
**Arthur H. Aufses, III**
aaufses@kramerlevin.com
**Jeffrey Allen Berens**
jeff@dyerberens.com, jeffreyberens@comcast.net, darby@dyerberens.com
**Francis A. Bottini , Jr**
fbottini@cfsblaw.com, lcox@cfsblaw.com, aringer@cfsblaw.com,
sammirati@cfsblaw.com
**David A.P. Brower**
brower@browerpiven.com
**Stephen D. Bunch**
dbunch@cohenmilstein.com, efilings@cohenmilstein.com
**Gary E. Cantor**
gcantor@bm.net
**Karen Jean Cody-Hopkins**
karen@codyhopkinslaw.com
**Patrick V. Dahlstrom**
pdahlstrom@pomlaw.com
**William K. Dodds**
william.dodds@dechert.com, scott.kessenick@dechert.com,kate.okeeffe@dechert.com,
luis.lopez@dechert.com
**Robert J. Dyer , III**
bob@dyerberens.com
**Alan I. Ellman**
aellman@labaton.com, electroniccasefiling@labaton.com
**John Givens Emerson**
jemerson@emersonpoynter.com, tanya@emersonpoynter.com
**Joshua David Franklin**

jfranklin@davisandceriani.com, lburch@davisandceriani.com
**Jack G. Fruchter**
jfruchter@aftlaw.com
**Michael Lawrence Gallo**
mgallo@sparerlaw.com
**William H. Garvin , III**
wgarvin@garvinlawfirm.com
**Paul J. Geller**
pgeller@rgrdlaw.com, e_file_fl@rgrdlaw.com
**Daniel Charles Girard**
dcg@girardgibbs.com, akl@girardgibbs.com
**Lionel Z. Glancy**
lglancy@glancylaw.com, info@glancylaw.com
**Rusty Evan Glenn**
rusty@shumanlawfirm.com
**Gary S. Graifman**
ggraifman@kgglaw.com, ccornfield@kgglaw.com
**John K. Grant**
johnkg@csgrr.com
**Marc C. Haber**
mhaber@sparerlaw.com
**Christopher J. Keller**
ckeller@labaton.com, electroniccasefiling@labaton.com
**Phillip C. Kim**
pkim@rosenlegal.com
**Lawrence L. Klayman**
lklayman@nasd-law.com
**Kristin A. Knudson**
kristin@dyerberens.com
**Catherine J. Kowalewski**
katek@csgrr.com, hdemag@csgrr.com
**Jeffrey Robert Krinsk**
jrk@classactionlaw.com , anv@classactionlaw.com
**Matthew L. Larrabee**
matthew.larrabee@dechert.com,
michael.doluisio@dechert.com,reginald.zeigler@dechert.com, joshua.hess@dechert.com,
david.burkhart@dechert.com
**Nicole C. Lavallee**
nlavallee@bermandevalerio.com, stuiasosopo@bermandevalerio.com,
ysoboleva@bermandevalerio.com

**Eric Lechtzin**
elechtzin@bm.net
**Jonathan Krasne Levine**
jkl@girardgibbs.com, amv@girardgibbs.com
**Lawrence D. Levit**
llevit@aftlaw.com
**Charles Walter Lilley**
clilley@lilleylaw.com
**Lino S. Lipinsky de Orlov**
llipinsky@mckennalong.com, lfking@mckennalong.com
**Howard T. Longman**
Tsvi@aol.com, jasondag@ssbny.com
**Edward Thomas Lyons, Jr.**
elyons@joneskeller.com, rmesch@joneskeller.com
**Lisa M. Mezzetti**
lmezzetti@cohenmilstein.com, efilings@cohenmilstein.com
**Robert Nolen Miller**
rmiller@perkinscoie.com, rmiller-efile@perkinscoie.com
**James S. Nabwangu**
jnabwangu@sparerlaw.com
**Darren A. Natvig**
dnatvig@irwin-boesen.com
**Christopher J. Orrico**
corrico@milberg.com
**Matthew D. Pearson**
mpearson@bermandevalerio.com, ysoboleva@bermandevalerio.com
**Charles J. Piven**
piven@browerpiven.com
**Charles Michael Plavi , II**
cmp@classactionlaw.com, anv@classactionlaw.com
**Scott E. Poynter**
scott@emersonpoynter.com, tanya@emersonpoynter.com,
swilson@emersonpoynter.com
**Andrei V. Rado**
arado@milberg.com, MAOffice@milberg.com
**Roland W. Riggs, IV**
rriggs@milberg.com, mecf@pacernotice.com
**Darren J. Robbins**
pilarc@rgrdlaw.com, e_file_sd@rgrdlaw.com

**Samuel H. Rudman**
srudman@csgrr.com, dgonzales@csgrr.com
**Sherrie R. Savett**
ssavett@bm.net, mgatter@bm.net
**Christina H.C. Sharp**
chc@girardgibbs.com, as@girardgibbs.com, amv@girardgibbs.com,
ale@girardgibbs.com, rlr@girardgibbs.com
**Aaron Michael Sheanin**
amv@girardgibbs.com, ams@girardgibbs.com
**Kip Brian Shuman**
kip@shumanlawfirm.com, rusty@shumanlawfirm.com
**Mark David Smilow**
msmilow@weisslurie.com
**Alan W. Sparer**
asparer@sparerlaw.com, nblake@sparerlaw.com, dcorkran@sparerlaw.com,
playzer@sparerlaw.com
**Steven Shane Sparling**
ssparling@kramerlevin.com, docketing@kramerlevin.com,
mdaneshrad@kramerlevin.com
**Olimpio Lee Squitieri**
Lee@sfclasslaw.com, cathy@sfclasslaw.com
**Joseph J. Tabacco , Jr**
jtabacco@bermandevalerio.com, stuiasosopo@bermandevalerio.com,
ysoboleva@bermandevalerio.com
**Steven J. Toll**
stoll@cohenmilstein.com, efilings@cohenmilstein.com
**Kirk Douglas Tresemer**
ktresemer@coloradolawyers.com
**David C. Walton**
davew@csgrr.com, hdemag@csgrr.com
**Joseph H. Weiss**
jweiss@weisslurie.com, infony@weisslurie.com
**Douglas S. Wilens**
dwilens@rgrdlaw.com, e_file_fl@rgrdlaw.com
**Shawn A. Williams**
shawnw@csgrr.com

*/s/ Lino S. Lipinsky de Orlov*

DN:32247701.5