IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:   *Oppenheimer California Municipal Fund*
09-cv-01484-JLK-KMT (Lowe)
09-cv-01485-JLK-KMT (Rivera)
09-cv-01486-JLK-KMT (Tackmann)
09-cv-01487-JLK-KMT (Milhem)

---

**ANSWER OF DEFENDANTS DAVID K. DOWNES, MATTHEW P. FINK, ROBERT G. GALLI, PHILLIP A. GRIFFITHS, MARY F. MILLER, JOEL W. MOTLEY, KENNETH A. RANDALL, RUSSELL S. REYNOLDS, JR., JOSEPH M. WIKLER, PETER I. WOLD, BRIAN F. WRUBLE, CLAYTON K. YEUTTER, AND OPPENHEIMER CALIFORNIA MUNICIPAL FUND**

---

KL3 2857778.3

Defendants David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Russell S. Reynolds, Jr., Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter (collectively, the "Independent Trustees") and Oppenheimer California Municipal Fund (the "Fund" and, collectively with the Independent Trustees, the "Fund/Independent Trustees"), by their attorneys, Jones & Keller, P.C. and Kramer Levin Naftalis & Frankel LLP, for their Answer to the Consolidated Class Action Complaint and Jury Demand in this action (the "Complaint") of Lead Plaintiff Joseph Stockwell, state as follows:

1.      Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Deny the allegations in paragraph 2 of the Complaint.

3.      Deny the allegations in paragraph 3 of the Complaint, except admit that Lead Plaintiff and the putative class members (collectively, "Plaintiffs") purport to proceed under the statutory provisions cited in paragraph 3 of the Complaint.  To the extent the Plaintiffs assert claims based on the Investment Company Act of 1940, no response to those allegations is required since those claims have been dismissed by Order of the Court, dated October 24, 2011.

4.      Deny the allegations in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 5 of the Complaint for their complete and correct contents.

6.      Deny the allegations in paragraph 6 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 6 of the Complaint for their complete and correct contents.

7.    Deny the allegations in paragraph 7 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 7 of the Complaint for their complete and correct contents.

8.    Deny the allegations in paragraph 8 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 8 of the Complaint for their complete and correct contents.

9.    Deny the allegations in paragraph 9 of the Complaint.

10.    Deny the allegations in paragraph 10 of the Complaint, except admit that the Fund filed a Prospectus on November 26, 2008, and refer to that Prospectus for its complete and correct contents.

11.    Deny the allegations in paragraph 11 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 11 of the Complaint for their complete and correct contents.

12.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 12 of the Complaint.

13.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 13 of the Complaint.

14.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 14 of the Complaint, except admit that at certain times the Fund issued

- 3 -

certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 14 of the Complaint for their complete and correct contents.

15. Deny the allegations in paragraph 15 of the Complaint.

16. To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 16 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 16 of the Complaint for their complete and correct contents.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Denied as stated. The Fund/Independent Trustees lack knowledge as to what is meant by this paragraph, as it contains an incomplete sentence.

19. To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 19 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 19 of the Complaint for their complete and correct contents.

20. Deny the allegations in paragraph 20 of the Complaint.

21. To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 21 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 21 of the Complaint for their complete and correct contents.

KL3 2857778.3

22.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 22 of the Complaint.  To the extent the allegations in paragraph 22 of the Complaint involve claims under the Investment Company Act of 1940 ("ICA"), no response to those allegations is required because those claims have been dismissed by Order of the Court, dated October 24, 2011.

23.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 23 of the Complaint.  To the extent the allegations in paragraph 23 of the Complaint involve claims under the ICA, no response to those allegations is required because those claims have been dismissed by Order of the Court, dated October 24, 2011.

24.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 24 of the Complaint.

25.     It is admitted that the Fund's stated NAV for Class A shares was $6.36 as of November 28, 2008.  The remaining allegations are denied.

26.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in the first sentence of paragraph 26 of the Complaint, and deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 26 of the Complaint.

27.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the

KL3 2857778.3

allegations in paragraph 27 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 27 of the Complaint. To the extent this paragraph purports to bring claims pursuant to the ICA, those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

28.     To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 28 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 28 of the Complaint.

29.     To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 29 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 29 of the Complaint, and admit that these consolidated cases were originally filed in the United States District Court for the Northern District of California.

30.     To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 30 of the Complaint, except admit that by Order dated June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred certain actions to this Court, and refer to that Order for its complete and correct contents.

31.     To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 31 of the Complaint.

KL3 2857778.3

32.     Deny the allegations in paragraph 32 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Joseph Stockwell is a citizen of California who, during the Class Period, purchased shares of the Fund from defendants pursuant or traceable to a registration statement and prospectus at issue in this complaint," and admit that by order dated November 18, 2009, the Court appointed Joseph Stockwell to act as Lead Plaintiff in this action.

33.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny the allegations in paragraph 33 of the Complaint.

34.     Deny the allegations in paragraph 34 of the Complaint, except admit that the Fund is an open-end management investment company, is registered under the ICA, was organized as a Massachusetts business trust in 1988, and is headquartered at 6803 South Tucson way, Centennial, Colorado 80112, and refer to the public filings of the Fund for a complete and correct statement of the investment objectives of the Fund.

35.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, except admit that OppenheimerFunds, Inc. ("OFI") is investment advisor to the Fund, that there is an advisory agreement between OFI and the Fund, that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that the Board of Trustees of the Fund has established certain policies relating to the work of OFI as investment advisor to the Fund.

36.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, except admit that

KL3 2857778.3

OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that OFDI has acted as a distributor of shares in the Fund.

37.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, except admit that MassMutual is a Delaware corporation headquartered at 1295 State Street, Springfield, MA, and refer to the Form ADV (Uniform Application for Investment Advisor Registration) that is referred to in paragraph 37 of the Complaint for its complete and correct contents.

