# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to:    *Oppenheimer Pennsylvania Municipal Fund*
                                               09-cv-00514-JLK-KMT (*WOODS*)
                                               09-cv-01368-JLK-KMT (*EGTS*)
                                               09-cv-00772-JLK-KMT (*WUNDERLY*)

---

## ANSWER OF DEFENDANTS DAVID K. DOWNES, MATTHEW P. FINK, ROBERT G. GALLI, PHILLIP A. GRIFFITHS, MARY F. MILLER, JOEL W. MOTLEY, KENNETH A. RANDALL, RUSSELL S. REYNOLDS, JR., JOSEPH M. WIKLER, PETER I. WOLD, BRIAN F. WRUBLE, CLAYTON K. YEUTTER, AND OPPENHEIMER MULTI-STATE MUNICIPAL TRUST

---

Defendants David K. Downes, Matthew P. Fink, Robert G. Galli, Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Kenneth A. Randall, Russell S. Reynolds, Jr., Joseph M. Wikler, Peter I. Wold, Brian F. Wruble, Clayton K. Yeutter (collectively, the "Independent Trustees") and Oppenheimer Multi-State Municipal Trust (the "Trust" or "OMMT" and, collectively with the Independent Trustees, the "Trust/Independent Trustees"), by their attorneys, Jones & Keller, P.C. and Kramer Levin Naftalis & Frankel LLP, for their Answer to the Consolidated Class Action Complaint and Jury Demand in this action (the "Complaint") of Lead Plaintiff Dharamvir Bhanot and additional plaintiffs William E. Miles, Jr. and John P. Galganovicz (collectively, and with the putative class members, the "Plaintiffs") state as follows:

1.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admit that the Oppenheimer Pennsylvania Municipal Fund (the "Fund") is an open-end mutual fund that sold three classes of shares, A, B, and C, under the ticker symbols OPATX, OPABX, and OPACX, respectively, on the National Association of Securities Dealers Automated Quotations (NASDAQ) system during the purported Class Period, and that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 1.

2.    Deny the allegations in paragraph 2 of the Complaint.

3.    Deny the allegations in paragraph 3 of the Complaint, except admit that at certain times the Trust issued certain Registration Statements, Prospectuses, and Statements of Additional Information, and refer to the public filings of the Fund for a complete and correct statement of the investment objectives of the Fund.

4.    Deny the allegations in paragraph 4 of the Complaint.

5.      Deny the allegations in paragraph 5 of the Complaint, and refer to Morningstar and the Fund's public filings that are described in paragraph 5 of the Complaint for their complete and correct contents.

6.      Deny the allegations in paragraph 6 of the Complaint, except admit that inverse floaters pay a coupon that generally moves inversely to a referenced short-term interest rate.

7.      Deny the allegations in the first and last sentences of paragraph 7 of the Complaint, except admit that inverse floaters pay a coupon that generally moves inversely to a referenced short-term interest rate, and deny possessing knowledge or information sufficient to form a belief as to the truth of the remaining allegations in all of the other sentences in paragraph 7 of the Complaint.

8.      Deny the allegations in paragraph 8 of the Complaint.

9.      Deny the allegations in paragraph 9 of the Complaint.

10.     Deny the allegations in paragraph 10 of the Complaint, except admit that on November 28, 2008, the Trust issued a Registration Statement, Prospectus, and Statement of Additional Information, and refer to those documents for their complete and correct contents.

11.     Deny the allegations in paragraph 11 of the Complaint, except admit that the Fund's NAV for Class A shares was $12.95 per share on September 27, 2006, $12.21 per share on January 2, 2008, $8.34 per share on November 28, 2008, and $7.58 per share on December 17, 2008.

12.     Deny the allegations in paragraph 12 of the Complaint.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

13.     Deny the allegations in paragraph 13 of the Complaint.

14.     Deny the allegations in paragraph 14 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 concerning the financial "crises" of the "past 20 years," such as the "the stock market crash of 1987," the "spike of interest rates in 1994," the "Russian default and the collapse of Long-term Capital Management in 1998," and the "recession of 2001-2002." To the extent the allegations in this paragraph allege conclusions of law, no response is required.

15.     Deny the allegations in paragraph 15 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 15 of the Complaint. To the extent this paragraph purports to bring claims pursuant to the Investment Company Act of 1940 ("ICA"), those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required. To the extent the allegations in this paragraph allege conclusions of law, no response is required.

16.     Deny the allegations in paragraph 16 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provisions that are cited in paragraph 16 of the Complaint. To the extent this paragraph purports to bring claims pursuant to the Investment Company Act of 1940 ("ICA"), those claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required. To the extent the allegations in this paragraph allege conclusions of law, no response is required.

17.     Deny the allegations in paragraph 17 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 17 of the Complaint. To the extent the allegations in this paragraph allege conclusions of law, no response is required.

