**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES
LITIGATION**

This document relates to:   *In re California Municipal Fund*
09-cv-1484-JLK (Lowe)
09-cv-1485-JLK (Rivera)
09-cv-1486-JLK (Tackmann)
09-cv-1487-JLK (Milhelm)

---

**DEFENDANT MASSMUTUAL'S ANSWER TO
THE AMENDED CLASS ACTION COMPLAINT**

---

Defendant Massachusetts Mutual Life Insurance Company ("MassMutual" or

"Defendant") hereby answers the Amended Class Action Complaint (the "Complaint")

filed by Joseph Stockwell ("Plaintiff"), ECF No. 250.  The Court's October 24, 2011

Order dismissed all claims based on Section 13(a) of the Investment Company Act of

1940 ("ICA").  Thus, no response to any of those claims or allegations is required.

Subject to the foregoing, MassMutual answers the Complaint as follows:

**<u>PRELIMINARY STATEMENT</u>**

The Complaint contravenes the Federal Rules of Civil Procedure by improperly

mixing factual averments with argumentative rhetoric so as to make admissions or

denials of such averments difficult and, at times, impossible.  In addition, many of the

Complaint's allegations are overly broad, vague, conclusory, and/or include terms that are undefined and susceptible to different meanings.  As a result, it is difficult to understand many of the allegations in the Complaint with sufficient clarity to allow a precise answer.  While Defendant has attempted to identify and respond to specific factual allegations in cases where they can be understood sufficiently to permit an answer, Defendant is not certain that it understands the exact nature of Plaintiff's allegations in all instances.  Defendant therefore reserves the right to withdraw, amend, or modify its answer to the Complaint as later circumstances may warrant.  Accordingly, by way of general response, all allegations in the Complaint are denied unless specifically admitted.  Moreover, any factual averment that is admitted below is admitted only as to the specific facts as so stated herein and not as to any conclusions, characterizations, implications, or speculation that are contained in the averment or the Complaint as a whole.  The comments and objections of this preliminary statement are incorporated, to the extent appropriate, in each numbered paragraph of this Answer.  Additionally, to the extent the headings contained in the Complaint are taken to assert factual allegations, such allegations are denied.

     1.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

2.      Admitted in part, denied in part.  Defendant MassMutual admits that Plaintiff purports to bring a putative class action on behalf of certain investors who purchased or held shares in the Oppenheimer California Municipal Bond Fund (the "Fund") between September 27, 2006 and November 28, 2008.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

3.      Denied.  To the extent this paragraph purports to characterize the other allegations of the Complaint, the Court is referred to such allegations, which speak for themselves.

4.      Denied.  To the extent this paragraph purports to characterize the other allegations of the Complaint, the Court is referred to such allegations, which speak for themselves.

5.      Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

6.      Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

7.     Denied.  To the extent the allegations relate to claims brought pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

8.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

9.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

10.     Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

11.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

12.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required. To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

13.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

14.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph and they are therefore denied.

15.     Denied.  Defendant MassMutual lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in this paragraph and they are therefore

denied.

16.     Denied.  To the extent the allegations in this paragraph allege conclusions

of law, no response is required.  To the extent this paragraph purports to characterize

certain documents, the Court is referred to those documents for an accurate and complete

statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph and they are therefore denied.

17.     Denied.  Defendant MassMutual lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in this paragraph and they are therefore

denied.

18.     Denied.  Defendant MassMutual denies that it took any actions with respect

to the Fund.  Defendant MassMutual lacks knowledge as to what is meant by this

paragraph, as it contains an incomplete sentence.

19.     Denied.  To the extent the allegations in this paragraph allege conclusions

of law, no response is required.  To the extent this paragraph purports to characterize

certain documents, the Court is referred to those documents for an accurate and complete

statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph and they are therefore denied.

20.     Denied.  To the extent this paragraph purports to characterize certain

documents, the Court is referred to those documents for an accurate and complete

statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in

this paragraph and they are therefore denied.

21.     Denied.  To the extent the allegations in this paragraph allege conclusions

of law, no response is required.  To the extent this paragraph purports to quote or to

characterize certain documents, the Court is referred to those documents for an accurate

and complete statement of their contents, which speak for themselves.  Defendant

MassMutual lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph and they are therefore denied.

