**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES
LITIGATION

This Document Relates To:
All Actions Except Those Involving: The Oppenheimer California Municipal
Fund

---

**ORDER PRELIMINARILY APPROVING SETTLEMENTS**
**AND PROVIDING FOR NOTICE**

---

WHEREAS, actions entitled *In re AMT-Free Municipals Fund*, *In re AMT-Free New York Municipal Fund*, *In re Rochester National Municipal Fund*, *In re New Jersey Municipal Fund*, *In re Oppenheimer Pennsylvania Municipal Fund*, and *In re Rochester Fund Municipals* (the "Consolidated Actions") were consolidated into MDL Docket Number 2063;

WHEREAS, the Court has received the unopposed motion for preliminary approval of the Stipulations and Agreements of Settlement dated March 4, 2014 (the "Stipulations"), that have been entered into by the Lead Plaintiffs and Defendants in the Consolidated Actions, and the Court has reviewed the Stipulations and their attached Exhibits;

WHEREAS, Lead Plaintiffs in the Consolidated Actions having made an unopposed motion for preliminary approval of the settlements, pursuant to Federal Rule of Civil Procedure 23 ("Federal Rule 23"), for an order preliminarily approving the settlements in the Consolidated Actions, in accordance with the Stipulations which, together with the Exhibits annexed thereto, set forth the terms and conditions for proposed settlements of the Consolidated Actions and for dismissal of the Consolidated Actions with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulations and the Exhibits annexed thereto (the "Settlements"); and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulations;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Stipulations and the Settlements set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on July 31, 2014 [a date on or after twenty (20) weeks/one hundred and forty (140) calendar days after entry of this Order], at 10:00 a.m./p.m., at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, Courtroom A802, to determine whether: each proposed settlement of the

Consolidated Actions on the terms and conditions provided for in each Stipulation is fair, reasonable and adequate to each Class and should be approved by the Court; whether judgments as provided in ¶ 22 of each Stipulation should be entered; whether the proposed plan of distribution for the proceeds of the Settlements ("Plan of Allocation") should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel and the amount of reimbursement for lost wages and expenses directly related to the representation of the Classes that should be given to the Class Representatives.

　　　3.　　　Pursuant to Federal Rule 23, the Court certifies the following Classes for settlement purposes only:

　　　　　a.　　　all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer AMT-Free Municipals Fund (the "AMT-Free Fund") during the period from May 13, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "AMT-Free Fund Class");

　　　　　b.　　　all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer AMT-Free New York Municipal Fund (the "AMT-Free New York Fund") during the period from May 21, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "AMT-Free New York Fund Class");

3

c.      all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer Rochester National Municipal Fund (the "National Fund") during the period from March 13, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "National Fund Class");

d.      all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer New Jersey Municipal Fund (the "New Jersey Fund") during the period from April 24, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "New Jersey Fund Class");

e.      all persons and entities who purchased or otherwise acquired A, B, or C shares of the Oppenheimer Pennsylvania Municipal Fund (the "Pennsylvania Fund") during the period from September 27, 2006 through November 26, 2008, inclusive, and were damaged thereby (the "Pennsylvania Fund Class"); and

f.      all persons and entities who purchased or otherwise acquired A, B, C, or Y shares of Rochester Fund Municipals (the "Rochester Fund") during the period from February 26, 2006 through October 21, 2008, inclusive, and were damaged thereby (the "Rochester Fund Class").

Excluded from the Classes are Defendants; members of Defendants' immediate families; Defendants' legal representatives, heirs, successors, or assigns; any entity in which Defendants have or had a controlling interest; and Oppenheimer's officers and directors (collectively, "the Excluded Defendant Parties").  Also excluded from the Classes are any proposed Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

4.    The Court finds that certification of each Class, for purposes of the Settlements only, meets the requirements of Federal Rule 23 as follows:

a.    There are thousands of members of each Class and likely more, and each Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(1).

b.    There are questions of law and fact common to each Class, thus satisfying Federal Rule 23(a)(2).  Among the questions of law and fact common to each Class are: whether the Securities Act of 1933 was violated by Defendants' acts as alleged; whether statements made by Defendants to the investing public in the Registration Statements and Prospectuses misrepresented or omitted material facts; and whether the

Class Members have sustained damages and, if so, what is the proper measure thereof.

       c.     Each Lead Plaintiff's claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 are typical of the claims of each Class, thus satisfying Federal Rule 23(a)(3).

       d.     Lead Plaintiffs and their respective counsel will fairly and adequately protect the interests of each Class, thus satisfying Federal Rule 23(a)(4).

       e.     The questions of law and fact common to each Class predominate over any questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

       f.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

5.     Class Members are provided an opportunity to be excluded from the Classes. The deadline to request exclusion is sixteen (16) weeks/one hundred and twelve (112) calendar days after entry of this Order (which is eight (8) weeks/fifty-six (56) calendar days after the Notice Date in paragraph 10(a)).

