**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES
LITIGATION**

This document relates to the following Actions:

*In re AMT-Free Municipals Fund*
  09-cv-1243-JLK (*Prince*)
  09-cv-1447-JLK (*Connel*)
  09-cv-1510-JLK (*Amato*)
  09-cv-1619-JLK (*Furman*)

*In re AMT-Free New York Municipal Fund*
  09-cv-1621-JLK (*Isaac*)
  09-cv-1781-JLK (*Kurz*)

*In re Rochester National Municipal Fund*
  09-cv-550-JLK (*Bock*)
  09-cv-706-JLK (*Stokar*)
  09-cv-927-JLK (*Tackmann*)
  09-cv-1042-JLK (*Krim*)
  09-cv-1060-JLK (*Truman*)
  09-cv-1482-JLK (*Laufer*)
  09-cv-1908-JLK (*Lariviere*)

*In re Rochester Fund Municipals*
  09-cv-703-JLK (*Begley*)
  09-cv-1479-JLK (*Bernstein*)
  09-cv-1481-JLK (*Mershon*)
  09-cv-1622-JLK (*Stern*)
  09-cv-1478-JLK (*Vladimir*)
  09-cv-1480-JLK (*Weiner*)

*In re New Jersey Municipal Fund*
  09-cv-1406-JLK (*Unanue*)
  09-cv-1617-JLK (*Baladi*)
  09-cv-1618-JLK (*Seybold*)
  09-cv-1620-JLK (*Trooskin*)

*In re Pennsylvania Municipal Fund*
  09-cv-1483-JLK (*Woods*)
  09-cv-1368-JLK (*Egts*)
  09-cv-1765-JLK (*Wunderly*)

---

**ORDER APPROVING LEAD PLAINTIFFS' COUNSEL'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

---

THIS MATTER having come before the Court for a hearing on July 31, 2014, on

Lead Plaintiffs' Counsel's Motion for Award of Attorneys' Fees and Expenses and

Reimbursement of Lead Plaintiffs' Expenses, Lead Counsel Milberg LLP, Cohen

Milstein Sellers & Toll PLLC, Berger & Montague, P.C., and Liaison Counsel The

Shuman Law Firm (collectively, "Lead Plaintiffs' Counsel") have requested the

following: (i) an award of attorneys' fees to Lead Plaintiffs' Counsel; (ii) reimbursement

of expenses incurred by Lead Plaintiffs' Counsel and other plaintiffs' counsel in connection with the prosecution of these six coordinated class action lawsuits (the "Actions"); and (iii) reimbursement of certain Lead Plaintiffs' expenses and/or lost wages. The Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed in the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     All of the capitalized terms used herein shall have the same meanings as set forth in the six Stipulations and Agreements of Settlement, dated March 4, 2014 (collectively, the "Stipulations" or the "Settlement").

2.     This Court has jurisdiction to enter this Order awarding attorneys' fees and expenses and over the subject matter of the Consolidated Amended Class Action Complaints and all Parties to the Actions including all Class Members.

3.     Lead Plaintiffs' Counsel are entitled to a fee paid out of the common fund created for the benefit of the Classes. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980).   In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Tenth Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *See Gottlieb v. Barry*, 43 F.3d 474, 484 (10th Cir. 1994).

4.     Notice of Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort.   The form and method of notifying the Classes of the request for

attorneys' fees and expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      Lead Plaintiffs' Counsel have moved for an award of attorneys' fees of 30% of the Settlement Funds, plus interest as it accrues, and reimbursement of costs and expenses in the amount of $3,531,103.05, plus interest as it accrues, as well as reimbursement of certain Lead Plaintiffs' costs incurred in the amount of $5,996.11.

6.      This Court concludes that the percentage-of-the-recovery method is appropriate for awarding attorneys' fees in these Actions and hereby adopts said method for purposes of these Actions.

7.      The Court finds that a fee award of 30% of the Settlement Funds is consistent with awards made within this District and in similar cases. *See, e.g.*, *In re Rhythms Sec. Litig.*, No. 02-35 (D. Colo. April 3, 2009) (Kane, J.) (awarding fee equal to 30% of common fund); *Angres v. Smallworldwide PLC*, No. 99-K-1254 (D. Colo. June 7, 2003) (Kane, J.) (awarding attorneys' fees of 33-1/3 % of settlement fund); *Schwartz v. Celestial Seasonings, Inc.*, No. 95-K-1045 (D. Colo. Apr. 25, 2000) (Kane, J.) (same); *Horton v. Leading Edge Marketing Inc.*, No. 04-212, 2008 U.S. Dist. LEXIS 11761, at *8 (D. Colo. Feb. 4, 2008) (Nottingham, C.J.) (stating that counsel's request for a fee of 23% was "less than the customary contingency fee of one-third of the recovery, and on the low end of the range of fees granted by federal courts in common fund cases"); *Lucas v.*

*Kmart Corp.*, No. 99-01923, 2006 U.S. Dist. LEXIS 51420, at *18-19 (D. Colo. July 27, 2006) (noting the "customary fee award of 30% of the fund under the percentage of the fund approach").

8.     Accordingly, the Court hereby awards attorneys' fees of 30% of the Settlement Funds, plus interest as it accrues, and reimbursement of costs and expenses in the amount of $3,531,103.05, plus interest as it accrues as well as reimbursement of certain Lead Plaintiffs' costs incurred in the amount of $5,996.11. The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among plaintiffs' counsel in a manner in which Lead Plaintiffs' Counsel believe reflects each counsel's contribution to the prosecution and resolution of the Actions.

