## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge John L. Kane

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This Document Relates To:
　　All Actions Except Those Involving the Oppenheimer California Municipal Fund

### ORDER FOR DISTRIBUTION OF THE NET SETTLEMENT FUNDS

This matter comes before the Court on Lead Plaintiff's Counsel's Motion for Distribution of the Net Settlement Funds (Doc. 539), made pursuant to Paragraph 12 of the Stipulations and Agreements of Settlement (the "Stipulations" or the "Settlements") approved by this Court on July 31, 2014, which requires Lead Plaintiffs' Counsel to apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of Claims submitted herein and directing payment of the Net Settlement Funds to Authorized Claimants.

**NOW, THEREFORE**, on review of Lead Plaintiffs' Counsel's Motion for Distribution of the Net Settlement Funds and the accompanying Declaration of Stephanie Thurin (the "Thurin Declaration") of Epiq Class Action & Mass Tort Solutions, Inc. (the "Claims Administrator"), and upon all prior proceedings herein, and after due deliberation, the Court hereby finds and orders as follows:

1. At least 30 (thirty) days have passed since the filing of Lead Plaintiffs' Counsel's Motion for Distribution of the Net Settlement Funds, and no Claimant has filed a response to such Motion.

2. The administrative determinations of the Claims Administrator accepting Claims are approved, and said Claims are accepted.

3. The administrative determinations of the Claims Administrator rejecting Claims are approved, and said Claims are rejected.

4. The balance of the Settlement Fund and interest accrued thereon after deducting the payments and reserves previously allowed and set forth herein (the "Net Settlement Funds") shall be distributed to Authorized Claimants as described below in paragraph 6.

5. Authorized Claimants who do not negotiate their initial distribution checks before the stale date on such checks, or who do not request reissue of such checks within six months of the date of issue, will irrevocably forfeit all recovery from the Settlements. The funds allocated to all such stale-dated checks will be available to be redistributed to other Authorized Claimants in subsequent distributions.

6. To calculate award amounts in the initial distribution, the Claims Administrator will take the total amount available for distribution and calculate a Net Settlement Fund for each of the six Consolidated Actions by dividing the original Settlement Amount for each Settlement by the sum of all Settlement Amounts from the

six Consolidated Actions. That percentage will then be multiplied by the total amount available for distribution to determine the Net Settlement Fund for that specific Settlement. To calculate award amounts in subsequent distributions, the Claims Administrator will track uncashed or returned funds where the amounts can be attributed to a specific Settlement and allocate those amounts to that specific Net Settlement Fund. Any additional residual amounts that cannot be attributed to a specific Settlement will be proportionally divided using the same methodology as used in the initial distribution to arrive at six distinct Net Settlement Funds for calculating awards. For initial and subsequent distributions, once the Claims Administrator has determined the Net Settlement Fund amounts for each Settlement, it will then allocate the applicable Net Settlement Fund among all eligible Authorized Claimants within each Settlement in the proportions each eligible Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants in that Class. If a Claim is eligible for multiple Settlements, that Authorized Claimant's calculated distribution amount will be the net of the distribution amounts for each Settlement, provided the payment exceeds the threshold for the initial distribution set out in the Notice or the threshold for subsequent distributions set out in paragraph 7 below.

7. If any funds remain in the Net Settlement Funds by reason of un-cashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent

efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, then any balance remaining in the Net Settlement Funds six (6) months after the initial distribution of such funds shall be used: (a) first, to incur redistribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $50.00 from such re-distribution, after payment of any unpaid Taxes, and holdback for any anticipated costs or fees to be incurred in the administering of the subsequent distribution; (b) second, to additionally incur redistribution to Authorized Claimants, after deductions of costs and expenses as described above and subject to the same conditions, thereafter in six-month intervals until Lead Plaintiffs' Counsel, in consultation with the Claims Administrator, determine that further redistribution is not cost-effective; and (c) finally, to be contributed to the Children's Hospital Colorado Foundation, a nonprofit, nonpartisan 501(c)(3) organization dedicated solely to advancing the mission of Children's Hospital Colorado, a children's general hospital that serves to improve the health of children through the provision of high-quality coordinated programs of patient care, education, research and advocacy.

8. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are released and discharged from any and all claims arising out of such involvement, and all

Class Members, whether or not they are to receive payment from the Net Settlement Funds, are barred from making any further Claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order.

9. The Claims Administrator is authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the distribution of the Net Settlement Funds to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Funds to the Authorized Claimants.

10. This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

11. No Claim submitted after February 4, 2015 may be included in the initial distribution for any reason whatsoever.

DATED: March 2, 2015            *s/John L. Kane*
                                    SENIOR U.S. DISTRICT JUDGE