**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Master Docket No. 09-md-02063-JLK-KMT (MDL Docket No. 2063)

**IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION**

This document relates to:   *In re California Municipal Fund*
                            09-cv-01484-JLK-KMT (Lowe)
                            09-cv-01485-JLK-KMT (Rivera)
                            09-cv-01486-JLK-KMT (Tackmann)
                            09-cv-01487-JLK-KMT (Milhem)

**ORDER re DOCS. 590, 591, 593, 595, 596 APPROVING CLASS NOTICE,
DISCOVERY SCHEDULE, AND DECLINING SUGGESTION OF EARLY
REMAND OF MDL ACTION**

**Kane, J.**

These consolidated Oppenheimer California Municipal Fund class actions are before me on Motions to Approve Notice of Class Certification (Doc. 591), to Amend Scheduling Order (Docs. 595 & 596), and Defendants' Related Suggestion for Remand (Docs. 590 & 593). The suggestion for remand was filed after the Tenth Circuit rejected Defendants' Rule 23(f) interlocutory appeal of my second class certification order, based on the fact that the multitude of Oppenheimer Municipal Fund class actions have been winnowed to one and the dispositive motions phase we are entering should be managed by the California judge who will try the case rather than myself as the MDL transferee. Based on my familiarity with the complex securities and practices at issue, I find there is considerable, valuable pretrial work to be done before efficiencies shift to the trial court judge.[1] I

---

[1] I would be remiss in my duty to suggest remand before completing the assignment given to me. Granted there are circumstances when a remand is appropriate in the exercise of discretion, but this case isn't one of them. 28 U.S.C. Section 1407 contemplates the transfer of civil actions to a single court so as to coordinate and consolidate pretrial proceedings. The essential purpose of such transfers is "to promote the just and efficient conduct of such actions." While the statute authorizes remand to the district from which it was transferred before the conclusion of pretrial proceedings, the early transfer is a prudential provision intended to enable the trial court to deal with issues unique to the particular action. Examples include applications of state law, analysis of a multitude of case specific

therefore decline the invitation to suggest an early remand, and will proceed with the scheduling and case management issues raised in the other Motions before me. To wit,

Plaintiff's unopposed Motion for Approval of Notice of Class Certification and Notice Plan, filed December 22, 2015 (Doc. 591), is GRANTED. Because the dates in the proposed Plan have likely changed given the delay caused by the remand request, Plaintiff shall SUBMIT an updated form Order to Kane_Chambers@cod.uscourts.gov on or before Wednesday, February 3, 2016.

With regard to the expert discovery and *Daubert* motion filing plan, I adopt Plaintiff's proffered schedule and GRANT his Motion for Amendment of Scheduling Order (Doc. 596). Defendants' Motion to Amend Scheduling Order (Doc. 595) is DENIED as MOOT. Should the need arise to change any *Daubert* motion filing/briefing dates, I will consider requests to do so under the applicable good cause standard.

The pending Motions (Docs. 590, 593) for Suggestion of Remand are DENIED.

Dated January 28, 2016.                    *s/John L. Kane*
                                           SENIOR U.S. DISTRICT JUDGE

---

issues and matters that would not benefit from the particular expertise of the transferee judge gained from supervising the litigation. I think it would be irresponsible of me, after six years of presiding over this and the companion cases, to dump this action on another judge before entry of a pretrial order thus requiring that judge to revisit the multitude of decisions already made. The legal system, unlike Sisyphus is not intended to endlessly roll the same rock up the same steep mountain.

That this case is the last one standing in the MDL proceeding is of no import. Anticipated motions for summary judgment, *Daubert* and discovery motions as well as the entry of a pretrial order will require the deciding judge to be familiar with the details of this litigation. Section 1407 contemplates that efficiency in adjudicating these matters is best served by the transferee judge who should resolve as many pretrial issues as possible. Obviously, efficiency and fairness also require that matters once fully and fairly decided should not be relitigated merely because a party desires another bite at the apple. Suffice to quote *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.,* 498 F. Supp.2d 25, 39 (D.D.C. 2007), that "MDL transferee courts should dispose of as many pretrial matters as possible before a case is returned to the trial court."