38.     Deny the allegations in paragraph 38 of the Complaint, except admit that at certain times Brian F. Wruble was a Trustee of the Fund and Chairman of the Board of Trustees, and that Mr. Wruble signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

39.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, except admit that John V. Murphy was President and Trustee of the Fund during the purported Class Period.

40.     Admit the allegations in paragraph 40 of the Complaint.

41.     Deny the allegations in paragraph 41 of the Complaint, except admit that at certain times David K. Downes was a Trustee of the Fund and that Mr. Downes signed, individually or through an agent, the Registration Statements that were filed by the Fund on October 31, 2007 and November 26, 2008.

42.     Deny the allegations in paragraph 42 of the Complaint, except admit that at certain times Matthew P. Fink was a Trustee of the Fund and that Mr. Fink signed,

individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

43.     Deny the allegations in paragraph 43 of the Complaint, except admit that at certain times Robert G. Galli was a Trustee of the Fund and that Mr. Galli signed, individually or through an agent, the Registration Statements that were issued by the Fund on September 25, 2006, March 8, 2007, and October 31, 2007.

44.     Deny the allegations in paragraph 44 of the Complaint, except admit that at certain times Phillip A. Griffiths was a Trustee of the Fund and that Mr. Griffiths signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

45.     Deny the allegations in paragraph 45 of the Complaint, except admit that at certain times Mary F. Miller was a Trustee of the Fund and that Ms. Miller signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

46.     Deny the allegations in paragraph 46 of the Complaint, except admit that at certain times Joel W. Motley was a Trustee of the Fund and that Mr. Motley signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

47.     Deny the allegations in paragraph 47 of the Complaint, except admit that at certain times Russell S. Reynolds, Jr. was a Trustee of the Fund and that Mr. Reynolds signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

48.    Deny the allegations in paragraph 48 of the Complaint, except admit that at certain times Peter I. Wold was a Trustee of the Fund and that Mr. Wold signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period.

49.    Deny the allegations in paragraph 49 of the Complaint, except admit that at certain times Clayton K. Yeutter was Chairman of the Board of Trustees for the Fund and that Mr. Yeutter signed, individually or through an agent, the Registration Statement that was filed by the Fund on September 25, 2006.

50.    Deny the allegations in paragraph 50 of the Complaint, except admit that at certain times Joseph M. Wikler was a Trustee of the Fund and that Mr. Wikler signed, individually or through an agent, certain registration statements that were issued by the Fund during the purported Class Period through March 8, 2007.

51.    Deny the allegations in paragraph 51 of the Complaint, except admit that at certain times Kenneth A. Randall was a Trustee of the Fund and that Mr. Randall signed, individually or through an agent, the Registration Statements that were filed by the Fund on September 25, 2006 and March 8, 2007.

52.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, except admit that Ronald H. Fielding was a Vice President and a Portfolio Manager of the Fund during the purported Class Period, and that Mr. Fielding was a portfolio manager, officer, trader, and the chief strategist for the Fund and other Oppenheimer funds during the purported Class Period.

53.     It is admitted that Daniel G. Loughran was a Senior Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period. It is also admitted that Mr. Loughran was a team leader, an officer, and a trader for the Fund and other Oppenheimer funds during the purported Class Period. To the extent the allegations in this paragraph allege conclusions of law, no response is required. All other allegations in this paragraph are denied.

54.     It is admitted that Scott Cottier was a Senior Portfolio Manager of the Fund during the purported Class Period and has been a Vice President of the Manager since 2002. It is also admitted that Mr. Cottier was an officer and a trader for the Fund and other Oppenheimer funds during the purported Class Period. To the extent the allegations in this paragraph allege conclusions of law, no response is required. All other allegations in this paragraph are denied.

55.     It is admitted that Troy E. Willis was a Senior Portfolio Manager of the Fund during the purported Class Period and has been Assistant Vice President of the Manager since 2005. It is also admitted that Mr. Willis was an officer and a trader for the Fund and other Oppenheimer funds during the purported Class Period. To the extent the allegations in this paragraph allege conclusions of law, no response is required. All other allegations in this paragraph are denied.

56.     Deny the allegations in paragraph 56 of the Complaint, except admit that the Plaintiffs purport to use the term "Trustee Defendants."

57.     Deny the allegations in paragraph 57 of the Complaint, except admit that the Plaintiffs purport to use the term "Officer Defendants."

KL3 2857778.3

58.   Deny the allegations in paragraph 58 of the Complaint, except admit that the Fund is an open-ended mutual fund, that OFI is the manager of the Fund, and that the Fund sold three classes of shares, A, B and C, under the ticker symbols OPCAX, OCABX, and OCACX, respectively, on the National Association of Securities Dealers Automated Quotations (NASDAQ) system during the purported Class Period.

59.   Deny the allegations in paragraph 59 of the Complaint, except admit that the Fund filed (a) a Registration Statement, Prospectus, and Statement of Additional Information on September 25, 2006, (b) a Registration Statement, Prospectus, and Statement of Additional on March 8, 2007, and (c) a Registration Statement, Prospectus, and Statement of Additional Information on October 31, 2007, and refer to those filings for their complete and correct contents.

60.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 60 of the Complaint.

61.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 61 of the Complaint.

62.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and refer to *Forbes Investopedia* and Bloomberg for their complete and correct discussions of the terms described in paragraph 62 of the Complaint.

63.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and refer to the CFA Institute's

publications for their complete and correct discussions of the terms described in paragraph 63 of the Complaint.

64.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and refer to *Standard & Poor's Guide to the Perfect Portfolio* for its complete and correct discussion of the contents described in paragraph 64 of the Complaint.

65.     Deny the allegations in paragraph 65 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.

66.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 66 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.  To the extent the allegations in paragraph 66 of the Complaint involve claims under the ICA, no response is required because these claims have been dismissed by Order of the Court, dated October 24, 2011.

67.     Deny the allegations in paragraph 67 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.

68.     Deny the allegations in paragraph 68 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

KL3 2857778.3

69.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 69 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

70.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 70 of the Complaint.