- 4 -

18.    Deny the allegations in paragraph 18 of the Complaint.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

19.    Admit the allegations in paragraph 19 of the Complaint.

20.    Deny the allegations in paragraph 20 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Lead Plaintiff Dharamvir Bhanot acquired and owned shares of the Fund during the Class Period pursuant to or traceable to a registration statement and prospectus at issue in this complaint, as demonstrated by his certification previously filed with this Court at docket number 11 (09-md-2063)."

21.    Admit the allegations in paragraph 21 of the Complaint.

22.    Deny the allegations in paragraph 22 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff William E. Miles, Jr. acquired and owned shares of the Fund during the Class Period pursuant to or traceable to a registration statement and prospectus at issue in this complaint, as demonstrated by his certification previously filed with this Court at docket number 11 (09-md-2063)."

23.    Deny the allegations in paragraph 23 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff John P. Galganovicz acquired and owned shares of the Fund during the Class Period pursuant to or traceable to a registration statement and prospectus at issue in this complaint, as demonstrated by his certification previously filed with this Court at docket number 11 (09-md-2063)."

24.     Deny the allegations in paragraph 24 of the Complaint.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

25.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except admit that OppenheimerFunds, Inc. ("OFI") is investment advisor to the Fund, that there is an advisory agreement between OFI and the Fund, that OFI receives a management fee, that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that the Board of Trustees of the Trust has established certain policies relating to the work of OFI as investment advisor to the Fund.  It is also admitted that OFI's subsidiaries engage in brokerage, banking services, and other related financial services

26.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except admit that OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008, and that OFDI has acted as a distributor of shares in the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

27.     Deny the allegations in paragraph 27 of the Complaint, except admit that OMMT is the registrant and issuer for each series of the Fund's shares, that OMMT filed each one of the Fund registration statements, and that OMMT is headquartered at 6803 South Tucson Way, Centennial, Colorado.

28.     Deny the allegations in paragraph 28 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 25-27 of the Complaint, except admit that the Plaintiffs purport to use the term "Fund Defendants."

29.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except admit that John V. Murphy was President of the Fund, Trustee of the Trust, and also Chairman, Chief Executive Officer, and President of the Manager.

30.     Deny the allegations in paragraph 30 of the Complaint, except admit that at certain times Clayton K. Yeutter was Chairman of the Board of Trustees for the Trust and that Mr. Yeutter signed, individually or through an agent, the Registration Statement that was filed by the Trust on September 26, 2006.

31.     Deny the allegations in paragraph 31 of the Complaint, except admit that at certain times Brian F. Wruble was a Trustee of the Trust and Chairman of the Board of Trustees, and that Mr. Wruble signed, individually or through an agent, the Registration Statements filed by the Trust on March 5, 2007 and November 21, 2007.

32.     Admit the allegations in paragraph 32 of the Complaint.

33.     Deny the allegations in paragraph 33 of the Complaint, except admit that at certain times David K. Downes was a Trustee of the Trust and that Mr. Downes signed, individually or through an agent, the Registration Statement filed by the Trust on November 21, 2007.

34.     Deny the allegations in paragraph 34 of the Complaint, except admit that at certain times Matthew P. Fink was a Trustee of the Trust and that Mr. Fink signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

35.     Deny the allegations in paragraph 35 of the Complaint, except admit that at certain times Robert G. Galli was a Trustee of the Trust and that Mr. Galli signed, individually

KL3 2857401.4

or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

36.    Deny the allegations in paragraph 36 of the Complaint, except admit that at certain times Phillip A. Griffiths was a Trustee of the Trust and that Mr. Griffiths signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

37.    Deny the allegations in paragraph 37 of the Complaint, except admit that at certain times Mary F. Miller was a Trustee of Trust and that Ms. Miller signed, individually or through an agent, the Registration Statements that were filed by the Trust on March 5, 2007 and November 21, 2007.

38.    Deny the allegations in paragraph 38 of the Complaint, except admit that at certain times Joel W. Motley was a Trustee of the Trust and that Mr. Motley signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

39.    Deny the allegations in paragraph 39 of the Complaint, except admit that at certain times Kenneth A. Randall was a Trustee of the Trust and that Mr. Randall signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

40.    Deny the allegations in paragraph 40 of the Complaint, except admit that at certain times Russell S. Reynolds, Jr. was a Trustee of the Trust and that Mr. Reynolds signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

41. Deny the allegations in paragraph 41 of the Complaint, except admit that at certain times Joseph M. Wikler was a Trustee of the Trust and that Mr. Wikler signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

42. Deny the allegations in paragraph 42 of the Complaint, except admit that at certain times Peter I. Wold was a Trustee of the Trust and that Mr. Wold signed, individually or through an agent, certain registration statements that were issued by the Trust during the purported Class Period.

43. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except admit that Ronald H. Fielding was a Portfolio Manager of the Fund and a Senior Vice President of the Manager during the purported Class Period.

44. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, except admit that Daniel G. Loughran was a Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period.

45. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, except admit that Scott Cottier was a Portfolio Manager of the Fund and a Vice President of the Manager during the purported Class Period.

46. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, except admit that Troy E. Willis

was a Portfolio Manager of the Fund and an Assistant Vice President of the Manager since July 2005.

47.     Deny the allegations in paragraph 47 of the Complaint and repeat and incorporate by reference the responses to the allegations in paragraphs 19-46 of the Complaint, except admit that the Plaintiffs purport to use the term "Individual Defendants."

48.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, except admit that MassMutual owns Oppenheimer Acquisition Corp., a holding company that owns OFI, and is located at 1295 State Street, Springfield, MA, and refer to the Form ADV (Uniform Application for Investment Advisor Registration) that is referred to in paragraph 48 of the Complaint for its complete and correct contents.

49.     Deny the allegations in paragraph 49 of the Complaint, except admit that the Plaintiffs purport to use the term "Defendants."

50.     Deny the allegations in paragraph 50 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required

51.     Deny the allegations in paragraph 51 of the Complaint.

52.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.     Deny the allegations in paragraph 53 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

54.     Deny the allegations in paragraph 54 of the Complaint, except admit that the Trust filed Statements of Additional Information on September 26, 2006, March 5, 2007, and November 21, 2007, and refer to those Statements of Additional Information for their complete

and correct contents. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

55.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and refer to Form ADV that is referred to in paragraph 55 of the Complaint for its complete and correct contents. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

56.     Deny the allegations in paragraph 56 of the Complaint, except admit that OMMT is an open-ended mutual fund that is registered under the ICA, and that the Fund sold three classes of shares, A, B, and C, under the ticker symbols OPATX, OPABX, and OPACX, respectively, on the NASDAQ system during the purported Class Period.

57.     Deny the allegations in paragraph 57 of the Complaint, except admit that at certain times the Trust issued certain public filings for the Fund, and refer to the Trust's public filings that are described in paragraph 57 of the Complaint for their complete and correct contents.

58.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.     Deny the allegations in paragraph 59 of the Complaint.

60.     Deny the allegations in paragraph 60 of the Complaint.

61.     Deny the allegations in paragraph 61 of the Complaint, and refer to the October 21, 2008, Morningstar report referred to in paragraph 61 of the Complaint for its complete and correct contents.

62.     Deny the allegations in paragraph 62 of the Complaint, except admit that inverse floaters pay a coupon that generally moves inversely to a referenced short-term interest

rate. It is also admitted that the Fund, as holder of an inverse floater, could receive this coupon payment.

63.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and refer to the statutes and regulations cited in paragraph 63 for their complete and correct contents.

64.     Deny the allegations in paragraph 64 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses, and refer to the Prospectuses that are described in paragraph 64 of the Complaint for their complete and correct contents. It is also admitted that the Fund's shares were marketed and sold to investors during the purported Class Period pursuant to registration statements.

65.     Deny the allegations in paragraph 65 of the Complaint, except admit that OMMT filed (a) a Registration Statement, Prospectus, and Statement of Additional Information on September 26, 2006, and refer to those filings for their complete and correct contents. It is also admitted that the Fund's shares were issued and offered for sale during the purported Class Period.

66.     Deny the allegations in paragraph 66 of the Complaint, except admit that OMMT filed (a) a Registration Statement, Prospectus, and Statement of Additional Information on March 5, 2007, and (b) a Registration Statement, Prospectus, and Statement of Additional Information on November 21, 2007, and refer to those filings for their complete and correct contents.

67.     Deny the allegations in paragraph 67 of the Complaint, except admit that the Trust filed Prospectuses on September 26, 2006, March 5, 2007, and November 21, 2007, and refer to those filings for their complete and correct contents. It is also admitted that the

Fund's shares were marketed and sold to investors pursuant to prospectuses, and that the Fund periodically issued Annual and Semi-Annual Reports that were incorporated into the prospectuses.

68.    Deny the allegations in paragraph 68 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses and Statements of Additional Information, and refer to the Prospectuses and Statements of Additional Information that are described in paragraph 68 of the Complaint for their complete and correct contents.

69.    Deny the allegations in paragraph 69 of the Complaint.

70.    Deny the allegations in paragraph 70 of the Complaint, except admit that the Fund's prospectuses contained discussions of the investment objectives of the Fund, and refer to those discussions in the Fund's Prospectuses for their complete and correct contents.

71.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and refer to *Forbes Investopedia* and Bloomberg for their complete and correct contents.

72.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and refer to *Standard & Poor's Guide to the Perfect Portfolio* for its complete and correct contents.