22.     Denied.   To the extent the allegations relate to claims brought pursuant to

the ICA, no response is required because those claims were dismissed.  To the extent the

allegations in this paragraph allege conclusions of law, no response is required.

Defendant MassMutual lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph and they are therefore denied.

23.     Denied.  Defendant MassMutual denies that it took any actions with respect to the Fund.  To the extent the allegations relate to claims brought pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

24.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

25.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

26.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

27.     Denied.  To the extent the allegations relate to claims brought pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

28.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.

29.     Admitted in part, denied in part.  It is admitted that these consolidated cases were originally filed in the United States District Court for the Northern District of California.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

30.     Admitted in part, denied in part.  It is admitted that the Judicial Panel on Multidistrict Litigation transferred this action to this Court.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and/or the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

31.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

32.     Admitted in part, denied in part.  It is admitted that the Court appointed Joseph Stockwell as Lead Plaintiff.  MassMutual denies that Plaintiff purchased shares of the Fund from MassMutual.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

33.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph is deemed to allege facts, it is denied.

34.     Admitted in part, denied in part.  It is admitted that the Fund is registered under the ICA and that the Fund is headquartered at 6803 South Tucson Way, Centennial, Colorado 80112.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

35.     Admitted in part, denied in part.  It is admitted that OppenheimerFunds, Inc. ("OFI") is the investment advisor of the Fund.  It is further admitted that OFI is headquartered at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and is owned by Oppenheimer Acquisition Corp., a holding company that is owned by MassMutual.  It is admitted that the Board of Trustees of the Fund has established certain policies relating to the work of OFI as investment advisor to the Fund. It is admitted that OFI receives a management fee.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

36.     Admitted in part, denied in part.  It is admitted that OppenheimerFunds Distributor, Inc. ("OFDI") is located at Two World Financial Center, 225 Liberty Street, New York, New York 10281-1008 and that OFDI has acted as a distributor of shares of the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

37.     Admitted in part, denied in part.  It is admitted that MassMutual is a corporation headquartered at 1295 State Street, Springfield, Massachusetts 01111-0001. It is admitted that MassMutual's subsidiaries provide insurance, real estate management, investment advisory, and asset management services.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  The remaining allegations of this paragraph are denied.

38.     Admitted in part, denied in part.  It is admitted that at certain times Brian F. Wruble was Chairman of the Board of Trustees, and that Mr. Wruble signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

39.     Admitted in part, denied in part.  It is admitted that at certain times John V. Murphy was an officer of OFI and a Trustee of the Fund, and that Mr. Murphy signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

40.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

41.     Admitted in part, denied in part.  It is admitted that at certain times David K. Downes was a Trustee of the Fund, and that Mr. Downes signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

42.     Admitted in part, denied in part.  It is admitted that at certain times Matthew P. Fink was a Trustee of the Fund, and that Mr. Fink signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

43.     Admitted in part, denied in part.  It is admitted that at certain times Robert G. Galli was a Trustee of the Fund, and that Mr. Galli signed certain registration

statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

44.     Admitted in part, denied in part.  It is admitted that at certain times Phillip A. Griffiths was a Trustee of the Fund, and that Mr. Griffiths signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

45.     Admitted in part, denied in part.  It is admitted that at certain times Mary F. Miller was a Trustee of the Fund, and that Ms. Miller signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

46.     Admitted in part, denied in part.  It is admitted that at certain times Joel W. Motley was a Trustee of the Fund, and that Mr. Motley signed certain registration statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

47.     Admitted in part, denied in part.  It is admitted that at certain times Russell S. Reynolds, Jr. was a Trustee of the Fund, and that Mr. Reynolds signed certain

registration statements that were issued by the Fund.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph and they are therefore denied.

48.     Admitted in part, denied in part.  It is admitted that at certain times Peter I.

Wold was a Trustee of the Fund, and that Mr. Wold signed certain registration statements

that were issued by the Fund.  Defendant MassMutual lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph

and they are therefore denied.

49.     Admitted in part, denied in part.  It is admitted that at certain times Clayton

K. Yeutter was a Trustee of the Fund and Chairman of the Board of Trustees of the Fund,

and that Mr. Yeutter signed certain registration statements that were issued by the Fund.

Defendant MassMutual lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph and they are therefore denied.