6.      Lead Plaintiffs (i) Leonard Klorfine is appointed representative of the AMT-Free Fund Class, (ii) John Vazquez is appointed representatives of the AMT-Free New York Fund Class, (iii) Peter Unanue is appointed representative of the National Fund Class, (iv) Victor Sasson is appointed representative of the New Jersey Fund Class, (v) Dharamvir Bhanot, William E. Miles, Jr., and John P. Galganovicz are appointed representatives of the Pennsylvania Fund Class, and (vi) Stuart and Carole Krosser are appointed representatives of the Rochester Fund Class.

7.      Cohen Milstein Sellers & Toll PLLC is appointed Class Counsel for the AMT-Free Fund and Rochester Fund Classes, Milberg LLP is appointed Class Counsel for the AMT-Free New York Fund, National Fund, and New Jersey Fund Classes, and Berger & Montague, P.C. is appointed Class Counsel for the Pennsylvania Fund Class.  The Shuman Law Firm is appointed Liaison Counsel for the Classes.

8.      The Court approves, as to form and content, the "Notice of Pendency and Proposed Settlements of Class Actions and Notice of Motion for Awards of Attorneys' Fees and Reimbursement of Expenses" (the "Notice"), and Publication Notice for publication, in substantially the forms annexed as Exhibits 1 and 4 hereto, and finds that the mailing and distribution of the Notice and publishing of the Publication Notice, as set forth herein, meet the requirements of

Federal Rule 23, due process, and Section 27 of the Securities Act of 1933, 15
U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act
of 1995, and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and
constitutes the best notice practicable under the circumstances and shall constitute
due and sufficient notice to all persons and entities entitled thereto.

9.      This civil action was commenced after February 18, 2005.  Within
ten (10) business days following the entry of this Order, Defendants shall cause to
be served upon the appropriate State official of each State and the Attorney
General of the United States notice of the Action in compliance with the
requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*
("CAFA").  Defendants' Counsel shall, at or before the Settlement Hearing, file
with the Court proof of compliance with CAFA.

10.     The Court hereby appoints Epiq Class Action & Mass Tort
Solutions, Inc. ("Claims Administrator") to supervise and execute the notice
program as well as the administration of the Settlements, as more fully set forth
below and as set forth in the Stipulations:

a.      Not later than eight (8) weeks/fifty-six (56) calendar days
after entry of this Order (the "Notice Date"), the Claims Administrator
shall cause a copy of the Notice, substantially in the form annexed hereto,
to be mailed by first class mail, postage prepaid, to all Class Members

who can be identified with reasonable effort.  The Oppenheimer

Defendants, to the extent they have not already done so, shall within ten

(10) business days of entry of this Order, provide to the Claims

Administrator, at no cost to Class Representatives, Class Counsel, the

Classes or the Claims Administrator, a list, in electronic searchable form,

of the names, addresses, and Class Period account transaction data for

individual Class Members to the extent that the Oppenheimer Defendants

possess the information.  To the extent that certain Class Members held

shares of the six Oppenheimer Funds at issue in the Consolidated Actions

at broker-dealers or other intermediaries ("Broker-Dealer Intermediaries")

and, as a result, the Oppenheimer Defendants do not possess the names,

addresses and Class Period account transaction data for these Class

Members, the Oppenheimer Defendants shall within ten (10) business

days of entry of this Order provide to the Claims Administrator the names

and addresses of such broker-dealers or other intermediaries along with

their aggregate account data at no cost and in electronic searchable form.

After the Claims Administrator has notified the broker-dealers or other

intermediaries of the Settlements, the Oppenheimer Defendants shall also

contact such broker-dealers and intermediaries to advise them of the

Settlements and of their obligations under this Order, and to request that

they provide names, addresses and transactional data to the Claims

Administrator. The Defendants are not obligated to bear any costs associated with obtaining Class Members' names, addresses, or Class Period account transactions data from broker-dealers or other intermediaries.

b.      Not later than ten (10) weeks/seventy (70) calendar days after entry of this Order (which is two (2) weeks/fourteen (14) calendar days after the Notice Date in paragraph 10(a)), the Claims Administrator shall cause the Publication Notice to be published once in *Investor's Business Daily* and transmitted over PRNewswire.

c.      Together with the mailed Notice, the Claims Administrator shall send, for those Class Members for whom the Claims Administrator has obtained transaction data, a Record of Fund Transactions substantially in the form annexed as Exhibit 3 hereto. For those Class Members for whom the Claims Administrator has been unable to obtain transaction data (or has only incomplete transaction data), the Claims Administrator shall send a Proof of Claim form ("Proof of Claim"), substantially in the form annexed as Exhibit 2 hereto, with the Notice.