9.     In making this award of attorneys' fees and expenses, the Court has analyzed the factors considered within the Tenth Circuit as set forth in *Brown v. Phillips Petro. Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). In evaluating these factors, the Court finds that:

(a)     Lead Plaintiffs' Counsel have conferred a substantial benefit to the Classes.

(b)     Lead Plaintiffs' Counsel faced several complex and challenging legal and factual issues involving arcane derivative instruments and financial terms of art the very meanings of which were vigorously contested. Specifically, there were complicated and contested issues of fact regarding: whether and to what degree the global financial crisis was responsible for the decline in the Funds' NAVs; whether there is an accepted meaning of the term "liquidity," either within financial circles or to retail investors;

whether and to what degree the Funds' investments were or were not "liquid," and the impact to the Funds' NAVs, if any, of those investments; whether and to what degree the Funds' investments in inverse floaters caused the Funds' NAVs to decline; whether and to what degree the Funds exceeded their self-imposed limits on leverage; whether the Funds' management correctly assigned ratings to certain unrated bonds and correctly used complex risk metrics, and whether various Lead Plaintiffs or individual Class Members knew or should have known of the alleged misrepresentations contained in the Funds' prospectuses. Lead Plaintiffs' Counsel also faced the considerable risk of no recovery given the possibility that the claims would be dismissed in whole or in part for failure to adequately plead loss causation pursuant to the ruling in *In re State Street Bank & Trust Co. Fixed Income Funds Invs. Litig.*, 774 F. Supp. 2d 584 (S.D.N.Y. Mar. 31, 2011), which Defendants argued precluded Lead Plaintiffs' claims. Despite the novelty and difficulty of the issues raise, Lead Plaintiffs' Counsel secured an excellent result for the Class.

(c)     Lead Plaintiffs' Counsel are experienced and skilled practitioners in the fields of securities class actions and complex litigation. Lead Plaintiffs' Counsel have significant experience litigating and trying large, complex class actions such as these Actions. Their efforts in bringing the Actions to a successful conclusion against the Defendants conferred a substantial benefit on the Classes.

(d)     Lead Plaintiffs' Counsel have expended considerable time and labor over the course of these Actions investigating, analyzing and prosecuting the claims. This is evidenced by Lead Plaintiffs' Counsel's representations before the Court that they have:

conducted five years of litigation during which Lead Plaintiffs' Counsel: (i) researched, drafted, and filed comprehensive Amended Complaints; (ii) researched, drafted, and filed oppositions to multiple Defendants' dispositive motions, including motions to dismiss and for partial summary judgment; (iii) undertook extensive legal research and factual analysis to draft a motion for class certification and related briefing; (iv) reviewed and analyzed approximately three million pages of documents produced by Defendants, which included electronic data files on each security held by the Funds on every single day in the respective Class Periods; (v) defended numerous depositions of both Lead Plaintiffs and their brokers; (vi) briefed discovery motions; (vii) prepared for and engaged in two days of in-person mediation before Judge Layn Phillips (ret.) and additional extensive settlement negotiations; (viii) worked with independent counsel to resolve the allocation issues between the five Capital Preservation Funds on one hand and the National Fund on the other; and (ix) resolved difficult issues relating to the submission of final settlement documents and notice to the Classes. Lead Plaintiffs' Counsel's lodestar is reported to be $12,557,437.40 based upon 24,492.63 hours of work through May 30, 2014. Additional work was done in preparation for the Settlement Hearing and Lead Plaintiffs' Counsel anticipates additional work in relation to settlement administration tasks.

(e)    The services provided by Lead Plaintiffs' Counsel appear to have been successful and efficient. Through coordinated briefing across all six Funds and sharing of costs throughout the litigation and settlement negotiations, Lead Plaintiffs' Counsel

have obtained a very good recovery at a substantial cost savings.  Such efficiency and significant benefit to the Classes support the requested fee percentage.

(f)     There have been no objections to the fee and expense application.

10.     Lead Plaintiffs' Counsel have also requested reimbursement of litigation expenses in the amount of $3,531,103.05, plus interest as earned, and awards of $5,000 to Lead Plaintiff Peter Unanue and $996.11 to Lead Plaintiff John Vasquez for reimbursement of lost wages and expenses pursuant to the PSLRA related to their active participation in this litigation.  Such a request for lost wages and expenses is reasonable under the circumstances of these Actions.

11.     Having reviewed the submitted expense information, the Court hereby approves the requested amount of litigation expenses and awards the reimbursement of expenses in the amount of $3,531,103.05, plus interest as earned.

12.     The Court hereby awards Lead Plaintiff Peter Unanue the amount of $5,000 in lost wages and expenses, to be paid from the Settlement Amount for the National Fund.

13.     The Court hereby awards Lead Plaintiff John Vasquez the amount of $996.11 in expenses, to be paid from the Settlement Amount for the AMT-Free New York Fund.

14.     The awarded attorneys' fees and expenses of Lead Plaintiffs' Counsel shall be paid within ten (10) calendar days of entry of this Order and entry of the Final Judgment, subject to the terms, conditions and obligations of the Stipulations, which terms, conditions and obligations are incorporated herein.

15.    Exclusive jurisdiction is hereby retained over the Parties and Class Members for all matters relating to these Actions, including the administration, interpretation, effectuation or enforcement of the Stipulations and this Order.

16.    Any appeal or any challenge affecting this Court's approval of the attorneys' fees and expense application shall in no way disturb or affect the finality of the Settlement.

17.    In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulations, this Order shall be rendered null and void to the extent provided for in the Stipulations and shall be vacated in accordance with the Stipulations.

18.    There is not just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: July 31, 2014

_The Honorable John L. Kane_
United States District Judge