71.     Deny the allegations in the first sentence of paragraph 71 of the Complaint, and refer to the June 12, 2008 *Bloomberg* article entitled "Dirt Bonds' Soil Oppenheimer in Gambits Gone Awry" for its complete and correct contents.

72.     Deny the allegations in paragraph 72 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to the *Bloomberg* article and the Fund's Prospectuses that are described in paragraph 72 of the Complaint for their complete and correct contents.

73.     Deny the allegations in paragraph 73 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to the Lipper Analytical Services report and the Fund's Prospectuses that are described in paragraph 73 of the Complaint for their complete and correct contents.

74.     Deny the allegations in paragraph 74 of the Complaint, and refer to the October 16, 2008 Morningstar report described in paragraph 74 of the Complaint for its complete and correct contents.

75.     Deny the allegations in paragraph 75 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 75 of the Complaint for their complete and correct contents.  It is also admitted that Standard & Poor's top four ratings categories (AAA, AA, A, and BBB) are commonly known as investment-grade ratings.

76.     Deny the allegations in paragraph 76 of the Complaint, except admit that the Fund filed a Prospectus Supplement on October 21, 2008, and refer to that Prospectus Supplement for its complete and correct contents.

77.     Deny the allegations in paragraph 77 of the Complaint, and refer to the March 5, 2009 Morningstar report that is described in paragraph 77 of the Complaint for its complete and correct contents.

78.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 78 of the Complaint.

79.     Deny the allegations in paragraph 79 of the Complaint, and refer to the May 25, 2009, *Forbes.com* article entitled "Guidelines for Municipal Bonds Investing" for its complete and correct contents.

80.     Deny the allegations in paragraph 80 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, October 31, 2007, and November 26, 2008, and refer to those Prospectuses for their complete and correct contents.

81.     Deny the allegations in paragraph 81 of the Complaint, except admit that at certain times the Fund filed certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 81 of the Complaint for their complete and correct contents.

KL3 2857778.3

82.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and refer to the "Registration Form Used by Open-End Management Companies; Guidelines, Exchange Act Release No. IC-13436, 1983 SEC LEXIS 1030 (Aug. 12, 1983)" described in paragraph 82 of the Complaint for its complete and correct contents.

83.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 83 of the Complaint.

84.     Deny the allegations in paragraph 84 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.

85.     Deny the allegations in paragraph 85 of the Complaint, except admit that the Fund filed a Statement of Additional Information on September 25, 2006, and refer to Appendix B of that Statement of Additional Information for its complete and correct contents.

86.     Deny the allegations in paragraph 86 of the Complaint, except admit that the Fund filed a Prospectus on March 8, 2007, and refer to that Prospectus for its complete and correct contents.

87.     Deny the allegations in paragraph 87 of the Complaint, except admit that the Fund filed a Statement of Additional Information on March 8, 2007, and refer to Appendix B of that Statement of Additional Information for its complete and correct contents.

88.   Deny the allegations in paragraph 88 of the Complaint, except admit that the Fund filed a Prospectus on October 31, 2007, and refer to that Prospectus for its complete and correct contents.

89.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 89 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those prospectuses for their complete and correct contents.

90.   Deny the allegations in paragraph 90 of the Complaint, and refer to the June 12, 2008 *Bloomberg* article entitled, "Dirt Bonds' Soil Oppenheimer in Gambits Gone Awry" as described in paragraph 90 of the Complaint for its complete and correct contents.

91.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 91 of the Complaint, and aver that to the extent the allegations relate to the Section 13(a) claims under the ICA, no response to these allegations is required since the claims have been dismissed by Order of the Court, dated October 24, 2011.

92.   To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 92 of the Complaint, and aver that to the extent the allegations relate to the Section 13(a) claims under the ICA, no response to these allegations is required since the claims have been dismissed by Order of the Court, dated October 24, 2011.

93.     Deny the allegations in paragraph 93 of the Complaint, except admit that the Fund filed a Prospectus on November 26, 2008, and refer to that Prospectus for its complete and correct contents.

94.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, deny the allegations in paragraph 94 of the Complaint, and refer to the May 25, 2009 *Forbes.com* article described in paragraph 94 of the Complaint for its complete and correct contents.

95.     Deny the allegations in paragraph 95 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 95 of the Complaint for their complete and correct contents.

96.     Deny the allegations in paragraph 96 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.

97.     Deny the allegations in paragraph 97 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 97 of the Complaint for their complete and correct contents.

98.     To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts , deny the allegations in paragraph 98 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

99.   To the extent that this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

100.   To the extent that this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  All other allegations in this paragraph are denied.

101.   Deny the allegations in paragraph 101 of the Complaint.

102.   Deny the allegations in paragraph 102 of the Complaint.

103.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

104.   Deny the allegations in paragraph 104 of the Complaint.

105.   The Fund/Independent Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and/or the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

106.   Deny the allegations in paragraph 106 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 106 of the Complaint for their complete and correct contents.

107.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

KL3 2857778.3

108.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint, and refer to Exchange Act Release No. 33-6927; IC-18612, 51 Fed. Reg. 9828 (March 20, 1992) for its complete and correct contents.

109.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint, and refer to Exchange Act Release No. IC-14983; File No. S7-30-85, 51 Fed. Reg. 9773 (March 21, 1986) for its complete and correct contents.

110.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint, and refer to the GAAP Statement of Financial Accounting Concepts No. 5 for its complete and correct contents.

111.    Deny the allegations in paragraph 111 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 111 of the Complaint for their complete and correct contents.

112.    Deny the allegations in paragraph 112 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

113.    Deny the allegations in paragraph 113 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, Annual Reports, Semi-Annual Reports, and Form N-Qs, and refer to those documents for their complete and correct contents.

114.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 114 of the Complaint, except admit that the Fund filed Prospectuses on

- 20 -

September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for

their complete and correct contents.

115.    Deny the allegations in paragraph 115 of the Complaint.

116.    Deny the allegations in paragraph 116 of the Complaint, except admit that

the Fund issued Annual Reports in 2006, 2007, and 2008, and refer to the Fund's Annual Reports

that are described in paragraph 116 of the Complaint for their complete and correct contents.