73.    Deny the allegations in paragraph 73 of the Complaint, and refer to the October 21, 2008, Morningstar Report for its complete and correct contents.

74.    Deny the allegations in paragraph 74 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses, and refer to the Fund's Prospectuses that are described in paragraph 74 of the Complaint for their complete and correct contents.

75.    Deny the allegations in paragraph 75 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint.

77.     Deny the allegations in paragraph 77 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

78.     Deny the allegations in paragraph 78 of the Complaint, except admit that the Trust filed Prospectuses on March 5, 2007 and November 21, 2007, and refer to those Prospectuses for their complete and correct contents.

79.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and refer to 17 C.F.R. 239 and 274 [Fed. Reg. Vol. 75, no. 55 at 9829, Release No. 33-6927; IC-18612] (Mar. 20, 1992) for their complete and correct contents.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

81.     Deny the allegations in paragraph 81 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses, and that those Prospectuses contain certain discussions of illiquid investments, and refer to the Prospectuses that are described in paragraph 81 of the Complaint for their complete and correct contents.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

82.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and refer to 51 Fed. Reg. 9773 for its complete and correct contents.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

KL3 2857401.4

83.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and refer to the GAAP Statement of Financial Accounting Concepts No. 5 for its complete and correct contents.

84.     Deny the allegations in paragraph 84 of the Complaint, except admit that at certain times the Trust issued certain Statements of Investments, and refer to the Statements of Investments that are described in paragraph 84 of the Complaint for their complete and correct contents.

85.     Deny the allegations in paragraph 85 of the Complaint, except admit that at certain times the Trust issued certain Statements of Investments, and refer to the Statements of Investments that are described in paragraph 85 of the Complaint for their complete and correct contents.

86.     Deny the allegations in paragraph 86 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in the table in paragraph 86 of the Complaint, and refer to the Electronic Municipal Market Access as referred to in paragraph 86 of the Complaint for its complete and correct contents, and admit that at certain times the Trust issued certain Statements of Investments, and refer to those Statements of Investments for their complete and correct contents.

87.     Deny the allegations in paragraph 87 of the Complaint.

88.     Deny the allegations in paragraph 88 of the Complaint.

89.     Deny the allegations in paragraph 89 of the Complaint, except admit that the Trust filed a Shareholder Report on March 29, 2007, and refer to that Shareholder Report for its complete and correct contents.

90.     Deny the allegations in paragraph 90 of the Complaint.

91.     Deny the allegations in paragraph 91 of the Complaint.

92.     Deny the allegations in paragraph 92 of the Complaint.

93.     Deny the allegations in paragraph 93 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

94.     Deny the allegations in paragraph 94 of the Complaint, except admit that the Prospectuses issued by the Trust contained certain discussions of the role that OFI played in monitoring the liquidity of the Fund's investments, and refer to those discussions in the Prospectuses that are described in paragraph 94 of the Complaint for their complete and correct contents.

95.     Deny the allegations in paragraph 95 of the Complaint.

96.     Deny the allegations in paragraph 96 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

97.     Deny the allegations in paragraph 97 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

98.     Deny the allegations in paragraph 98 of the Complaint, except admit that the Trust filed a Prospectus on March 5, 2007, and refer to that Prospectus for its complete and correct contents.

99.     Deny the allegations in paragraph 99 of the Complaint, except admit that the Trust filed a Prospectus on March 5, 2007, and refer to that Prospectus for its complete and correct contents.

100.   Deny the allegations in paragraph 100 of the Complaint, except admit that the Trust filed a Prospectus on November 21, 2007, and refer to that Prospectus for its complete and correct contents.

101.   Deny the allegations in paragraph 101 of the Complaint, except admit that the Trust filed a Prospectus on November 21, 2007, and refer to that Prospectus for its complete and correct contents.

102.   Deny the allegations in paragraph 102 of the Complaint and refer to Form N-CSRS filed with the SEC on March 29, 2007 for its complete and correct contents.

103.   Deny the allegations in paragraph 103 of the Complaint, except admit that the Trust filed a Shareholder Report on September 28, 2007 for the period ended July 31, 2007, and refer to that Shareholder Report for its complete and correct contents.

104.   Deny the allegations in paragraph 104 of the Complaint, except admit that the Trust filed a Shareholder Report on September 25, 2008 for the period ended July 31, 2008, and refer to that Shareholder Report for its complete and correct contents.

105.   Deny the allegations in paragraph 105 of the Complaint, except admit that the Trust filed a Prospectus on March 5, 2007, which was accompanied by a Statement of Additional Information, and refer to the Statement of Information which accompanied that Prospectus for its complete and correct contents.

106.   Deny the allegations in paragraph 106 of the Complaint, and refer to the Statement of Additional Information that accompanied the Prospectus dated March 5, 2007 for its complete and correct contents.