50.     Admitted in part, denied in part.  It is admitted that at certain times Joseph

M. Wikler was a Trustee of the Fund, and that Mr. Wikler signed certain registration

statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph and they are therefore denied.

51.     Admitted in part, denied in part.  It is admitted that at certain times Kenneth

A. Randall was a Trustee of the Fund, and that Mr. Randall signed certain registration

statements that were issued by the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

52.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

53.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

54.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

55.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

56.     Denied.  The allegations in this paragraph characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

57.     Denied.  The allegations in this paragraph characterize the Complaint, a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

58.     Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

59.     Denied.  To the extent this paragraph refers to certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.  In addition, Defendant MassMutual lacks knowledge as to what, if anything, was omitted from this paragraph, as it appears to be incomplete.

60.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

61.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

62.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

63.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

64.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

65.     Denied.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

66.     Denied.  To the extent this paragraph relates to claims brought pursuant to the ICA, no response is required because these claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

67.     Denied.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

68.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

69.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege

facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

70.     Denied.  Defendant MassMutual denies taking any action with respect to the Fund.  To the extent this paragraph relates to claims brought pursuant to the ICA, no response is required because these claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

71.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

72.     Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

73.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

74.     Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

75.     Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

76.     Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents,

which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

77.    Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

78.    Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

79.    Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information

sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

80.     Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

81.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

82.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

83.     Denied.  Defendant MassMutual denies making any representations or taking any actions with respect to the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

84.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

85.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

86.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

87.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

88.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

89.     Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

90.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

91.     Denied.  Defendant MassMutual denies taking any actions or making any representations with respect to the Fund.  To the extent the allegations relate to claims brought pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

92.     Denied.  Defendant MassMutual denies taking any actions or making any representations with respect to the Fund.  To the extent the allegations relate to claims brought pursuant to the ICA, no response is required because those claims were dismissed.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

93.     Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

94.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

95.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

96.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

97.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

98.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

99.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

100.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.   Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in this paragraph and they are therefore denied.

101.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

102.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

103.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

104.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

105.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and/or the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

106.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

107.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

108.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent the allegations in this paragraph are deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

109.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent the allegations in this paragraph are deemed to allege facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

110.    Denied.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

29

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

111.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

112.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

113.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

114.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

115.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

116.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.    Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

117.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

118.    Denied.  Defendant MassMutual denies making any representations or taking any actions with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

119.    Denied.  Defendant MassMutual denies making any representations or taking any actions with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

120.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.   Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

121.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

122.     Denied.  Defendant MassMutual denies making any representations with respect to the referenced litigation.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

123.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

124.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

125.     Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

126.    Denied.  Defendant MassMutual denies making any allegations with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

127.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

128.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

129.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

130.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

131.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

132.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

133.    Denied.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

134.    Denied.  To the extent the allegations in this paragraph call for legal conclusions, no response is required.  To the extent this paragraph is deemed to allege any facts, it is denied.

135.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

136.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

137.    Denied.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

138.   Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

139.   Denied.  MassMutual denies making any representations with respect to the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

140.   Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

141.   Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

142.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

143.   Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

144.   Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

145.   Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

146.   Denied.  To the extent this paragraph purports to characterize "shortfall and forbearance" agreements, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

147.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

148.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

149.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

150.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

151.    Denied.  Defendant MassMutual denies making any representations or taking any actions with respect to the Fund.  To the extent the allegations in this

paragraph allege conclusions of law, no response is required.   To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

152.    Denied.  Defendant MassMutual denies taking any actions with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

153.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

154.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

155.   Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

156.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

157.   Denied.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

158.   Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

159.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

160.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

161.    Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

162.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

163.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote or to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

164.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

165.    Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

166.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

167.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

168.     Denied.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

169.     Denied.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.

170.     Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to characterize certain documents, the Court is referred to those documents for an accurate and complete statement of their contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

171.     Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent this paragraph purports to quote certain documents, the Court is referred to those documents for an accurate and complete statement of their

contents, which speak for themselves.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

172.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  To the extent the allegations in this paragraph allege conclusions of law, no response is required.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

173.    Denied.  Defendant MassMutual denies making any representations with respect to the Fund.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and they are therefore denied.