d.      Not later than thirteen (13) weeks/ninety-one (91) calendar days after entry of this Order (which is three (3) weeks/twenty-one (21) calendar days before the exclusion and objection deadlines in paragraphs

12 and 14), Class Counsel shall file with the Court papers in support of their request for an award of attorneys' fees and expenses.

e.    Not later than thirteen (13) weeks/ninety-one (91) calendar days after entry of this Order (which is three (3) weeks/twenty-one (21) calendar days before the exclusion and objection deadlines in paragraphs 12 and 14), Class Counsel shall file with the Court papers in support of approval of the Settlements and Plan of Allocation, including a declaration of proof of mailing and publishing notice.  Reply papers, if any, shall be filed by Class Counsel no later than one (1) week/seven (7) calendar days before the Settlement Hearing date in paragraph 2.

f.    Class Members who were sent Proofs of Claim must return completed forms to the Claims Administrator postmarked no later than four (4) weeks/twenty-eight (28) calendar days after the Settlement Hearing date in paragraph 2 in order to be eligible to participate in any Settlement distributions.  Class Members who were sent a Record of Fund Transactions and wish to challenge the information therein must contest the Claims Administrator's determinations by the deadline set by the Claims Administrator.

g.    Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of compliance with the notice program.

11.     Within five (5) business days of the date Oppenheimer provides the relevant mailing data, the Claims Administrator is directed to send a notification to all Broker-Dealer Intermediaries identified in the intermediary account data provided by Oppenheimer requesting that, for each account that held each of the Funds' shares at any time during their respective Class Periods, the Broker-Dealer Intermediary shall provide the name(s), address(es) of each account-holder and all Fund transaction data in each account.  The notification shall inform the Broker-Dealer Intermediaries that, if it is not feasible to provide the Fund transaction data for each account within twenty eight (28) calendar days of the notification, the Broker-Dealer Intermediaries still must provide name and address information by that date so that that Proofs of Claim may be sent to account-holders who held Fund shares in accounts with that Broker-Dealer Intermediary.  The Court hereby orders such Broker-Dealer Intermediaries to promptly provide all information requested by the Claims Administrator in order for the intermediary account-holders to benefit from the proposed Settlements.

12.     Class Members shall be bound by all orders, determinations and judgments in an Action, whether favorable or unfavorable, unless such persons request exclusion from a Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such an exclusion request shall mail the written request to the address designated in the Notice for such exclusions,

such that it is postmarked no later than sixteen (16) weeks/one hundred and twelve (112) calendar days after entry of this Order (which is eight (8) weeks/fifty-six (56) calendar days after the Notice Date in paragraph 10(a)).  Such request for exclusion must state the name, address, and telephone number of the person or entity seeking exclusion, that the person "requests exclusion in *In re Oppenheimer Rochester Funds Group Securities Litigation*, Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)," state which Class or Classes the person or entity is seeking exclusion from, and must be signed and dated by such person.  Such persons requesting exclusion are also directed to state:  (i) the name of the broker at which such person or entity held the relevant Fund shares, if any; (ii) the date, number and share price of each Fund share purchase and sale made during the relevant Class Period, and the dollar amount of dividends earned thereon, through the end of the relevant Class Period or the date of sale of such shares, if earlier; and (iii) the number of Fund shares held on the first date before the start of the relevant Class Period.  The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13.     Class Members timely and validly requesting exclusion from a Class as set forth in Paragraph 12 shall not be eligible to receive any payment out

of the relevant Net Settlement Fund as described in the Stipulations and Notice, unless otherwise ordered by the Court.

14.     Class Members may appear at the Settlement Hearing and show cause, if he, she or it has any reason why a proposed Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Class Counsel or Class Representatives; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of a proposed Settlement, or, if approved, the judgment to be entered, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Class Counsel or Class Representatives, unless that person or entity has delivered by hand or sent by mail to the parties below a written objection complying with the requirements set forth in the Notice, and copies of any papers and briefs, such that they are postmarked on or before sixteen (16) weeks/one hundred and twelve (112) calendar days after entry of this Order (which is eight (8) weeks/fifty-six (56) calendar days after the Notice Date in paragraph 10(a)) and filed with the Court:

Clerk of the Court
Alfred A. Arraj United States
Courthouse
Room A105
901 19th Street
Denver, Colorado 80294-3589