117.    To the extent this paragraph purports to characterize certain documents,

the Court is referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  All other allegations in this paragraph are denied.

118.    To the extent this paragraph purports to characterize certain documents,

the Court is referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  All other allegations in this paragraph are denied.

119.    To the extent this paragraph purports to characterize certain documents,

the Court is referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  All other allegations in this paragraph are denied.

120.    To the extent this paragraph purports to characterize certain documents,

the Court is referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  All other allegations in this paragraph are denied.

121.    To the extent the allegations in this paragraph allege conclusions of law,

no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the

allegations in paragraph 121 of the Complaint, except admit that at certain times the Fund issued

certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 121 of

the Complaint for their complete and correct contents.

KL3 2857778.3

122.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 122 of the Complaint, and deny the remaining allegations in paragraph 122 of the Complaint.

123.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 123 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 123 of the Complaint for their complete and correct contents.

124.    Deny the allegations in paragraph 124 of the Complaint.

125.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 125 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 125 of the Complaint for their complete and correct contents.

126.    Deny the allegations in paragraph 126 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

127.    Deny the allegations in paragraph 127 of the Complaint, except admit that the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete and correct contents.

128.    Deny the allegations in paragraph 128 of the Complaint, except admit that the Fund filed Prospectuses on March 8, 2007 and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

129.    Deny the allegations in paragraph 129 of the Complaint, and refer to the Fund's Prospectuses for their complete and correct contents.

130.    Deny the allegations in paragraph 130 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

131.    Deny the allegations in the first, second, third, and sixth sentences of paragraph 131 of the Complaint.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 131 of the Complaint.

132.    Deny the allegations in the first sentence of paragraph 132 of the Complaint.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 132 of the Complaint.

133.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 133 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 133 of the Complaint for their complete and correct contents.

134.    To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 134 of the Complaint, except deny possessing knowledge or information

- 23 -

sufficient to form a belief as to the truth of the allegations concerning the credit "crises" of the

"past two decades," such as the "1994 devaluation of the Mexican Peso," the "1997 Asian

financial crisis," "Russia's 1998 default on government bonds," and the effects of the

"September 11, 2001 terrorist attacks."

135.    Deny the allegations in paragraph 135 of the Complaint, except admit that

the Fund filed a Prospectus Supplement on October 21, 2008, and refer to that Prospectus

Supplement for its complete and correct contents.

136.    Deny the allegations in paragraph 136 of the Complaint, and refer to the

October 16, 2008, Morningstar article titled, "Oppenheimer California Municipal's volatility

hasn't paid off in the long run," and the March 5, 2009, Morningstar article titled, "Oppenheimer

California Municipal's risk-taking has hurt it," for their complete and correct contents.

137.    Deny the allegations in paragraph 137 of the Complaint, except admit that

the Fund filed a Prospectus on November 26, 2008, and refer to that Prospectus for its complete

and correct contents.

138.    Deny the allegations in paragraph 138 of the Complaint, except admit that

at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that

are described in paragraph 138 of the Complaint for their complete and correct contents.

139.    Deny the allegations in paragraph 139 of the Complaint, except admit that

the Fund, as the holder of a municipal inverse floater, could receive a tax-exempt coupon

payment, and that at certain times the Fund issued certain Prospectuses, and refer to the Fund's

Prospectuses that are described in paragraph 139 of the Complaint for their complete and correct

contents.

KL3 2857778.3

140.   Deny the allegations in paragraph 140 of the Complaint, and refer to the Fund's prospectuses for their discussion of inverse floaters.

141.   Deny the allegations in paragraph 141 of the Complaint, and refer to the Fund's prospectuses for their discussion of inverse floaters.

142.   Deny the allegations in paragraph 142 of the Complaint, and refer to the Fund's prospectuses for their discussion of inverse floaters.

143.   Deny the allegations in paragraph 143 of the Complaint, and refer to the Fund's prospectuses for their discussion of inverse floaters.

144.   Deny the allegations in paragraph 144 of the Complaint.

145.   Deny the allegations in paragraph 145 of the Complaint, except admit that the holders of certain inverse floaters could "put" such inverse floaters back to the trust that issued them, not the Fund.

146.   Deny the allegations in paragraph 146 of the Complaint, except admit that certain inverse floaters involved agreements with the Sponsor of that inverse floater.

147.   Deny the allegations in paragraph 147 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 147 of the Complaint for their complete and correct contents.

148.   Deny the allegations in paragraph 148 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 148 of the Complaint for their complete and correct contents.

149.   Deny the allegations in paragraph 149 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

KL3 2857778.3

150.    To the extent that the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 150 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

151.    Deny the allegations in paragraph 151 of the Complaint, except admit that at certain times the Fund issued certain prospectuses, and refer to the fund's Prospectuses that are described in paragraph 151 of the Complaint for their complete and correct contents.

152.    Deny the allegations in paragraph 152 of the Complaint.

153.    Deny the allegations in paragraph 153 of the Complaint, and refer to the April 1, 2009, Morningstar article entitled "Where Leverage Lurks" for its complete and correct contents.

154.    Deny the allegations in paragraph 154 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 154 of the Complaint for their complete and correct contents.  It is also admitted that the holders of the short term floating rate securities have the option to tender their investments to the sponsor, or the trust's liquidity provider.

155.    Deny the allegations in paragraph 155 of the Complaint, except admit that the Fund filed a Prospectus Supplement on October 21, 2008, and refer to that Prospectus Supplement for its complete and correct contents.

156.    Deny the allegations in paragraph 156 of the Complaint.

KL3 2857778.3

157.    Deny the allegations in paragraph 157 of the Complaint, except admit that the Fund filed Prospectuses on September 25, 2006, March 8, 2007, and October 31, 2007, and refer to those Prospectuses for their complete and correct contents.