107.   Deny the allegations in paragraph 107 of the Complaint.

KL3 2857401.4

108.    Deny the allegations in paragraph 108 of the Complaint, except admit that in September 2006, the Financial Accounting Standards Board issued Statement of Financial Accounting Standards ("SFAS") No. 157, and refer to SFAS No. 157 for its complete and correct contents.

109.    Deny the allegations in paragraph 109 of the Complaint, except admit that the Trust filed a Shareholder Report for the period ended January 31, 2009, and refer to that Shareholder Report and SFAS No. 157 for their complete and correct contents.

110.    Deny the allegations in paragraph 110 of the Complaint.

111.    Deny the allegations in paragraph 111 of the Complaint.  To the extent the allegations in this paragraph allege conclusions of law, no response is needed.

112.    Deny the allegations in paragraph 112 of the Complaint.

113.    Deny the allegations in paragraph 113 of the Complaint.

114.    Deny the allegations in paragraph 114 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

115.    Deny the allegations in paragraph 115 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

116.    Deny the allegations in paragraph 116 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

KL3 2857401.4

117.    Deny the allegations in paragraph 117 of the Complaint, except admit that the Trust filed a Prospectus on September 26, 2006, and refer to that Prospectus for its complete and correct contents.

118.    Deny the allegations in paragraph 118 of the Complaint.

119.    Deny the allegations in paragraph 119 of the Complaint, except admit that the Trust filed a Prospectus on March 5, 2007, and refer to that Prospectus for its complete and correct contents.

120.    Deny the allegations in paragraph 120 of the Complaint, except admit that the Trust filed a Prospectus on November 21, 2007, and refer to that Prospectus for its complete and correct contents.

121.    Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.    Deny the allegations in paragraph 122 of the Complaint, except admit that inverse floaters can have leverage and that different inverse floaters can have different amounts of leverage.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

123.    Deny the allegations in the first sentence of paragraph 123 of the Complaint.  Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in all of the other sentences in paragraph 123 of the Complaint.

124.    Deny the allegations in paragraph 124 of the Complaint.

125.    Deny the allegations in paragraph 125 of the Complaint, except admit that the Trust filed a Shareholder Report on March 25, 2008 for the period ending January 31, 2008

- 19 -

and that Shareholder Report contained a Statement of Investments, and refer to that Statement of Investments for its complete and correct contents.

126.   Deny the allegations in paragraph 126 of the Complaint.

127.   Deny the allegations in paragraph 127 of the Complaint.

128.   Deny the allegations in paragraph 128 of the Complaint, except admit that the Trust filed Prospectuses on March 5, 2007 and November 21, 2007, and refer to those Prospectuses for their complete and correct contents. To the extent the allegations in this paragraph allege conclusions of law, no response is needed.

129.   Deny the allegations in paragraph 129 of the Complaint, except admit that the holders of certain inverse floaters could "put" such inverse floaters back to the trust that issued them, not the Fund.

130.   Deny the allegations in paragraph 130 of the Complaint, except admit that certain inverse floaters involved agreements with the Sponsor of that inverse floater.

131.   Deny the allegations in paragraph 131 of the Complaint.

132.   Deny the allegations in paragraph 132 of the Complaint, except admit that the Trust filed a Registration Statement and Prospectus on November 28, 2008, and refer to those documents for their complete and correct contents.

133.   Deny the allegations in paragraph 133 of the Complaint. To the extent the allegations in this paragraph allege conclusions of law, no response is needed.

134.   Deny the allegations in paragraph 134 of the Complaint, except admit that at certain times the Trust issued certain Statements of Investments, and refer to the Statements of Investments that are described in paragraph 134 of the Complaint for their complete and correct

contents. To the extent the allegations in this paragraph allege conclusions of law, no response is needed.

135.    Deny the allegations in paragraph 135 of the Complaint.

136.    Deny the allegations in paragraph 136 of the Complaint.

137.    Deny the allegations in paragraph 137 of the Complaint, except admit that at certain times the Trust issued certain Prospectuses and that those Prospectuses contained discussions of the Fund's investment policies, and refer to the Prospectuses that are described in paragraph 137 of the Complaint for their complete and correct contents.

138.    Deny the allegations in paragraph 138 of the Complaint, and aver that all of the allegations in paragraph 138 of the Complaint purport to relate to Plaintiffs' claims pursuant to section 13(a) of the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

139.    Deny the allegations in paragraph 139 of the Complaint, except admit that the Trust filed a Registration Statement, Prospectus, and Statement of Additional Information on November 28, 2008, and refer to those documents for their complete and correct contents.

140.    Deny the allegations in paragraph 140 of the Complaint.

141.    Deny the allegations in paragraph 141 of the Complaint, except admit that the Trust filed a Prospectus on November 28, 2008, and refer to that Prospectus for its complete and correct contents.