174.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

175.    Denied.  Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

176.    Admitted in part, denied in part.  Defendant MassMutual admits that Plaintiff purports to bring this lawsuit as a putative class action.  To the extent the

allegations in this paragraph allege a conclusion of law, no response is required.  All

other allegations in this paragraph are denied.

177.    Admitted in part, denied in part.  Defendant MassMutual admits that

Plaintiff purports to exclude certain entities and individuals from the putative class.  To

the extent the allegations in this paragraph allege a conclusion of law, no response is

required.  All other allegations in this paragraph are denied.

178.    Denied.  The allegations in this paragraph characterize the Complaint, a

written document that speaks for itself.  To the extent a response is required, the

allegations are denied.

179.    Denied.  Defendant MassMutual lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in this paragraph and/or the allegations

call for legal conclusions.  To the extent a response is required, the allegations are denied.

180.    Denied.  To the extent the allegations in this paragraph allege a conclusion

of law, no response is required.  Defendant MassMutual lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph

and they are therefore denied.

181.    Denied.  To the extent the allegations in this paragraph allege a conclusion

of law, no response is required.  To the extent that this paragraph is deemed to allege any

facts, they are denied.

182.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

183.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

184.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

185.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

186.    Defendant MassMutual incorporates by reference its responses to each and every allegation above as if set forth fully herein.

187.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

188.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

189.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

190.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

191.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

192.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

193.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

194.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

195.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

196.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

197.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

198.    Defendant MassMutual incorporates by reference their responses to each and every allegation above as if set forth fully herein.

199.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

200.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

201.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

202.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

203.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

204.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

205.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

206.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

207.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

208.    Defendant MassMutual incorporates by reference their responses to each and every allegation above as if set forth fully herein.

209.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

210.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

211.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

212.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, Defendant MassMutual lacks knowledge or information sufficient to form a belief as to the truth of such allegations and they are therefore denied.

213.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

214.    Defendant MassMutual incorporates by reference their responses to each and every allegation above as if set forth fully herein.

215.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

216.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

217.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

218.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

219.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

220.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

221.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

222.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

223.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

224.    Defendant MassMutual incorporates by reference their responses to each and every allegation above as if set forth fully herein.

225.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

226.    Denied.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.   To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

227.    Denied.  The Court's October 24, 2011 Order dismissed all claims based on Section 13(a) of the ICA.  Thus, no response to any of those claims or allegations is required.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

228.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  To the extent that this paragraph is deemed to allege any facts, they are denied.

229.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

230.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

231.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

232.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

233.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

234.    Denied.  To the extent the allegations in this paragraph allege a conclusion of law, no response is required.  All other allegations in this paragraph are denied.

235.    Defendant MassMutual incorporates by reference their responses to each and every allegation above as if set forth fully herein.

236.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

237.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

238.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

239.    No response is required because the allegations in this paragraph are not directed toward Defendant MassMutual.  To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

Without conceding that the Defendant MassMutual bears any burden of proof, persuasion, or production not otherwise legally assigned to them, or that Defendant MassMutual is obliged to set forth the defenses below as affirmative defenses, Defendant MassMutual alleges as follows:

## First Affirmative Defense

Plaintiff and the members of the putative class are not entitled to any recovery under the Securities Act because the offering documents at issue did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements not misleading.

## Second Affirmative Defense

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other allegedly actionable conduct attributed to Defendant MassMutual (all of which are denied) were not material to the investment decisions of a reasonable investor and/or were non-actionable opinions.

## Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

## Fourth Affirmative Defense

Plaintiff and the members of the putative class may not recover because they and/or their agents, financial representatives, and/or broker-dealers knew the true facts concerning the alleged misrepresentations or omissions.

## Fifth Affirmative Defense

The facts claimed by the Complaint to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public

domain and, as such, were known or available to Plaintiff and members of the putative class.

## Sixth Affirmative Defense

Defendant MassMutual is not liable for any damages because it had, after reasonable investigation, reasonable grounds to believe and did believe, at the time the registration statements became effective, that the statements contained in the registration statements were true and that there was no omission of any material fact required to be stated in the registration statements or necessary to make the statements contained in the registration statements not misleading.

## Seventh Affirmative Defense

Plaintiff's and putative class members' claims are barred because Defendant MassMutual did not know, and in the exercise of reasonable care could not have known or had reasonable ground to believe, that any misstatements or omissions of material fact existed in any of the registration statements.