Kip B. Shuman
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302

*Liaison Counsel for the Classes*

Matthew L. Larrabee
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797

Arthur H. Aufses III
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*Counsel for Defendants Oppenheimer
Funds, Inc., Oppenheimer Funds
Distributor, Inc., Scott Cottier, Ronald
H. Fielding, Daniel G. Loughran, John
V. Murphy, Troy Willis, Brian W.
Wixted, and MassMutual Life
Insurance Co.*

*Counsel for John Cannon, Paul Y.
Clinton, Thomas W. Courtney, David
K. Downes, Matthew P. Fink, Robert G.
Galli, Phillip A. Griffiths, Lacy B.
Herrmann, Mary F. Miller, Joel W.
Motley, Kenneth A. Randall, Russell S.
Reynolds, Jr., Joseph M. Wikler, Peter
I. Wold, Brian F. Wruble, and Clayton
K. Yeutter, Oppenheimer AMT-Free
Municipals Fund, Oppenheimer AMT-
Free New York Municipal Fund,
Oppenheimer Multi-State Municipal
Trust, Oppenheimer New Jersey
Municipal Fund, Oppenheimer
Pennsylvania Municipal Fund,
Oppenheimer Rochester National
Municipal Fund, and Rochester Fund
Municipals*

Any Member of a Class who does not make his, her or its objection in the manner

provided herein and in the Notice shall be deemed to have waived such objection

and shall forever be foreclosed from making any objection to the fairness or

adequacy of a proposed Settlement as set forth in the Stipulations, to the Plan of

Allocation, or to the award of attorneys' fees and expenses to Class Counsel or

case contribution awards to Class Representatives, unless otherwise ordered by the Court.

15.     Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of a Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses to Class Counsel or Class Representatives are required to indicate in their written objection their intention to appear at the hearing, as set forth in the Notice.  Persons who intend to object to a Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses to Class Counsel or Class Representatives and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing, and comply with the requirements in the Notice.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     The Parties will be permitted reasonable discovery of Class Members who submit objections or the objecting Class Member's separate counsel, including depositions and documentary evidence or other tangible things, on the issues related to the Class Member's objection.

17.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulations is approved.  No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulations.

18.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

19.    The administration of the proposed Settlements and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Settlement Fund shall be under the authority of this Court.

20.    The Defendants shall not have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Class Counsel or Class Representatives, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlements.

21.     At or after the Settlement Hearing, the Court shall determine whether the Settlements and any application for attorneys' fees or reimbursement of expenses by Class Counsel or Class Representatives shall be approved.

22.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlements, including the payment of Taxes, shall be paid as set forth in the Stipulations.  As provided in the Stipulations, Class Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Classes and the review of claims and administration of the Settlements out of the Gross Settlement Funds without further order of the Court.  In the event a Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Representatives nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Gross Settlement Fund.

23.     This Preliminary Approval Order, the Stipulations and its terms, the negotiations leading up to the Stipulations, the Settlements, and the proceedings taken pursuant to the Settlements, shall not:  (1) be construed as an admission of liability or an admission of any claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be referred to or be admissible in any action, suit, proceeding, or investigation as evidence, or as an

admission(a) of any wrongdoing or liability whatsoever by any of the Released

Defendant Parties or as evidence of the truth of any of the claims or allegations

contained in any complaint filed in the Actions; (b) that Class Representatives or

any Class Members have suffered any damages, harm or loss; or (c) that the

certification of a class is proper in any other case.  Neither this Preliminary

Approval Order, nor the Stipulations, nor any of their terms and provisions, nor

any of the negotiations or proceedings connected with them, nor any action taken

to carry out this Preliminary Approval Order or the Stipulations by any of the

Parties shall be referred to, offered into evidence, or received in evidence in any

pending or future civil, criminal or administrative action or proceeding, except in

a proceeding to enforce this Preliminary Approval Order or the Stipulations, or to

enforce any insurance rights, to defend against the assertion of Released Claims

(including to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction), or by Lead Counsel to demonstrate its adequacy to serve as class

counsel pursuant to Federal Rule 23(g) (or its state law analogs), or as otherwise

required by law.

   24.  Pending final determination of whether the Settlements should be

approved, Class Representatives, all Class Members, and each of them, and

anyone who acts or purports to act on their behalf, shall not institute, commence,

prosecute or assist, without legal compulsion, in the prosecution of any action which asserts a Released Claim against any of the Released Defendant Parties.

25.     In the event that a Settlement does not become effective in accordance with the terms of its Stipulation or the Effective Date does not occur with respect to that Settlement, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void with respect to that Settlement to the extent provided by and in accordance with its Stipulations and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

26.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements. The Court may approve the Settlements and/or the Plan of Allocation, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Classes.

DATED: _March 12, 2014_         _John L. Kane_
                                THE HONORABLE JOHN L. KANE
                                SENIOR UNITED STATES DISTRICT
                                JUDGE