158.    To the extent that the allegations in this paragraph allege conclusions of law, no response is required. To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 158 of the Complaint, except admit that at certain times the Fund issued certain Statements of Additional Information that included Statements of Investments, and refer to the Fund's Statements of Investments that are described in paragraph 158 of the Complaint for their complete and correct contents.

159.    Deny the allegations in paragraph 159 of the Complaint.

160.    Deny the allegations in paragraph 160 of the Complaint, except admit that the Fund filed a Prospectus Supplement on October 21, 2008, and refer to that Prospectus Supplement for its complete and correct contents.

161.    Deny the allegations in paragraph 161 of the Complaint, except admit that at certain times the Fund issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 161 of the Complaint for their complete and correct contents.

162.    Deny the allegations in paragraph 162 of the Complaint.

163.    Deny the allegations in paragraph 163 of the Complaint, except admit that the Fund filed a Prospectus on October 31, 2007, and refer to that Prospectus for its complete and correct contents.

164.    Deny the allegations in paragraph 164 of the Complaint.

165.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 165 of the Complaint, deny the

KL3 2857778.3

remaining allegations in paragraph 165 of the Complaint, and refer to the March 5, 2009

Morningstar report for its complete and correct contents.

166.    To the extent the allegations in this paragraph allege a conclusion of law,

no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the

allegations in paragraph 166 of the Complaint, except admit that the Fund filed a Shareholder

Report on March 24, 2009 for the period ending January 31, 2009, and that at certain times the

Fund issued certain Prospectuses, and refer to the Shareholder Report and Prospectuses that are

described in paragraph 166 of the Complaint for their complete and correct contents.

167.    Deny the allegations in paragraph 167 of the Complaint, except admit that

the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete

and correct contents.

168.    Deny the allegations in paragraph 168 of the Complaint, except admit that

the Fund filed a Prospectus on September 25, 2006, and refer to that Prospectus for its complete

and correct contents.

169.    Deny the allegations in paragraph 169 of the Complaint, except admit that

the Fund filed Prospectuses on March 8, 2007 and October 31, 2007, and refer to those

Prospectuses for their complete and correct contents.

170.    Deny the allegations in paragraph 170 of the Complaint, except admit that

in September 2006, the Financial Accounting Standards Board issued Statement of Financial

Accounting Standards ("SFAS") No. 157, and refer to SFAS No. 157 for its complete and correct

contents.

171.    Deny the allegations in paragraph 171 of the Complaint, except admit that the Fund filed a Shareholder Report for the period ended January 31, 2009, and refer to that Shareholder Report and SFAS No. 157 for their complete and correct contents.

172.    Deny the allegations in paragraph 172 of the Complaint.

173.    Deny the allegations in paragraph 173 of the Complaint.

174.    Admitted in part, denied in part.  It is admitted that the Fund's NAV for Class A shares was $6.36 per share on November 28, 2008.  All other allegations in this paragraph are denied.

175.    The Fund/Independent Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

176.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 176 of the Complaint, except admit that the Plaintiffs purport to proceed under the provision of the Federal Rules of Civil Procedure that is cited in paragraph 176 of the Complaint.

177.    Deny the allegations in paragraph 177 of the Complaint, except admit that Plaintiffs purport to exclude certain entities and individuals from the putative class.

178.    Deny the allegations in paragraph 178 of the Complaint, except admit that the Plaintiffs purport to use the term "Classes."

179.    The Fund/Independent Trustees lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint and/or the allegations call for legal conclusions, requiring no response.

180.    Deny the allegations in paragraph 180 of the Complaint, except admit that the Fund has many outstanding shares and that certain records are maintained by OFI or its transfer agent.

181.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 181 of the Complaint.  Certain allegations in paragraph 181 of the Complaint purport to bring fundamental policy claims pursuant to the ICA.  These have claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

182.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 182 of the Complaint.

183.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 183 of the Complaint.

184.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 184 of the Complaint.

185.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 185 of the Complaint.

## COUNT I:

186.    Deny the allegations in paragraph 186 of the Complaint, and repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 185 of the Complaint.

187.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 187 of the Complaint, except admit that the Plaintiffs purport to assert claims against the Defendants under Section 11 of the 1933 Securities Act, 15 U.S.C. § 77K.

188.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 188 of the Complaint.

189.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 189 of the Complaint, except admit that the Fund issued securities.

190.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 190 of the Complaint.

191.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the

KL3 2857778.3

allegations in paragraph 191 of the Complaint, except admit that OFDI underwrote securities pursuant to the registration statements issued during the purported Class Period.

192.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 192 of the Complaint, except admit that one or more of the Independent Trustees signed, individually or through an agent, certain Registration Statements that were issued by the Fund.

193.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 193 of the Complaint.

194.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 194 of the Complaint.

195.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the Complaint.

196.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 196 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

197.    Deny the allegations in paragraph 197 of the Complaint.

## COUNT II:

198.    Deny the allegations in paragraph 198 of the Complaint, and repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 197 of the Complaint.

199.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 199 of the Complaint, except admit that the Plaintiffs purport to proceed under Section 12(a)(2) of the 1933 Securities Act, 15 U.S.C. § 771(a)(2).

200.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 200 of the Complaint.

201.    Deny the allegations in paragraph 201 of the Complaint, except admit that the Fund issued securities pursuant to the registration statements issued during the purported Class Period.

202.    Deny the allegations in paragraph 202 of the Complaint, except admit that OFI is the manager and investment advisor of the Fund and chooses the Fund's investments.

203.    Deny the allegations in paragraph 203 of the Complaint, except admit that OFDI underwrote securities pursuant to the registration statement issued during the purported Class Period.

204.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 204 of the Complaint.

KL3 2857778.3

205.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 205 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.

206.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 206 of the Complaint, except admit that the Lead Plaintiff and certain putative class members purport to tender certain of their shares to the Fund.

207.     Deny the allegations in paragraph 207 of the Complaint.

## COUNT III:

208.     Deny the allegations in paragraph 208 of the Complaint, and repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 207 of the Complaint.