142.    Deny the allegations in paragraph 142 of the Complaint, except admit that the Trust filed a Prospectus on November 28, 2008, and refer to that Prospectus for its complete and correct contents.

143.    Deny the allegations in paragraph 143 of the Complaint.

144.   Deny the allegations in paragraph 144 of the Complaint, except admit that the Fund shares had a stated NAV of $7.42 per share of Class A shares on December 17, 2008 and a stated NAV of $12.21 per share of Class A shares on January 2, 2008.

145.   Deny the allegations in paragraph 145 of the Complaint. To the extent the allegations in this paragraph allege conclusions of law, no response is required.

146.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint.

147.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint, and refer to the October 21, 2008 Morningstar report entitled "Oppenheimer Pennsylvania Municipal's recent plummet illustrates its risks well" as referred to in paragraph 147 of the Complaint for its complete and correct contents.

148.   Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint, and refer to the March 18, 2009 Morningstar report entitled "Oppenheimer Pennsylvania Municipal's risk-taking has hurt it" as referred to in paragraph 148 of the Complaint for its complete and correct contents.

149.   Deny the allegations in paragraph 149 of the Complaint, and refer to the May 25, 2009 *Forbes.com* article entitled "Guidelines for Municipal Bonds Investing" referred to in paragraph 149 of the Complaint for its complete and correct contents.

150.   Deny the allegations in paragraph 150 of the Complaint, except admit that the Plaintiffs purport to proceed under the provisions of the Federal Rules of Civil Procedure that are cited in paragraph 150 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

151.    Deny the allegations in paragraph 151 of the Complaint, except admit that Plaintiff purports to exclude certain entities and individuals from the putative class.

152.    Deny the allegations in paragraph 152 of the Complaint, except admit that the Fund has many outstanding shares and that certain records are maintained by OppenheimerFunds or its transfer agent.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

153.    Deny the allegations in paragraph 153 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

154.    Deny the allegations in paragraph 154 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

155.    Deny the allegations in paragraph 155 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

156.    Deny the allegations in paragraph 156 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  Certain allegations in paragraph 156 of the Complaint purport to bring fundamental policy claims pursuant to the ICA.  These claims have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.

## COUNT I:

157.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 156 of the Complaint.

158.    Deny the allegations in paragraph 158 of the Complaint, except admit that the Plaintiffs purport to assert claims under Section 11 of the 1933 Act, 15 U.S.C. § 77K.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

KL3 2857401.4

159.    Deny the allegations in paragraph 159 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

160.    Deny the allegations in paragraph 160 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

161.    Deny the allegations in paragraph 161 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

162.    Deny the allegations in paragraph 162 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

163.    Deny the allegations in paragraph 163 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

164.    Deny the allegations in paragraph 164 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

165.    Deny the allegations in paragraph 165 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

166.    Deny the allegations in paragraph 166 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

167.    Deny the allegations in paragraph 167 of the Complaint.

## COUNT II:

168.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 167 of the Complaint.

169.    Deny the allegations in paragraph 169 of the Complaint, except admit that the Plaintiffs purport to proceed under Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 771(a)(2). To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

170.    Deny the allegations in paragraph 170 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

171.    Deny the allegations in paragraph 171 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

172.    Deny the allegations in paragraph 172 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

173.    Deny the allegations in paragraph 173 of the Complaint, except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' knowledge.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

174.    Deny the allegations in paragraph 174 of the Complaint.

175.    Deny the allegations in paragraph 175 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

176.    Deny the allegations in paragraph 176 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

177.    Deny the allegations in paragraph 177 of the Complaint, except admit that the Lead Plaintiff and certain putative class members purport to tender certain of their shares to the Fund.

**COUNT III:**

178.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 177 of the Complaint.

179.    Deny the allegations in paragraph 179 of the Complaint, except admit that the Plaintiffs purport to proceed under the statutory provision that is cited in paragraph 179 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

180.    Deny the allegations in paragraph 180 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

181.    Deny the allegations in paragraph 181 of the Complaint.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

182.    Deny the allegations in paragraph 182 of the Complaint. To the extent the allegations in this paragraph allege a conclusion of law, no response is required.

## COUNT IV:

183.    Repeat and incorporate by reference the responses to the allegations in paragraphs 1 through 182 of the Complaint.

184.    The claims based on the allegations contained in paragraph 184 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

185.    The claims based on the allegations contained in paragraph 185 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

186.    The claims based on the allegations contained in paragraph 186 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

187.    The claims based on the allegations contained in paragraph 187 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

188.    The claims based on the allegations contained in paragraph 188 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

189.    The claims based on the allegations contained in paragraph 189 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

190.    The claims based on the allegations contained in paragraph 190 of the Complaint have been dismissed by Order of the Court, dated October 24, 2011, and therefore no response to those allegations is required.  To the extent a response may be required, the allegations in this paragraph are denied.