## Eighth Affirmative Defense

Some or all of Plaintiff's or putative class members' claims are barred because some or all of the alleged depreciation in the price of the Fund's shares did not result from the portions of the registration statements alleged to be untrue or misleading.

### Ninth Affirmative Defense

Plaintiff's and putative class members' claims are barred in whole, or in part, by the applicable statute of limitations and/or statute of repose.

### Tenth Affirmative Defense

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff has not alleged, and cannot prove, seller liability under Section 12(a)(2) of the Securities Act.

### Eleventh Affirmative Defense

Plaintiff's and putative class members' claims are barred in whole or part because, to the extent that Plaintiff or putative class members incurred injury or damages as alleged in the Complaint, which is denied, any such injury or damages was caused in whole or in part by things other than the alleged misrepresentations or omissions, including market forces or the conduct of persons other than those of Defendant MassMutual.

### Twelfth Affirmative Defense

Plaintiff's and putative class members' claims are barred, in whole or in part, because Plaintiff has not alleged, and cannot prove, a duty to disclose the allegedly omitted information.

### Thirteenth Affirmative Defense

Plaintiff's and putative class members' claims are barred in whole or in part because the alleged misrepresentations or omissions were neither the cause in fact nor the proximate cause of the losses or damages that Plaintiffs seek to recover in this action.

### Fourteenth Affirmative Defense

Plaintiff and putative class members are barred in whole or in part because they assumed the risk.

### Fifteenth Affirmative Defense

Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiff or putative class members seek an overlapping or duplicative recovery pursuant to the various claims against Defendant MassMutual or others.

### Sixteenth Affirmative Defense

Plaintiff's and putative class members' claims are barred in whole or in part because they lack standing.

### Seventeenth Affirmative Defense

Plaintiff's and putative class members' claims are barred in whole or in part because they failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## Eighteenth Affirmative Defense

Defendant MassMutual is absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the Complaint.

## Nineteenth Affirmative Defense

Plaintiff's putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## Twentieth Affirmative Defense

Plaintiff's and putative class members' claims are barred because Defendant MassMutual did not have any "control" over any person primarily liable, as the term "control" is denied in the federal securities laws and regulations.

## Twenty-First Affirmative Defense

Defendant MassMutual is not liable as a "controlling person" under Section 15, as Defendant MassMutual had no knowledge or reason to know of any inaccuracies or omissions in the registration statements, and did not induce any improper acts and otherwise acted in good faith.

## Twenty-Second Affirmative Defense

Some or all of the Plaintiff or putative class members cannot recover because they suffered no losses.

### Twenty-Third Affirmative Defense

Plaintiff is not entitled to expenses, attorneys' fees or expert fees.

### Twenty-Fourth Affirmative Defense

Plaintiff and putative class members are estopped by reason of their acts, conduct, and omissions from obtaining any recovery in this action.

### Twenty-Fifth Affirmative Defense

Plaintiff's and putative class members' claims are barred, in whole or in part, because allegations of corporate mismanagement are not actionable under the Securities Act.

### Twenty-Sixth Affirmative Defense

Plaintiff and putative class members are barred by the doctrines of laches and unclean hands from obtaining any recovery in this action.

### Twenty-Seventh Affirmative Defense

Plaintiff's and putative class members' state law claims are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1).

### Twenty-Eighth Affirmative Defense

Plaintiff's and putative class members' state law claims are barred because such claims are derivative and may be asserted only derivatively on behalf of the Fund.

### Twenty-Ninth Affirmative Defense

Plaintiff's and putative class members' state law claims asserted against the Trustee Defendants are barred by the Fund's Declaration of Trust.

### Thirtieth Affirmative Defense

Plaintiff's and putative class members' California UCL claim is barred to the extent it is premised on vicarious liability against any and all of the Defendants.

### Thirty-First Affirmative Defense

Plaintiff's and putative class members' claims are barred because Defendant MassMutual is not responsible in law or in fact for any alleged false or misleading statements or omissions of fact by others.

### Thirty-Second Affirmative Defense

Any recovery for damages allegedly suffered by Plaintiff or putative class members is subject to offset in the amount of any dividends, profits or other remuneration received by them through their investments in the Fund.