209.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 209 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 209 of the Complaint.

210.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 210 of the Complaint.

211.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 211 of the Complaint.

KL3 2857778.3

212.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 212 of the Complaint.

213.     To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 213 of the Complaint.

### COUNT IV:

214.     Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 213 of the Complaint.

215.     The claims based on the allegations contained in paragraph 215 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

216.     The claims based on the allegations contained in paragraph 216 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

217.     The claims based on the allegations contained in paragraph 217 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

218.     The claims based on the allegations contained in paragraph 218 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

KL3 2857778.3

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

219.    The claims based on the allegations contained in paragraph 219 of the

Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

220.    The claims based on the allegations contained in paragraph 220 of the

Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

221.    The claims based on the allegations contained in paragraph 221 of the

Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

222.    The claims based on the allegations contained in paragraph 222 of the

Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

223.    The claims based on the allegations contained in paragraph 223 of the

Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no

response to those allegations is required.  To the extent a response may be required, the

allegations in this paragraph are denied.

KL3 2857778.3

## COUNT V:

224.    Deny the allegations in paragraph 224 of the Complaint, and repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 223 of the Complaint.

225.    Deny the allegations in paragraph 209 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 225 of the Complaint.

226.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  The claims based on the allegations contained in paragraph 226 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

227.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  The claims based on the allegations contained in paragraph 227 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

228.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 228 of the Complaint.

229.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the

allegations in paragraph 229 of the Complaint, except admit that the Fund invests mainly in California municipal securities.

230.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 230 of the Complaint.

231.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 231 of the Complaint.

232.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 232 of the Complaint.

233.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 233 of the Complaint.

234.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 234 of the Complaint.

**COUNT VI:**

235.    Deny the allegations in paragraph 235 of the Complaint, and repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 234 of the Complaint.

236.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the

KL3 2857778.3

allegations in paragraph 236 of the Complaint, except admit that the Plaintiffs purport to bring a cause of action for breach of fiduciary duty.

237.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 237 of the Complaint.

238.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 238 of the Complaint.  Certain allegations in paragraph 238 of the Complaint purport to bring fundamental policy claims based on the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

239.    To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, deny the allegations in paragraph 239 of the Complaint.

### GENERAL DENIAL

Except as otherwise expressly stated in paragraphs 1 through 239 above, the Fund/Independent Trustees deny each and every allegation of wrongdoing by them contained in paragraphs 1 through 239 of the Complaint, including, without limitation, the introductory paragraph, headings, subheadings, and footnotes contained in the Complaint, and the Fund/Independent Trustees specifically deny liability to the Plaintiffs, and/or that the Plaintiffs have suffered any legally cognizable damages for which the Fund/Independent Trustees are responsible.  The Fund/Independent Trustees expressly reserve the right to amend and/or

supplement their Answer, including but not limited to the affirmative defenses and other defenses contained herein.

## AFFIRMATIVE DEFENSES

240.   Without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that the Fund/Independent Trustees bear the burden of proof on any of the following issues, as separate and independent affirmative defenses, the Fund/Independent Trustees allege as follows:

## FIRST AFFIRMATIVE DEFENSE

241.   The Complaint fails to state a claim against the Fund/Independent Trustees upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

242.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

243.   Any allegedly untrue statements of material fact, misleading statements, or other allegedly actionable conduct attributable to any of the Fund/Independent Trustees (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

## FOURTH AFFIRMATIVE DEFENSE

244.   The offering documents at issue did not contain any untrue statements of material facts, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

KL3 2857778.3

## FIFTH AFFIRMATIVE DEFENSE

245.    Plaintiffs' claims are barred, in whole or in part, because the Fund/Independent Trustees' relevant statements were publicly disclosed or were in the public domain, and adequately disclosed the risks associated with investment in the Fund and therefore the Plaintiffs have failed to show that the Fund/Independent Trustees made an untrue statement of material fact or omitted to state a material fact required to be stated or necessary to make the statements not misleading.

## SIXTH AFFIRMATIVE DEFENSE

246.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege a duty to disclose the allegedly omitted information, and/or that the Fund/Independent Trustees breached any duty owed to the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

247.    Plaintiffs' claims are barred, in whole or in part, because general statements of investment objectives are not actionable statements of fact under the federal securities laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

248.    Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in the secondary market.  In addition, the claims by secondary market purchasers are barred to the extent they fail to plead and prove reliance upon the alleged misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

249.    Plaintiffs' claims are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

KL3 2857778.3

## TENTH AFFIRMATIVE DEFENSE

250.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs cannot prove that they purchased securities traceable to a registration statement.

## ELEVENTH AFFIRMATIVE DEFENSE

251.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to plead and cannot prove reliance on any alleged misstatements or omissions by the Fund/Independent Trustees.

## TWELFTH AFFIRMATIVE DEFENSE

252.   The Independent Trustees were advised, understood, and believed that there were no misrepresentations or omissions in the public securities filings of the Fund, or in its public statements, at the time that they were made.

## THIRTEENTH AFFIRMATIVE DEFENSE

253.   The Independent Trustees were entitled to, and did rely upon, the opinions of professionals and experts, including without limitation, portfolio managers, OFI, independent auditors, internal auditors, underwriters, accountants, outside counsel, and internal counsel, in affixing their signatures to, and authorizing the filing of, Registration Statements and various offering documents.  The Independent Trustees believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided.  The Independent Trustees had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect as to the matters on which the experts had opined.  The Independent Trustees had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements

KL3 2857778.3

did not fairly represent the statements of the expert or were not a fair copy of or extract from the report or valuation of the expert.

## FOURTEENTH AFFIRMATIVE DEFENSE

254.   Plaintiffs' claims are barred because the Independent Trustees at all times acted with reasonable care and due diligence with respect to the matters Plaintiffs now contend were misrepresented by, or omitted from, the Fund's public filings and public statements, including, without limitation, registration statements.  After reasonable investigation, the Independent Trustees had reasonable ground to believe and did believe that the statements contained therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

255.   Plaintiffs' claims are barred because the Independent Trustees at all times acted in good faith without any knowledge or intent to commit an actionable offense.