## GENERAL DENIAL

Except as otherwise expressly stated in paragraphs 1 through 190 above, the Trust/Independent Trustees deny each and every allegation of wrongdoing by them contained in

KL3 2857401.4

paragraphs 1 through 190 of the Complaint, including, without limitation, the introductory paragraph, headings, subheadings, and footnotes contained in the Complaint, and the Trust/Independent Trustees specifically deny liability to the Plaintiffs, and/or that the Plaintiffs have suffered any legally cognizable damages for which the Trust/Independent Trustees are responsible.  The Trust/Independent Trustees expressly reserve the right to amend and/or supplement their Answer, including but not limited to the affirmative defenses and other defenses contained herein.

**AFFIRMATIVE DEFENSES**

191.    Without in any way admitting any of the allegations of the Complaint and without admitting or suggesting that the Trust/Independent Trustees bear the burden of proof on any of the following issues, as separate and independent affirmative defenses, the Trust/Independent Trustees allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

192.    The Complaint fails to state a claim against the Trust/Independent Trustees upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

193.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

**THIRD AFFIRMATIVE DEFENSE**

194.    Any allegedly untrue statements of material fact, misleading statements, or other allegedly actionable conduct attributable to any of the Trust/Independent Trustees (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

- 28 -

## FOURTH AFFIRMATIVE DEFENSE

195.     The offering documents at issue did not contain any untrue statements of material facts, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FIFTH AFFIRMATIVE DEFENSE

196.     Plaintiffs' claims are barred, in whole or in part, because the Trust/Independent Trustees' relevant statements were publicly disclosed or were in the public domain, and adequately disclosed the risks associated with investment in the Fund and therefore the Plaintiffs have failed to show that the Trust/Independent Trustees made an untrue statement of material fact or omitted to state a material fact required to be stated or necessary to make the statements not misleading.

## SIXTH AFFIRMATIVE DEFENSE

197.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege a duty to disclose the allegedly omitted information, and/or that the Trust/Independent Trustees breached any duty owed to the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

198.     Plaintiffs' claims are barred, in whole or in part, because general statements of investment objectives are not actionable statements of fact under the federal securities laws and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

199.     Section 11 of the Securities Act of 1933 does not afford a remedy to purchasers who bought their securities in the secondary market.  In addition, the claims by

KL3 2857401.4

secondary market purchasers are barred to the extent they fail to plead and prove reliance upon

the alleged misrepresentations or omissions.

## NINTH AFFIRMATIVE DEFENSE

200.   Plaintiffs' claims are barred because this action may not be maintained as

a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

201.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs

cannot prove that they purchased securities traceable to a registration statement.

## ELEVENTH AFFIRMATIVE DEFENSE

202.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs

have failed to plead and cannot prove reliance on any alleged misstatements or omissions by the

Trust/Independent Trustees.

## TWELFTH AFFIRMATIVE DEFENSE

203.   The Independent Trustees were advised, understood, and believed that

there were no misrepresentations or omissions in the public securities filings of the Fund, or in

its public statements, at the time that they were made.

## THIRTEENTH AFFIRMATIVE DEFENSE

204.   The Independent Trustees were entitled to, and did rely upon, the opinions

of professionals and experts, including without limitation, portfolio managers, OFI, independent

auditors, internal auditors, underwriters, accountants, outside counsel, and internal counsel, in

affixing their signatures to, and authorizing the filing of, Registration Statements and various

offering documents. The Independent Trustees believed that these experts were, in fact, expert

in their field and were competent to render the opinions they had provided. The Independent

Trustees had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect as to the matters on which the experts had opined. The Independent Trustees had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements did not fairly represent the statements of the expert or were not a fair copy of or extract from the report or valuation of the expert.

## FOURTEENTH AFFIRMATIVE DEFENSE

205. Plaintiffs' claims are barred because the Independent Trustees at all times acted with reasonable care and due diligence with respect to the matters Plaintiffs now contend were misrepresented by, or omitted from, the Fund's public filings and public statements, including, without limitation, registration statements. After reasonable investigation, the Independent Trustees had reasonable ground to believe and did believe that the statements contained therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

206. Plaintiffs' claims are barred because the Independent Trustees at all times acted in good faith without any knowledge or intent to commit an actionable offense.