### Thirty-Third Affirmative Defense

Defendant MassMutual adopts and incorporates by reference all defenses asserted by any other defendant to the extent such a defense may be available to Defendant MassMutual.

Defendant MassMutual reserves the right to supplement their affirmative defenses as discovery in this action proceeds and reveals new facts not currently known to them.

## PRAYER

WHEREFORE, Defendant MassMutual prays for judgment as follows:

1. That the Court refuse to certify this suit as a class action;

2. That Plaintiff and putative class members take nothing by reason of the claims asserted herein;

3. That judgment be entered in favor of Defendant MassMutual on all claims asserted herein;

4. That Defendant MassMutual be awarded their attorneys' fees and costs, including expert and witness fees; and

5. For such other and further relief as the Court may deem just and proper.


Dated this 3rd day of June, 2013.

Respectfully submitted,

**MCKENNA LONG & ALDRIDGE LLP**

*/s/ Lino S. Lipinsky de Orlov*
Lino S. Lipinsky de Orlov
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
Email: llipinsky@mckennalong.com

-And-

Matthew L. Larrabee
DECHERT LLP
One Maritime Plaza, Suite 2300
San Francisco, CA 94111
Tel: (415) 262-4500
Fax: (415) 262-4555

E-mail:  matthew.larrabee@dechert.com

-And-

Michael S. Doluisio
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-2325
Fax:  (215) 994-2222
E-mail:  michael.doluisio@dechert.com

*Attorneys for Defendants
OppenheimerFunds, Inc.,
OppenheimerFunds Distributor, Inc.,
Scott Cottier, Ronald H. Fielding,
Daniel G. Loughran, John V. Murphy,
Troy Willis, Brian W. Wixted, and MassMutual
Life Insurance Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of June, 2013, a true and correct copy of the

foregoing **DEFENDANT MASSMUTUALS' ANSWER TO THE AMENDED**

**CLASS ACTION COMPLAINT** was electronically filed with the clerk of the court

using the CM/ECF system, which will send notification of such filing to the following:

- **Jeffrey S. Abraham**
  jabraham@aftlaw.com
- **Glen L. Abramson**
  gabramson@bm.net, gelliott@bm.net
- **Arthur H. Aufses, III**
  aaufses@kramerlevin.com
- **Jeffrey Allen Berens**
  jeff@dyerberens.com, jeffreyberens@comcast.net, darby@dyerberens.com
- **Francis A. Bottini, Jr.**
  fbottini@cfsblaw.com, lcox@cfsblaw.com, sammirati@cfsblaw.com
- **David A.P. Brower**
  brower@browerpiven.com
- **Stephen D. Bunch**
  bunch@cohenmilstein.com, efilings@cohenmilstein.com
- **Gary E. Cantor**
  gcantor@bm.net
- **Karen Jean Cody-Hopkins**
  karen@codyhopkinslaw.com
- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com
- **William K. Dodds**
  william.dodds@dechert.com, scott.kessenick@dechert.com,
  kate.okeeffe@dechert.com, luis.lopez@dechert.com
- **Robert J. Dyer, III**
  bob@dyerberens.com
- **Alan I. Ellman**
  aellman@labaton.com, electroniccasefiling@labaton.com
- **John Givens Emerson**
  jemerson@emersonpoynter.com, tanya@emersonpoynter.com

- **Joshua David Franklin**
  jfranklin@davisandceriani.com, lburch@davisandceriani.com
- **Jack G. Fruchter**
  jfruchter@aftlaw.com
- **Michael Lawrence Gallo**
  mgallo@sparerlaw.com
- **William H. Garvin, III**
  wgarvin@garvinlawfirm.com
- **Paul J. Geller**
  pgeller@rgrdlaw.com, e_file_fl@rgrdlaw.com
- **Daniel Charles Girard**
  dcg@girardgibbs.com, akl@girardgibbs.com, dks@girardgibbs.com, lav@girardgibbs.com
- **Lionel Z. Glancy**
  lglancy@glancylaw.com, info@glancylaw.com
- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com
- **Gary S. Graifman**
  ggraifman@kgglaw.com, ccornfield@kgglaw.com
- **John K. Grant**
  johnkg@csgrr.com
- **Marc C. Haber**
  mhaber@sparerlaw.com
- **Christopher J. Keller**
  ckeller@labaton.com, electroniccasefiling@labaton.com
- **Phillip C. Kim**
  pkim@rosenlegal.com
- **Lawrence L. Klayman**
  lklayman@nasd-law.com
- **Kristin A. Knudson**
  kristin@dyerberens.com
- **Catherine J. Kowalewski**
  katek@csgrr.com, hdemag@csgrr.com
- **Jeffrey Robert Krinsk**
  jrk@classactionlaw.com, anv@classactionlaw.com
- **Matthew L. Larrabee**
  matthew.larrabee@dechert.com, michael.doluisio@dechert.com, reginald.zeigler@dechert.com, joshua.hess@dechert.com, david.burkhart@dechert.com