## SIXTEENTH AFFIRMATIVE DEFENSE

256.   Plaintiffs' claims are barred because the Fund did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the Fund's public filings with the SEC or any statements issued in connection therewith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

257.   Plaintiffs' claims are barred because the Independent Trustees did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

258.    Plaintiffs' claims are barred because the Independent Trustees did not culpably participate in any fraudulent scheme or misstatements of fact by others, and did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of the federal securities laws or regulations.  None of the Independent Trustees had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## NINETEENTH AFFIRMATIVE DEFENSE

259.    Plaintiffs' claims are barred because the Fund/Independent Trustees are not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## TWENTIETH AFFIRMATIVE DEFENSE

260.    Certain Independent Trustees, including without limitation David K. Downes, Robert G. Galli, Kenneth A. Randall, and Clayton K. Yeutter, did not sign certain registration statements that allegedly included misleading or false information.  Accordingly, these Independent Trustees are not liable to the Plaintiffs under the federal securities laws or regulations in connection with these filings or offerings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

261.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the Fund/Independent Trustees.

KL3 2857778.3

## TWENTY-SECOND AFFIRMATIVE DEFENSE

262.   The actions or inactions of the Fund/Independent Trustees were not the sole or the partial cause, proximate cause, or joint proximate cause of any loss allegedly suffered by the Plaintiffs or of any decision by the Plaintiffs to purchase or sell shares of the Fund.  Any damages for which the Plaintiffs seek to recover against the Fund/Independent Trustees were in fact caused by actions or omissions of the Plaintiffs and/or third parties, and/or were the result of superseding and intervening causes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

263.   Plaintiffs' claims are barred, in whole or in part, because the depreciation in the market price of the Fund's shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

264.   Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose liability on the Fund/Independent Trustees beyond that which their own conduct has caused, and because the injuries the Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the Fund/Independent Trustees, actions or inactions by parties outside the control of the Fund/Independent Trustees, or economic events that were, likewise, outside the control of the Fund/Independent Trustees.  These actions, inactions, and events were intervening or superseding causes of the Plaintiffs' alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

265.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs assumed the risks disclosed in the Fund's public disclosures and those risks came to fruition to cause the Plaintiffs' losses.  Plaintiffs purchased shares of the Fund with knowledge of these

- 45 -

risks, or knowledge of adverse events concerning the Fund, and likewise assumed the risks that there would be further deterioration in the price or value of the Fund's shares, such that the Plaintiffs' damages are not recoverable as a matter of law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

266.    Plaintiffs have suffered no compensable damages or losses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

267.    Plaintiffs are limited to only those damages authorized by the Securities Act of 1933 and the Private Securities Litigation Reform Act and therefore, the Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

268.    Plaintiffs' claims for damages are barred, in whole or in part, because they have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

269.    Any recovery for damages allegedly suffered by the Plaintiffs is subject to offset in the amount of any profit actually received by the Plaintiffs through their investments.

## THIRTIETH AFFIRMATIVE DEFENSE

270.    Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act of 1933.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

271.    Plaintiffs' claims are barred under various equitable doctrines, including waiver, unclean hands, laches, estoppel, ratification or failure to use due care.

KL3 2857778.3

## THIRTY-SECOND AFFIRMATIVE DEFENSE

272.   The Independent Trustees are entitled to be exculpated, indemnified, and/or receive contribution for any liability they incur, including, without limitation, pursuant to the Fund's by-laws.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

273.   Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against the Fund/Independent Trustees or others.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

274.   The Fund/Independent Trustees adopt and incorporate by reference any and all other defenses asserted or to be asserted by other defendants to the extent the Fund/Independent Trustees may share in such defenses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

275.   Plaintiffs' California UCL claim is barred to the extent it is premised on vicarious liability against any and all of the Fund/Independent Trustees.

## THIRTY-SIX AFIRMATIVE DEFENSE

276.   The Fund/Independent Trustees reserve and reassert all affirmative defenses available under any applicable federal and state law.  The Fund/Independent Trustees presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available.  Therefore, the Fund/Independent Trustees reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, the Fund/Independent Trustees respectfully request (i) that the

Court enter judgment dismissing all claims in the Complaint as to each of them with prejudice

and award to them their costs, disbursements, and attorneys' fees and costs, including expert and

witness fees, in this action; and (ii) that the Court grant such other and further relief as the Court

may deem to be just and proper.

Dated:  May 13, 2013

By:

_/s/Edward T. Lyons, Jr._
Edward T. Lyons, Jr.
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
(303) 573-1600
elyons@joneskeller.com

- and -

By:

_/s/ Arthur H. Aufses III_
Arthur H. Aufses III
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
aaufses@kramerlevin.com

*Attorneys for Defendants*
*Oppenheimer California Municipal Fund, David K.*
*Downes, Matthew P. Fink, Robert G. Galli, Phillip*
*A. Griffiths, Mary F. Miller, Joel W. Motley,*
*Kenneth A. Randall, Russell S. Reynolds, Jr.,*
*Joseph M. Wikler, Peter I. Wold, Brian F. Wruble,*
*and Clayton K. Yeutter*