## SIXTEENTH AFFIRMATIVE DEFENSE

207. Plaintiffs' claims are barred because the Trust did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the Fund's public filings with the SEC or any statements issued in connection therewith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

208.   Plaintiffs' claims are barred because the Independent Trustees did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

209.   Plaintiffs' claims are barred because the Independent Trustees did not culpably participate in any fraudulent scheme or misstatements of fact by others, and did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of the federal securities laws or regulations.  None of the Independent Trustees had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## NINETEENTH AFFIRMATIVE DEFENSE

210.   Plaintiffs' claims are barred because the Trust/Independent Trustees are not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

## TWENTIETH AFFIRMATIVE DEFENSE

211.   Certain Independent Trustees, including without limitation David K. Downes, Matthew P. Fink, Mary F. Miller, and Clayton K. Yeutter, did not sign certain registration statements that allegedly included misleading or false information.  Accordingly, these Independent Trustees are not liable to the Plaintiffs under the federal securities laws or regulations in connection with these filings or offerings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

212.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by the Trust/Independent Trustees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

213.    The actions or inactions of the Trust/Independent Trustees were not the sole or the partial cause, proximate cause, or joint proximate cause of any loss allegedly suffered by the Plaintiffs or of any decision by the Plaintiffs to purchase or sell shares of the Fund.  Any damages for which the Plaintiffs seek to recover against the Trust/Independent Trustees were in fact caused by actions or omissions of the Plaintiffs and/or third parties, and/or were the result of superseding and intervening causes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

214.    Plaintiffs' claims are barred, in whole or in part, because the depreciation in the market price of the Fund's shares resulted from factors other than the misstatements and omissions alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

215.    Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose liability on the Trust/Independent Trustees beyond that which their own conduct has caused, and because the injuries the Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the Trust/Independent Trustees, actions or inactions by parties outside the control of the Trust/Independent Trustees, or economic events that were, likewise, outside the control of the Trust/Independent Trustees.  These actions, inactions, and events were intervening or superseding causes of the Plaintiffs' alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

216.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs assumed the risks disclosed in the Fund's public disclosures and those risks came to fruition to cause the Plaintiffs' losses.  Plaintiffs purchased shares of the Fund with knowledge of these risks, or knowledge of adverse events concerning the Fund, and likewise assumed the risks that there would be further deterioration in the price or value of the Fund's shares, such that the Plaintiffs' damages are not recoverable as a matter of law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

217.    Plaintiffs have suffered no compensable damages or losses.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

218.    Plaintiffs are limited to only those damages authorized by the Securities Act of 1933 and the Private Securities Litigation Reform Act and therefore, the Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

219.    Plaintiffs' claims for damages are barred, in whole or in part, because they have failed to fulfill their duty to mitigate, reduce, or otherwise avoid the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

220.    Any recovery for damages allegedly suffered by the Plaintiffs is subject to offset in the amount of any profit actually received by the Plaintiffs through their investments.

## THIRTIETH AFFIRMATIVE DEFENSE

221.    Plaintiffs' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act of 1933.

KL3 2857401.4

## THIRTY-FIRST AFFIRMATIVE DEFENSE

222.   Plaintiffs' claims are barred under various equitable doctrines, including waiver, unclean hands, laches, estoppel, ratification or failure to use due care.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

223.   The Independent Trustees are entitled to be exculpated, indemnified, and/or receive contribution for any liability they incur, including, without limitation, pursuant to the Fund's by-laws.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

224.   Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against the Trust/Independent Trustees or others.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

225.   The Trust/Independent Trustees adopt and incorporate by reference any and all other defenses asserted or to be asserted by other defendants to the extent the Trust/Independent Trustees may share in such defenses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

226.   The Trust/Independent Trustees reserve and reassert all affirmative defenses available under any applicable federal and state law.  The Trust/Independent Trustees presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available.  Therefore, the Trust/Independent Trustees reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

- 35 -

## PRAYER FOR RELIEF

WHEREFORE, the Trust/Independent Trustees respectfully request (i) that the

Court enter judgment dismissing all claims in the Complaint as to each of them with prejudice

and award to them their costs, disbursements, and attorneys' fees and costs, including expert and

witness fees, in this action; and (ii) that the Court grant such other and further relief as the Court

may deem to be just and proper.

Dated: June 3, 2013

By:
   /s/ Edward T. Lyons, Jr.
   Edward T. Lyons, Jr.
   Jones & Keller, P.C.
   1999 Broadway, Suite 3150
   Denver, CO 80202
   (303) 573-1600
   elyons@joneskeller.com

   - and -

By:
   /s/ Arthur H. Aufses III
   Arthur H. Aufses III
   Kramer Levin Naftalis & Frankel LLP
   1177 Avenue of the Americas
   New York, NY 10036
   (212) 715-9100
   aaufses@kramerlevin.com

*Attorneys for Defendants*
*Oppenheimer Multi-State Municipal Trust, David*
*K. Downes, Matthew P. Fink, Robert G. Galli,*
*Phillip A. Griffiths, Mary F. Miller, Joel W. Motley,*
*Kenneth A. Randall, Russell S. Reynolds, Jr.,*
*Joseph M. Wikler, Peter I. Wold, Brian F. Wruble,*
*and Clayton K. Yeutter*

KL3 2857401.4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with this Court on June 3, 2013 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*s/ Renae K. Mesch*
Renae K. Mesch

KL3 2857401.4