- **Nicole C. Lavallee**
  nlavallee@bermandevalerio.com, stuiasosopo@bermandevalerio.com, ysoboleva@bermandevalerio.com
- **Eric Lechtzin**
  elechtzin@bm.net
- **Jonathan Krasne Levine**
  jkl@girardgibbs.com, amv@girardgibbs.com
- **Lawrence D. Levit**
  llevit@aftlaw.com
- **Charles Walter Lilley**
  clilley@lilleylaw.com
- **Howard T. Longman**
  Tsvi@aol.com, jasondag@ssbny.com
- **Edward Thomas Lyons, Jr.**
  elyons@joneskeller.com, rmesch@joneskeller.com
- **Lisa M. Mezzetti**
  lmezzetti@cohenmilstein.com, efilings@cohenmilstein.com
- **James S. Nabwangu**
  jnabwangu@sparerlaw.com
- **Darren A. Natvig**
  dnatvig@irwin-boesen.com
- **Christopher J. Orrico**
  corrico@milberg.com
- **Matthew D. Pearson**
  mpearson@bermandevalerio.com, ysoboleva@bermandevalerio.com
- **Charles J. Piven**
  piven@browerpiven.com
- **Charles Michael Plavi, II**
  cmp@classactionlaw.com, anv@classactionlaw.com
- **Scott E. Poynter**
  scott@emersonpoynter.com, tanya@emersonpoynter.com, swilson@emersonpoynter.com
- **Andrei V. Rado**
  arado@milberg.com, MAOffice@milberg.com
- **Roland W. Riggs, IV**
  rriggs@milberg.com, mecf@pacernotice.com
- **Darren J. Robbins**
  pilarc@rgrdlaw.com, e_file_sd@rgrdlaw.com

- **Samuel H. Rudman**
  srudman@csgrr.com, dgonzales@csgrr.com
- **Sherrie R. Savett**
  ssavett@bm.net, mgatter@bm.net
- **Christina H.C. Sharp**
  chc@girardgibbs.com, as@girardgibbs.com, amv@girardgibbs.com,
  ale@girardgibbs.com, rlr@girardgibbs.com
- **Aaron Michael Sheanin**
  amv@girardgibbs.com, ams@girardgibbs.com
- **Kip Brian Shuman**
  kip@shumanlawfirm.com, rusty@shumanlawfirm.com
- **Mark David Smilow**
  msmilow@weisslurie.com
- **Alan W. Sparer**
  asparer@sparerlaw.com, nblake@sparerlaw.com,
  dcorkran@sparerlaw.com, playzer@sparerlaw.com
- **Steven Shane Sparling**
  ssparling@kramerlevin.com, docketing@kramerlevin.com,
  mdaneshrad@kramerlevin.com
- **Olimpio Lee Squitieri**
  Lee@sfclasslaw.com, cathy@sfclasslaw.com
- **Joseph J. Tabacco, Jr.**
  jtabacco@bermandevalerio.com, stuiasosopo@bermandevalerio.com,
  ysoboleva@bermandevalerio.com
- **Steven J. Toll**
  stoll@cohenmilstein.com, efilings@cohenmilstein.com
- **Kirk Douglas Tresemer**
  ktresemer@coloradolawyers.com
- **David C. Walton**
  davew@csgrr.com, hdemag@csgrr.com
- **Joseph H. Weiss**
  jweiss@weisslurie.com, infony@weisslurie.com
- **Douglas S. Wilens**
  dwilens@rgrdlaw.com, e_file_fl@rgrdlaw.com
- **Shawn A. Williams**
  shawnw@csgrr.com

*s/ Lino S. Lipinsky de Orlov*