- 48 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2013, I filed a true and correct copy of the foregoing **ANSWER OF DEFENDANTS DAVID K. DOWNES, MATTHEW P. FINK, ROBERT G. GALLI, PHILLIP A. GRIFFITHS, MARY F. MILLER, JOEL W. MOTLEY, KENNETH A. RANDALL, RUSSELL S. REYNOLDS, JR., JOSEPH M. WIKLER, PETER I. WOLD, BRIAN F. WRUBLE, CLAYTON K. YEUTTER, AND OPPENHEIMER CALIFORNIA MUNICIPAL FUND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Jeffrey S. Abraham**
jabraham@aftlaw.com
**Glen L. Abramson**
gabramson@bm.net,gelliott@bm.net
**Arthur H. Aufses , III**
aaufses@kramerlevin.com
**Jeffrey Allen Berens**
jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com
**Francis A. Bottini , Jr**
fbottini@cfsblaw.com,lcox@cfsblaw.com,aringer@cfsblaw.com,sammirati@cfsblaw.com
**Stephen D. Bunch**
dbunch@cohenmilstein.com,efilings@cohenmilstein.com
**Gary E. Cantor**
gcantor@bm.net
**Karen Jean Cody-Hopkins**
karen@codyhopkinslaw.com
**Patrick V. Dahlstrom**
pdahlstrom@pomlaw.com
**William K. Dodds**
william.dodds@dechert.com,scott.kessenick@dechert.com,kate.okeeffe@dechert.com,luis.lopez@dechert.com
**Robert J. Dyer , III**
bob@dyerberens.com
**Alan I. Ellman**
aellman@labaton.com,electroniccasefiling@labaton.com
**John Givens Emerson**
jemerson@emersonpoynter.com,tanya@emersonpoynter.com
**Joshua David Franklin**
jfranklin@davisandceriani.com,lburch@davisandceriani.com
**Jack G. Fruchter**
jfruchter@aftlaw.com
**William H. Garvin , III**
wgarvin@garvinlawfirm.com

**Paul J. Geller**
pgeller@rgrdlaw.com,e_file_fl@rgrdlaw.com
**Daniel Charles Girard**
dcg@girardgibbs.com,akl@girardgibbs.com
**Lionel Z. Glancy**
lglancy@glancylaw.com,info@glancylaw.com
**Gary S. Graifman**
ggraifman@kgglaw.com,ccornfield@kgglaw.com
**John K. Grant**
johnkg@csgrr.com
**Marc C. Haber**
mhaber@sparerlaw.com
**Christopher J. Keller**
ckeller@labaton.com,electroniccasefiling@labaton.com
**Phillip C. Kim**
pkim@rosenlegal.com
**Lawrence L. Klayman**
lklayman@nasd-law.com
**Kristin A. Knudson**
kristin@dyerberens.com
**Catherine J. Kowalewski**
katek@csgrr.com,hdemag@csgrr.com
**Jeffrey Robert Krinsk**
jrk@classactionlaw.com,anv@classactionlaw.com
**Matthew L. Larrabee**
matthew.larrabee@dechert.com,michael.doluisio@dechert.com,reginald.zeigler@dechert.com,joshua.hess@dechert.com,david.burkhart@dechert.com
**Nicole C. Lavallee**
nlavallee@bermandevalerio.com,stuiasosopo@bermandevalerio.com,ysoboleva@bermandevalerio.com
**Eric Lechtzin**
elechtzin@bm.net
**Jonathan Krasne Levine**
jkl@girardgibbs.com,amv@girardgibbs.com
**Lawrence D. Levit**
llevit@aftlaw.com
**Charles Walter Lilley**
clilley@lilleylaw.com
**Lino S. Lipinsky de Orlov**
llipinsky@mckennalong.com,lfking@mckennalong.com
**Howard T. Longman**
Tsvi@aol.com,jasondag@ssbny.com
**Lisa M. Mezzetti**
lmezzetti@cohenmilstein.com,efilings@cohenmilstein.com
**Robert Nolen Miller**
rmiller@perkinscoie.com,rmiller-efile@perkinscoie.com

**James S. Nabwangu**
jnabwangu@sparerlaw.com
**Darren A. Natvig**
dnatvig@irwin-boesen.com
**Christopher J. Orrico**
corrico@milberg.com
**Matthew D. Pearson**
mpearson@bermandevalerio.com,ysoboleva@bermandevalerio.com
**Charles J. Piven**
piven@browerpiven.com
**Charles Michael Plavi , II**
cmp@classactionlaw.com,anv@classactionlaw.com
**Scott E. Poynter**
scott@emersonpoynter.com,tanya@emersonpoynter.com,swilson@emersonpoynter.com
**Andrei V. Rado**
arado@milberg.com,MAOffice@milberg.com
**Roland W. Riggs , IV**
rriggs@milberg.com
**Darren J. Robbins**
pilarc@rgrdlaw.com,e_file_sd@rgrdlaw.com
**Samuel H. Rudman**
srudman@csgrr.com,dgonzales@csgrr.com
**Sherrie R. Savett**
ssavett@bm.net,mgatter@bm.net
**Peter E. Seidman**
pseidman@milberg.com
**Christina H.C. Sharp**
chc@girardgibbs.com,as@girardgibbs.com,amv@girardgibbs.com,ale@girardgibbs.com
**Aaron Michael Sheanin**
amv@girardgibbs.com,ams@girardgibbs.com
**Kip Brian Shuman**
kip@shumanlawfirm.com,rusty@shumanlawfirm.com
**Mark David Smilow**
msmilow@weisslurie.com
**Alan W. Sparer**
asparer@sparerlaw.com,nblake@sparerlaw.com,dcorkran@sparerlaw.com,playzer@sparerlaw.com
**Steven Shane Sparling**
ssparling@kramerlevin.com
**Olimpio Lee Squitieri**
Lee@sfclasslaw.com,cathy@sfclasslaw.com
**Joseph J. Tabacco , Jr**
jtabacco@bermandevalerio.com,stuiasosopo@bermandevalerio.com,ysoboleva@bermandevalerio.com
**Steven J. Toll**
stoll@cohenmilstein.com,efilings@cohenmilstein.com

**Kirk Douglas Tresemer**
ktresemer@coloradolawyers.com
**David C. Walton**
davew@csgrr.com,hdemag@csgrr.com
**Joseph H. Weiss**
jweiss@weisslurie.com,infony@weisslurie.com
**Douglas S. Wilens**
dwilens@rgrdlaw.com,e_file_fl@rgrdlaw.com
**Shawn A. Williams**
shawnw@csgrr.com

/s/ Tammy Harris
Tammy Harris
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
(303) 573-1600
tharris@joneskeller.com